Aaron Twersky, Esq.
Ilana Neufeld, Esq.
**Twersky PLLC**
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149
atwersky@twerskylaw.com
ineufeld@twerskylaw.com

-and-

Avram E. Frisch, Esq.
**The Law Office of Avram E. Frisch LLC**
1 University Plaza, Suite 119
Hackensack, New Jersey 07601
(201) 289-5352
frischa@avifrischlaw.com

*Attorney for Defendants/Counterclaim Plaintiffs*

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

---------------------------------------------------------------------------------x
**1735 JERSEY AVE LLC,**

                        Plaintiff/Counterclaim Defendant,

            -against-                                          Docket No.:
                                                    3:24-cv-06168

**LUXE LIVING DESIGN, LLC**
**and CHAIM S. TREITEL,**

                                                            **ANSWER**
                   Defendants/Counterclaim Plaintiffs.
---------------------------------------------------------------------------------x

       Defendants/Counterclaim Plaintiffs Luxe Living Design, LLC and Chaim S. Treitel ("Defendants/Counterclaim Plaintiffs"), by and through their attorneys, Twersky PLLC, as and for their Answer, Affirmative Defenses and Counterclaims ("Answer") to Plaintiff/Counterclaim Defendant 1735 Jersey Ave LLC's Complaint, dated May 15, 2024 ("Complaint"), state as follows:

1

## JURISDICTION AND VENUE

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint, but defer all legal conclusions to the Court.

2. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Admit the truth of paragraph 3 of the Complaint.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint, but admit that Guarantor is domiciled in New York.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the Complaint, but defer all legal conclusions to the Court.

## PARTIES

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7. Admit the truth of paragraph 7 of the Complaint.

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint. Admit the truth of paragraph 8 of the Complaint.

## GENERAL ALLEGATIONS

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, but aver that the documents speak for themselves.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, but aver that the documents speak for themselves.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, but admit that Defendants/Counterclaim Plaintiffs were represented by counsel in connection with the negotiation and execution.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, but aver that the documents speak for themselves.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, but aver that the documents speak for themselves.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, but aver that the documents speak for themselves.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 18 of the Complaint.

19. Deny the truth of each and every allegation set forth in paragraph 19 of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, but aver that the documents speak for themselves.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, but aver that the documents speak for themselves.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint, but aver that the documents speak for themselves.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, but aver that the documents speak for themselves.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, but admit that Tenant timely remitted the Initial Security Deposit.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, but aver that the documents speak for themselves.

26. Deny the truth of each and every allegation set forth in paragraph 26 of the Complaint.

Case 3:24-cv-06168-MAS-JTQ   Document 9   Filed 07/22/24   Page 5 of 20 PageID: 20

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31. Deny the truth of each and every allegation set forth in paragraph 31 of the Complaint.

32. Deny the truth of each and every allegation set forth in paragraph 32 of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 33 of the Complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 34 of the Complaint.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth in paragraph 35 of the Complaint.

36. Deny the truth of each and every allegation set forth in paragraph 36 of the Complaint.

### FIRST COUNT
**(Breach of the Lease against Tenant)**

37. In response to paragraph 37 of the Complaint, Defendants/Counterclaim Plaintiffs repeat and re-allege each and every response contained in paragraphs 1 through 36 of this

Answer, as if set forth in their entirety.

38. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint.

39. Deny the truth of each and every allegation set forth in paragraph 39 of the Complaint.

40. Deny the truth of each and every allegation set forth in paragraph 40 of the Complaint.

41. Deny the truth of each and every allegation set forth in paragraph 41 of the Complaint.

## SECOND COUNT
### (Promissory Estoppel against Tenant)

42. In response to paragraph 42 of the Complaint, Defendants/Counterclaim Plaintiffs repeat and re-allege each and every response contained in paragraphs 1 through 41 of this Answer, as if set forth in their entirety.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the Complaint.

44. Deny the truth of each and every allegation set forth in paragraph 44 of the Complaint.

45. Deny the truth of each and every allegation set forth in paragraph 45 of the Complaint.

## THIRD COUNT
### (Unjust Enrichment against Tenant)

46. In response to paragraph 46 of the Complaint, Defendants/Counterclaim Defendants repeat and re-allege each and every response contained in paragraphs 1 through 45 of

this Answer, as if set forth in their entirety.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50. Deny the truth of each and every allegation set forth in paragraph 50 of the Complaint.

## FOURTH COUNT
### (Breach of Personal Guaranty against Guarantor)

51. In response to paragraph 51 of the Complaint, Defendants/Counterclaim Plaintiffs repeat and re-allege each and every response contained in paragraphs 1 through 50 of this Answer as if set forth in their entirety.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53. Deny the truth of each and every allegation set forth in paragraph 53 of the Complaint.

54. Deny the truth of each and every allegation set forth in paragraph 54 of the Complaint.

55. Deny the truth of each and every allegation set forth in paragraph 55 of the Complaint.

## PRAYER FOR RELIEF

56. Deny the allegations contained in the Wherefore Clause a-d, following paragraph

55 of the Complaint and otherwise deny Plaintiff/Counterclaim Defendant is entitled to any of the relief it seeks herein against Defendants/Counterclaim Plaintiffs.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

57. The Complaint fails to state any legally cognizable claim or cause of action upon which relief can be granted, and should therefore be dismissed.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

58. This Court lacks the necessary jurisdiction over Defendants/Counterclaim Plaintiffs, including without limitation, for lack of proper service and/or improper venue.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

59. Plaintiff/Counterclaim Defendant claims are barred pursuant to the doctrines of "unclean hands" and therefore the Complaint should be dismissed.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

60. Plaintiff/Counterclaim Defendant's claims are barred pursuant to the doctrines of "spoilation of evidence" and therefore the Complaint should be dismissed.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

61. Plaintiff/Counterclaim Defendant's alleged damages were caused entirely or in part through its own culpable conduct, and therefore the Complaint should be dismissed, or in the alternative, Defendants/Counterclaim Plaintiffs seek a reduction in the recovery that may be had by Plaintiff/Counterclaim Defendant in proportion to its culpable conduct and responsibility.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

62. Plaintiff/Counterclaim Defendant's claims are barred pursuant to the doctrine of estoppel and should therefore be dismissed.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

63. Plaintiff/Counterclaim Defendant's Complaint should be dismissed because Plaintiff/Counterclaim Defendant failed to act in a commercially reasonable matter.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

64. Plaintiff/Counterclaim Defendant breached any alleged arrangement or agreement with Defendants/Counterclaim Plaintiffs and/or tortuously interfered with other contracts, and therefore the Complaint should be dismissed.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

65. The allegations in the Complaint are unsupported by the evidence and should therefore be dismissed.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

66. Defendants/Counterclaim Plaintiffs reserve the right to assert any and all other affirmative defenses that become known throughout the course of further discovery and/or investigation in this action.

**COUNTERCLAIMS**

Counterclaim Plaintiffs Luxe Living Design, LLC and Chaim S. Treitel ("Counterclaim Plaintiffs" or "Tenant"), by their attorneys, Twersky PLLC, as and for their Counterclaims against Counterclaim Defendant 1735 Jersey Ave LLC ("Counterclaim Defendant" or "Landlord"), state as follows:

**INTRODUCTION**

67. Counterclaim Plaintiffs bring these Counterclaims to recover monies paid in rent payments and other costs to Counterclaim Defendant relating to a Lease Agreement entered into between the parties.

68. Due to the Landlord's many breaches of the Lease Agreement, specifically relating to the roof of the building, Tenant has been extensively damaged and has been unable to use the building for its stated purpose.

69. Therefore, Tenant brings these Counterclaims to recover actual and punitive damages in an amount to be determined at trial, which is not less than the monetary threshold for diversity jurisdiction.

## PARTIES

70. Counterclaim Plaintiff Luxe Living Design, LLC is a New York limited liability company with its principal place of business in the State of New York.

71. Counterclaim Plaintiff Chaim S. Treitel is a natural person and is domiciled in New York. Treitel is the owner and operator of Luxe.

72. Upon information and belief, Counterclaim Defendant 1735 Jersey Ave LLC is a New Jersey limited liability company with one member, Saadia Holdings LLC, which is a Delaware limited liability company. Saadia Holdings LLC has one member, Joseph Saadia, who is domiciled in New Jersey.

## BACKGROUND AND FACTS

### A. The Lease Agreement

73. On or about October 23, 2023, Tenant and Landlord executed the Lease Agreement, in which Tenant leased a portion of the property located at 1735 Jersey Avenue, North Brunswick, New Jersey ("Premises") ("Lease Agreement"). A true and correct copy of the Lease Agreement is attached as Exhibit A.

74. Tenant intended to use the Premises as a storage warehouse for its business.

75. The Lease Agreement had a commencement date of December 1, 2023, but the

parties later agreed for the Lease Agreement to commence on December 15, 2023.

76. Pursuant to the Lease Agreement, the base rent was $203,939.58 per month ("Base Rent"). Tenant would also be responsible for certain operating expenses and other fees ("Additional Rent").

77. The parties agreed that the Base Rent would not be charged for the first two months of the lease term, and that Tenant would only be responsible to pay the Additional Rent for those months.

78. Upon execution of the Lease Agreement, Tenant paid an initial security deposit of $500,000.00, as well as $250,000.00, equivalent to one month's rent.

79. An additional $300,000.00 deposit was to be paid two months after Tenant took possession of the Premises.

### B. The Roof

80. Because of the condition of the roof of the Premises ("Roof"), under the Lease Agreement it was Landlord's obligation to repair the Roof prior to the commencement of the lease and to maintain a dry space for Tenant.

81. Specifically, Section 2.01 of the Lease Agreement states,

> Prior to the Commencement Date, **Landlord shall repair any and all existing and/or active roof leaks above the Premises so that the Premises are fully dry**. Further, Landlord shall repair the roof as needed and represents that it will (in a timely manner) or has engaged a licensed contractor to do same.

*See* Exhibit A, Lease Agreement, Section 2.01 (emphasis added).

82. Section 2.01 makes clear that Landlord was to deliver a space that was free of leaks in the Roof, and that Landlord would be responsible to repair the Roof "as needed." *See* Exhibit A, Lease Agreement, Section 2.01.

83. Moreover, Section 11.01 of the Lease Agreement speaks further about

maintenance of the Roof, and specifically places the complete responsibility of all Roof repairs on the Landlord for at least the first nine months of the tenancy.

84. This section also places the obligation of any complete Roof replacement on the Landlord and states,

> For the avoidance of ambiguity, ***in the event that the [Premises]'s roof requires replacement at any time throughout the Term, Landlord shall be solely responsible for such replacement***, which replacement shall be deemed a capital improvement consistent and in compliance with section 4.01(h) of this Lease.

*See* Exhibit A, Lease Agreement, Section 11.01 (emphases added).

85. These sections were included in the Lease Agreement in order to induce Tenant to sign the Lease Agreement and use the Premises, without fear of any Roof leaks or problems.

86. However, even on December 12, 2023, there were leaks in the Roof which Landlord promised it was "fixing."

87. Believing Landlord's statements that everything was in order and there were no problems with the Roof or the Premises, on or about December 15, 2024, Tenant began to move items into the Premises.

88. However, upon beginning to move into the Premises, Tenant discovered significant leaks in the Roof and therefore was forced to halt moving into the Premises.

89. Because of the extensive leaking, Tenant was unable to finish moving into the Premises or use it fully.

90. Tenant communicated with Landlord extensively regarding the leaks and the necessity of fixing the Roof, which under the Lease Agreement, was Landlord's sole responsibility. *See* Exhibit A, Lease Agreement, Sections 2.01 and 11.01.

91. Landlord repeatedly promised to fix the Leaks in the Roof, as required under the Lease Agreement, but leaks still persisted.

92. Specifically, on December 20, 2023, Tenant asked Landlord "[w]hat's the plan with the roof . . . [c]overing the le[a]ks for now . . . isn't going to work long term."

93. Again, on January 18, 2024, Tenant notified Landlord of more leaks and asked when the full repairs would be done. Landlord did not respond.

94. On January 28, 2024, Tenant told Landlord, "As of today there are still leaks in the roof and we have not see[n] anyone working in the past week," despite Landlord's assurance that "[w]e signed contract to replace roof already . . . All the roof will be replaced."

95. During this time, Tenant was not able to fully use the Premises as a warehouse and had to continue to use its prior space and pay rent for it.

96. Finally, on or about March 15, 2024, after being assured that the repairs were complete and the Roof was fixed, Tenant resumed moving into the Premises, by putting in shelving and moving more items into the Premises.

97. Accordingly, March was the first month in which Tenant had possession of the Property.

98. However, the Roof was never fully repaired and still today there remain leaks in the Roof of the Premises.

**AS AND FOR A FIRST COUNTERCLAIM**
(Breach of Contract Against 1735 Jersey Ave LLC)

99. Counterclaim Plaintiffs Luxe Living Design, LLC and Chaim S. Treitel repeat and re-allege the allegations previously stated herein, inclusive, with the same force and effect as if set forth at length herein.

100. Counterclaim Defendant 1735 Jersey Ave LLC is a party and signatory to the Lease Agreement, which provides that Counterclaim Defendant, the Landlord, was to deliver the Premises free of leaks in the Roof, to Counterclaim Plaintiff, the Tenant.

101. The Lease Agreement also provides that Counterclaim Defendant had the sole responsibility for all Roof repairs and maintenance.

102. The Lease Agreement is a valid and enforceable contract.

103. As detailed above, Counterclaim Defendant has breached its obligations under the Lease Agreement, by delivering the Premises with leaks in the Roof and failing to properly and fully repair the Roof.

104. As a direct and proximate cause of Counterclaim Defendant's breach of the Lease Agreement, Counterclaim Plaintiff has been damaged and has not been able to use the Premises for its stated purpose.

105. Counterclaim Defendant 1735 Jersey Ave LLC's conduct was unreasonable as it was not in line with industry norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil obligations.

106. By reason of the foregoing, Counterclaim Defendant 1735 Jersey Ave LLC is liable to Counterclaim Plaintiffs Luxe Living Design, LLC and Chaim S. Treitel for actual and punitive damages in an amount to be determined at trial, which is not less than the monetary threshold for diversity jurisdiction.

**AS AND FOR A SECOND COUNTERCLAIM**
(Breach of Implied Warranty of Quiet Enjoyment Against 1735 Jersey Ave LLC)

107. Counterclaim Plaintiffs Luxe Living Design, LLC and Chaim S. Treitel repeat and re-allege the allegations previously stated herein, inclusive, with the same force and effect as if set forth at length herein.

108. Counterclaim Defendant 1735 Jersey Ave LLC is a party and signatory to the Lease Agreement, which is a valid and enforceable contract.

109. Implied in the Lease Agreement, was the agreement that Tenant shall have quiet

and peaceful possession of the Premises, and to use the Premises for the purposes for which it was leased.

110.    However, due to the numerous leaks in the Roof of the Premises, and the fact that Landlord has not repaired the Roof fully and properly, Landlord has substantially interfered with Tenant's use of the Premises.

111.    As a direct and proximate cause of Counterclaim Defendant's breach of the implied warranty of quiet enjoyment in the Lease Agreement, Tenant has been denied the use and enjoyment of the Premises, as the Premises have become unsuitable for Tenant's use.

112.    Counterclaim Defendant 1735 Jersey Ave LLC's conduct was unreasonable as it was not in line with industry norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil obligations.

113.    By reason of the foregoing, Counterclaim Defendant 1735 Jersey Ave LLC is liable to Counterclaim Plaintiffs Luxe Living Design, LLC and Chaim S. Treitel for actual and punitive damages in an amount to be determined at trial, which is not less than the monetary threshold for diversity jurisdiction.

**AS AND FOR A THIRD COUNTERCLAIM**
(Fraud in the Inducement Against 1735 Jersey Ave LLC)

114.    Counterclaim Plaintiffs Luxe Living Design, LLC and Chaim S. Treitel repeat and re-allege the allegations previously stated herein, inclusive, with the same force and effect as if set forth at length herein.

115.    Counterclaim Defendant, the Landlord, knowingly and materially misrepresented the condition of the Roof of the Premises, by failing to disclose the many leaks in the Roof and by claiming the Roof would be completely repaired.

116.    These omissions and misrepresentations were made with the intent to deceive

15

Tenant and to induce Tenant into entering the Lease Agreement.

117. Tenant reasonably relied on these omissions and misrepresentations, and ultimately entered into the Lease Agreement because of them.

118. As a direct and proximate cause of Landlord's fraudulent misrepresentations, Tenant was unable to use the Premises for its stated purpose.

119. Counterclaim Defendant 1735 Jersey Ave LLC's conduct was unreasonable as it was not in line with industry norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil obligations.

120. By reason of the foregoing, Counterclaim Defendant 1735 Jersey Ave LLC is liable to Counterclaim Plaintiffs Luxe Living Design, LLC and Chaim S. Treitel for actual and punitive damages in an amount to be determined at trial, which is not less than the monetary threshold for diversity jurisdiction.

## AS AND FOR A FOURTH COUNTERCLAIM
(Violation of the New Jersey Consumer Fraud Act Against 1735 Jersey Ave LLC)

121. Counterclaim Plaintiffs Luxe Living Design, LLC and Chaim S. Treitel repeat and re-allege the allegations previously stated herein, inclusive, with the same force and effect as if set forth at length herein.

122. Counterclaim Defendant is a "person" as defined by N.J. Stat. Ann. § 56:8-1(d).

123. The Lease Agreement and Tenant's tenancy are considered a "sale" as defined by N.J. Stat. Ann. § 56:8-1(e).

124. The lease of the Premises, the Lease Agreement and Tenant's tenancy have been and are the subject of an "advertisement" and "sale" within the definition of N.J. Stat. Ann. § 56:8-1(a) & (e).

125. Counterclaim Defendant has violated the New Jersey Consumer Fraud Act's

prohibition against "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate . . . " N.J. Stat. Ann. § 56:8-2.

126. As part of the fraudulent marketing practices, Counterclaim Defendant, the Landlord, engaged in a pattern and practice of knowingly and intentionally making numerous false representations and omissions of material facts, with the intent to deceive and fraudulently induce reliance by Counterclaim Plaintiff, the Tenant.

127. Specifically, Landlord knowingly and materially misrepresented the condition of the Roof of the Premises, by failing to disclose the many leaks in the Roof and by claiming the Roof would be completely repaired.

128. Tenant entered into the Lease Agreement in order to lease the Premises as a warehouse, and Landlord's deceptive acts, practices and omission were material in Tenant's decision to enter into the Lease Agreement.

129. As a direct and proximate cause of Landlord's fraudulent misrepresentations and marketing practices, Tenant was unable to use the Premises for its stated purpose.

130. Counterclaim Defendant's above-alleged actions constitute deceptive and fraudulent material acts and practices in connection with an advertisement and sale, namely the lease of the Premises.

131. The deceptive and fraudulent acts and practices have directly, foreseeably and proximately caused ascertainable losses to Tenant, in that it cannot use the Premises for its stated purpose as a warehouse and other damages.

132. Counterclaim Defendant's practices were also fraudulent and deceptive because they have caused Counterclaim Plaintiff substantial harm, which is not outweighed by any countervailing benefit to consumers, and is not an injury any consumer itself could have reasonably avoided.

133. Counterclaim Defendant 1735 Jersey Ave LLC's conduct was unreasonable as it was not in line with industry norms, outrageous and wanton as to evince a high degree of moral turpitude, and reckless so as to imply a deliberate indifference to civil obligations.

134. By reason of the foregoing, Counterclaim Defendant 1735 Jersey Ave LLC is liable to Counterclaim Plaintiffs Luxe Living Design, LLC and Chaim S. Treitel for actual and punitive damages in an amount to be determined at trial, which is not less than the monetary threshold for diversity jurisdiction.

135. In addition to actual and punitive damages, Counterclaim Plaintiff is also entitled to treble damages, reasonable attorneys' fees, filing fees and reasonable costs of suit pursuant to N.J. Stat. Ann. § 56:8-19.

**WHEREFORE**, Defendants/Counterclaim Plaintiffs Luxe Living Design, LLC and Chaim S. Treitel respectfully request:

A. For the Answer and Affirmative Defenses, that the Court dismiss the Complaint filed in this action in its entirety and grant Defendants/Counterclaim Plaintiffs costs, disbursements, attorneys' fees and expenses relating to the action;

B. For the First Counterclaim, Breach of Contract against Plaintiff/Counterclaim Defendant 1735 Jersey Ave LLC, Plaintiff/Counterclaim Defendant is liable to Defendant/ Counterclaim Plaintiffs Luxe Living Design, LLC and Chaim S. Treitel for actual and punitive damages in an amount to be determined at trial, which is not less than the

monetary threshold for diversity jurisdiction, plus interest, costs and expenses of this action;

C. For the Second Counterclaim, Breach of Implied Warranty of Quiet Enjoyment against Plaintiff/Counterclaim Defendant 1735 Jersey Ave LLC, Plaintiff/Counterclaim Defendant is liable to Defendant/Counterclaim Plaintiffs Luxe Living Design, LLC and Chaim S. Treitel for actual and punitive damages in an amount to be determined at trial, which is not less than the monetary threshold for diversity jurisdiction, plus interest, costs and expenses of this action;

D. For the Third Counterclaim, Fraud in the Inducement against Plaintiff/Counterclaim Defendant 1735 Jersey Ave LLC, Plaintiff/Counterclaim Defendant is liable to Defendant/Counterclaim Plaintiffs Luxe Living Design, LLC and Chaim S. Treitel for actual and punitive damages in an amount to be determined at trial, which is not less than the monetary threshold for diversity jurisdiction, plus interest, costs and expenses of this action;

E. For the Fourth Counterclaim, Violation of the New Jersey Consumer Fraud Act against Plaintiff/Counterclaim Defendant 1735 Jersey Ave LLC, Plaintiff/Counterclaim Defendant is liable to Defendant/Counterclaim Plaintiffs Luxe Living Design, LLC and Chaim S. Treitel for actual and punitive damages in an amount to be determined at trial, which is not less than the monetary threshold for diversity jurisdiction, as well as treble damages, reasonable attorneys' fees, filing fees and reasonable costs of suit pursuant to N.J. Stat. Ann. § 56:8-19; and

F. Awarding Defendants/Counterclaim Plaintiffs Luxe Living Design, LLC and Chaim S. Treitel such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 22, 2024

                                **TWERSKY PLLC**

By: _____
      Aaron Twersky, Esq.
      Ilana Neufeld, Esq.
      747 Third Avenue, 32nd Floor
      New York, New York 10017
      (212) 425-0149
      atwersky@twerskylaw.com
      ineufeld@twerskylaw.com

*-and-*

**THE LAW OFFICE OF
AVRAM E. FRISCH LLC**

By:   /s/ Avram E. Frisch_____
      Avram E. Frisch, Esq.
      1 University Plaza, Suite 119
      Hackensack, New Jersey 07601
      (201) 289-5352

*Attorneys for Defendants/Counterclaim
Plaintiffs Luxe Living Design, LLC
and Chaim S. Treitel*