

jozarow@clarkguldin.com
*Reply to: MONTCLAIR*
*Direct Dial: 973-604-3200*

October 31, 2024

**VIA PACER**

Honorable Justin T. Quinn, U.S.M.J.
United States District Court
 for the District of New Jersey
402 East State Street
Trenton, NJ  08608

      Re:    *1735 Jersey Ave LLC v. Luxe Living Design, LLC, et al.*
                  **Case No. 3:24-cv-06168-MAS-TJB**

                  *1735 Jersey Ave LLC v. Luxe Living Design, LLC*
                  **Civil Action No. 3:24-cv-06175-MAS-TJB**

Dear Magistrate Judge Quinn:

As you are aware, this firm represents 1735 Jersey Ave LLC ("Landlord") in the above-referenced actions.  I write further to the request of Luxe Living Design, LLC and Chaim Treitel (collectively, "Defendants") for another extension of time to post a Court-ordered bond in the amount of $350,000 (the "Bond").  For the reasons set forth herein, Landlord objects to any further extension of time to post the Bond.

Landlord will not belabor the history here other than to note that (i) Defendants were aware that the Bond was required to be posted since early October and (ii) Your Honor denied Defendants' previous request for an extension to post the Bond and, by Order dated October 23, 2024[1] issued an order on October 23, 2024 that the Bond was required to be posted no later than October 30, 2024 and further provided "[n]o further extensions will be granted." Defendants' latest request provides substantially more detail than their prior submission to the Court, suggesting that Defendants did not treat the Court's prior orders to post the Bond with the gravity they should have.

---

[1] Defendants' letter inaccurately recites the date of the Order is October 28, 2024. Landlord does not know whether this is a typographical error or a deliberate misstatement of fact.

Honorable Justin T. Quinn, U.S.M.J.
October 31, 2024
Page 2

Moreover, recent discussions between the parties further underscore the need for a bond.[2]  Specifically, it has come to Landlord's attention that Defendants may not have procured the requisite insurance required by the parties' lease.  Defendants have not yet responded to Landlord's oral <u>and</u> written request to confirm that it has the requisite insurance—the absence of which is potentially dire.

Landlord appreciates Your Honor's calendar and does not wish to burden the Court with further repeated correspondence on trivial issues.  However, Landlord felt compelled to respond to Defendants' request for the reasons outlined herein.  Thank you for your courtesies and attention to this matter.

Respectfully submitted,

/s *Jonathan Ozarow*

Jonathan A. Ozarow

---

[2] These discussions occurred in connection with discussions concerning ongoing rent to be paid by Defendants as ordered by the Court.  Landlord will be deliberately opaque in this letter due to substance of discussions, but can provide further detail should Your Honor believe it would be helpful.