

November 1, 2024

**Via ECF**

Hon. Justin T. Quinn, U.S.M.J.
District of New Jersey
402 E State Street
Trenton, New Jersey 08609

                                  **Re:**   *1735 Jersey Ave LLC v. Luxe Living Design, LLC*
                                                **Case No. 3:24-cv-06175**

                                               *1735 Jersey Ave LLC v. Luxe Living Design, LLC et al.*
                                               **Case No. 3:24-cv-06168**

Dear Judge Quinn,

      I am an attorney with the law firm of Twersky PLLC, counsel for Defendant Luxe Living Design, LLC ("Defendant" or "Tenant") in the captioned matter. I respectfully submit this letter pursuant to Your Honor's Text Order dated October 23, 2024, regarding a renewed schedule for the preliminary injunction briefing and an agreed upon amount of rent to be paid (D.E. 31).

      As an initial matter, Plaintiff would not agree to file a joint letter, as directed to by the Court, and filed his own letter under seal this morning.[1] Accordingly, Defendants now file their own letter as well.

      The parties have agreed on the following schedule: Plaintiff will file its supplemental briefing on or before November 13, 2024 and Defendants will file their reply briefing on or before December 6, 2024.

      Regarding rent, Defendants are prepared to pay $165,000.00 in rent each month, paid on the 15th of the month, until completion of the roof repair or until we vacate the property. The rent payment of $165,000 for October was paid today. This reduction in rent is proper, because the roof is still leaking and causing damage to Defendants, and because of the immense damages already sustained by Defendants, from the defective roof and Plaintiff's improper self-help.

      This number is a fair amount of rent to be paid until the roof is repaired. As the Court is aware, the roof is still not fixed and no repairs have begun. We are fast approaching the winter season and Plaintiff has not shown any good faith effort to replace or fix the roof. Although yesterday, Plaintiff, for the first time, claimed that a contract for the roof repair has been signed, Plaintiff still refuses to show Defendants the signed contract or confirm a timeline for the repair,

---

[1]    Why Plaintiff's letter was filed under seal is unclear to Defendants.

747 Third Avenue • 32nd Floor • New York, New York 10017
Tel: 212-425-0149 • Fax: 212-355-5009 • www.twerskylaw.com

Hon. Justin T. Quinn, U.S.M.J.
November 1, 2024
Page 2

even after requests for a copy of the contract. There is simply no trust between the parties, as Plaintiff has made similar representations and promises regarding the roof's repair for months and years already (since January 2023), beginning even before Defendants moved into the space. Plaintiff has had ample opportunity to make a good faith effort to repair the roof and has simply refused. Defendants do not believe the Plaintiff will ever actually replace the roof given the history to date. Accordingly, given the consistent damage to Defendants because of the defective space – and the anticipated damage from snow and freezing temperatures[2] – this represents a fair rent amount.

Additionally, $165,000.00 in rent is warranted because of Plaintiff's resorting to self-help and locking Defendants out of the premises for three days. Defendants' business was severely harmed by this unwarranted and unlawful activity.

During the meet and confer between Plaintiff and Defendants regarding a rent amount, and subsequent email correspondence and negotiations, Plaintiff refused to state a firm rental amount, instead repeatedly stating that it must be an amount between $185,000.00 and $248,000.00. Plaintiff refused to counter Defendants' suggestion of $165,000.00. At this point the parties are at an impasse. Defendants believe $165,000.00 is a fair amount of rent to be paid each month until the roof is repaired or until we vacate the property and have already paid the October rent today. Defendants will continue to pay this amount monthly, beginning on November 15, 2024, as we have paid min-month each month to date.

Thank you in advance for Your Honor's consideration.

Respectfully yours,

Aaron Twersky, Esq.

cc:    All Counsel (via ECF)

---

[2] Defendants have consulted with several roofers who have advised that damage from the roof leaks will be harsher in the winter months, when snow and rain are likely to freeze and unfreeze, putting the roof in further disrepair.