**CLARK GULDIN**
Attorneys At Law
20 Church Street – Suite 15
Montclair, New Jersey 07042
(973) 707-5346 (ph)
(973) 707-7631 (fax)
*Attorneys for Plaintiff 1735 Jersey Ave LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **1735 JERSEY AVE LLC,**<br><br>Plaintiff,<br><br>vs.<br><br>**LUXE LIVING DESIGN, LLC and CHAIM S. TREITEL,**<br><br>Defendants. | Document Electronically Filed<br><br>Civil Action No.: 3:24-cv-06168-MAS-JTQ<br><br>**RULE 26(f) REPORT AND DISCOVERY PLAN** |

1. Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

   Jonathan A. Ozarow, Esq.
   Clark Guldin Attorneys at Law
   20 Church St. Suite 15
   Montclair, New Jersey 07042
   Phone: (973) 604-3200
   Fax: (973) 604-3201
   *Attorneys for Plaintiff 1735 Jersey Ave LLC*

   Aaron Twersky, Esq.
   Ilana Neufeld, Esq.
   Twersky PLLC
   747 Third Avenue, 32nd Floor
   New York, New York 10017
   Phone: (212) 425-0149

   -and-

   Avram E. Frisch, Esq.
   The Law Office of Avram E. Frisch LLC
   1 University Plaza, Suite 119
   Hackensack, New Jersey 07601

Phone: (201) 289-5352
Fax: (866) 883-9690
*Attorneys for Defendants Luxe Living Design, LLC and Chaim S. Treitel*

2. Set forth a brief description of the case, including the causes of action and defenses asserted.

   Plaintiff's position:  This action arises out of a warehouse lease (the "Lease") by and between Plaintiff, 1735 Jersey Ave LLC ("Landlord"), and Defendant, Luxe Living Design, LLC ("Tenant").  Since the Lease's commencement, Tenant materially breached the Lease by failing to pay rent and additional rent as required under the Lease.  Tenant commenced this action seeking to recover damages arising out of Tenant's failure to pay all sums due and the Lease and, in the alternative, sought to recover under quasi-contract theories of recovery.  Defendant, Chaim S. Treitel ("Guarantor"), executed a guaranty in connection with the Lease (the "Guaranty").  Accordingly, Landlord seeks recovery against Guarantor for breach of the Guaranty.  Since commencing this action, Landlord learned that Tenant materially breached the Lease by failing to procure the insurance required by the Lease.

   Defendants' interposed counterclaims against Landlord alleging that the roof over the premises it leased was leaking, which Defendants claim is a basis for withholding rent and entitles them to affirmative relief.  Landlord denies these claims.  Moreover, even if Defendants sustained any actual damages, the insurance that Defendants was obligated to procure would have covered these purported damages.  Moreover, any damages that Defendants may have sustained would be far less than the amounts presently due under the Lease, and which continue to accrue.  Defendants also interposed a claim under New Jersey's Consumer Fraud Act, which is inapplicable to the case at bar as Defendants are "sophisticated parties" to whom this does not apply.

   Defendants' position:  Plaintiff/Landlord 1735 Jersey Ave LLC has been in material breach of the lease agreement ("Lease") since before Defendant/Tenant Luxe Living Design, LLC moved into the Premises.  The Lease required Landlord to fix and replace the roof of the Premises ("Roof") before Defendant moved in.  However, Landlord never fixed or replaced the Roof.  Instead, to induce Defendant to move into the Premises, Plaintiff misrepresented that the Roof had been repaired and would no longer leak.  This was untrue.  Now, the Roof leaks every time there is inclement weather.  As a result, Defendant has suffered immense damages due to the faulty and leaking Roof.  Accordingly, Defendant filed counterclaims against Plaintiff, for breach of contract, breach of implied warranty of quiet enjoyment, fraud in the inducement and violation of the New Jersey Consumer Fraud Act.  To obfuscate the Plaintiff's wrongdoing, it now clings to an issue of insurance, however, under the Lease Plaintiff was required to fix the faulty Roof prior to Defendants taking possession.  Moreover, Defendants have obtained the required insurance.

3. Have settlement discussions taken place?                                      Yes __X__ No ____

    The Court has already conducted several settlement conferences with the parties and is familiar with the parties' respective demands.

4. The parties have conferred pursuant to Fed. R. Civ. P. 26(f) by email communication.

5. The parties have exchanged the information required by Fed. R. Civ. P. 26(a)(1), or plan to do so by the time of the initial conference.

6. Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1). N/A

7. The parties have not conducted discovery other than the above disclosures.

8. Proposed joint discovery plan:

    a. Discovery is needed on the following subjects:
        i. Lease negotiation and execution;
        ii. Condition of the Premises;
        iii. Purported Damages from each party;
        iv. Communications between Plaintiff and Defendants;
        v. Plaintiff's amount of damages; and
        vi. Defendants' amount of damages.

    b. Discovery should not be conducted in phases or be limited to particular issues.

    c. Proposed schedule:
        i. Fed. R. Civ. P. 26 Disclosures: December 5, 2024
        ii. E-Discovery conference pursuant to L. Civ. R. 26.1(d): December 20, 2024
        iii. Service of initial written discovery: January 15, 2025
        iv. Motions to amend or to add parties to be filed by: January 31, 2025
        v. Factual discovery to be completed by: April 30, 2025
        vi. Plaintiff's expert report due on: TBD
        vii. Defendant's expert report due on: TBD
        viii. Expert depositions to be completed by: TBD
        ix. Maximum of 25 Interrogatories by each party to each other party.
        x. Maximum of 5 depositions to be taken by each party.
        xi. Dispositive motions to be served within 60 days of completion of discovery.

    d. Set forth any special discovery mechanism or procedure requested.
        i. None.

    e.  A pretrial conference may take place on:                                          TBD

    f.  Trial date:                                                                             TBD
        i.  Jury Trial _____ Non-Jury Trial XXX

9. Do you anticipate any special discovery needs (*i.e.*, videotape/telephone depositions, problems with out-of-state witnesses or documents, etc.)? If so, please explain.

   Yes ___ No XXX

10. Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced?

    Yes ____ No XXX

    If so, how will electronic discovery or data be disclosed or produced? Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11. Do you anticipate entry of a Discovery Confidentiality Order? *See* L. Civ. R. 5.3(b) and Appendix S.

    Yes XXX  No ___

12. Do you anticipate any discovery problem(s) not listed above? Describe.

    Yes _____ No XXX

13. State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (*i.e.*, after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.).

    Yes _____ No XXX

    The parties have tried to informally mediate this case with Judge Quinn but have been unsuccessful.

14. Is this case appropriate for bifurcation?

Yes _____ No XXX

15. An interim status/settlement conference (with clients in attendance) should be held in:

    TBD

16. We do not consent to the trial being conducted by a Magistrate Judge.

17. Identify any other issues to address at the Rule 16 Scheduling Conference.

    None.


s/ *Jonathan A. Ozarow*      Dated: November 20, 2024
Jonathan A. Ozarow, Esq.
**CLARK GULDIN**
**ATTORNEYS AT LAW**
20 Church St. Suite 15
Montclair, New Jersey 07042
Phone: (973) 604-3200
Fax: (973) 604-3201
jozarow@clarkguldin.com

*Attorneys for Plaintiff 1735 Jersey Ave LLC*


s/ *Aaron Twersky*      Dated: November 20, 2024
Aaron Twersky, Esq.
**TWERSKY PLLC**
747 Third Avenue, 32nd Floor
New York, New York 10017
Phone: (212) 425-0149
atwersky@twerskylaw.com

   -and-

s/ *Avram E. Frisch*                      Dated:  November 20, 2024

Avram E. Frisch, Esq.
**THE LAW OFFICE OF**
**AVRAM E. FRISCH LLC**
1 University Plaza, Suite 119
Hackensack, New Jersey 07601
Phone: (201) 289-5352
Fax: (866) 883-9690
frischa@avifrischlaw.com

*Attorneys for Defendants Luxe Living*
*Design, LLC and Chaim S. Treitel*