**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
---------------------------------------------------------------------------------x
**1735 JERSEY AVE LLC,**

                Plaintiff/Counterclaim Defendant,

      -against-                                          Docket No.:
                                                                    3:24-cv-06175

**LUXE LIVING DESIGN, LLC**
**and CHAIM S. TREITEL,**

                Defendants/Counterclaim Plaintiffs.
---------------------------------------------------------------------------------x
**1735 JERSEY AVE LLC,**

                Plaintiff/Counterclaim Defendant,

      -against-                                          Docket No.:
                                                                    3:24-cv-06168

**LUXE LIVING DESIGN, LLC**
**and CHAIM S. TREITEL,**

                Defendants/Counterclaim Plaintiffs.
---------------------------------------------------------------------------------x

                                                  January 3, 2025

**Via ECF**

Hon. Justin T. Quinn, U.S.M.J.
District of New Jersey
402 E State Street
Trenton, New Jersey 08609

Dear Magistrate Judge Quinn,

      Plaintiff/Counterclaim Defendant 1735 Ave LLC ("Landlord") and Defendants/ Counterclaim Plaintiffs Luxe Living Design, LLC and Chaim S. Treitel ("Defendants" or "Tenant") jointly submit this letter, pursuant to the directive given at the December 18, 2024 Telephone Conference and in response to Your Honor's Text Order dated December 18, 2024. At this time, the parties are at an impasse and cannot resolve the matters raised at the Telephone Conference. The parties' respective positions are below.

**Landlord's Position:**[1]

Following Landlord's letter yesterday, the parties engaged in brief email correspondence to try and resolve the rent issue. Landlord offered a further compromise from its position outlined yesterday to have Defendants' escrow the difference in the initial Base Rent and the increased Base Rent for the months of January and February 2015, as well as half of March. Landlord was guided by Your Honor's comments at the last conference in providing this proposal. Moreover, Landlord reviewed Defendants' counterclaim wherein Defendants allege that they took possession of the subject premises on March 15, 2024 and further concede that they were in possession no later than that date. (ECF 9, ¶¶ 96-97.) The plain language of the Lease mandates that the Base Rent increase by 4% on the anniversary of the Lease's Commencement Date. Here, Landlord contends that the Commencement Date is December 15, 2023, while Defendants concede the date is no later than March 15, 2024. While Landlord desires full payment immediately, it was willing to compromise to allow Defendants to escrow the difference during the interim period pending resolution of the dispute as to the Lease's Commencement Date.

In response to Landlord's offer, Defendants proposed to begin paying the increased Base Rent beginning April 2025 and would not escrow the difference in the interim period. Defendants advised that, if Landlord would not agree to that proposal, Defendants would never pay any increased Base Rent during this litigation because, according to Defendants Your Honor "suggested that the escrow the delta for the entire pendency of the matter, which could easily be months or even years, not until April" and that Defendants' offer to "release the entirety of the delta starting April is a huge compromise". Landlord does not believe that Defendants are accurately recalling Your Honor's prior comments, which leads to Landlord's next point.

Landlord feels the need to address Defendants' approach to these negotiations. As Your Honor previously noted, these are relatively minor disputes that should be able to be resolved between the parties and that it behooved the parties to speak with each other, not just send emails. While Landlord has endeavored to take this approach, Defendants' counsel refuses to return phone calls and relies exclusively upon emails as a conduit for negotiations. Landlord believes that Defendants' counsel is bcc'ing his client on all emails and is unnecessarily posturing on these emails to show off for his client, and/or attempting to create a false record and/or create a false record by, among other things, implying Your Honor making various suggestions as to what is an appropriate compromise for these types of situations. Needless to say, none of this is conducive to resolving limited disputes.

Whether it is driven by Defendants, their counsel, or both, the approach taken by Defendants cannot continue. Indeed, time and again, Your Honor has been called on to make a number of calls that Your Honor opined were necessitated because Defendants made take-it-or-leave-it propositions, refused to return phone calls from Landlord's counsel, and have otherwise

---

[1] Landlord is only addressing the issue of rent for the time being. While Defendants raise additional issues regarding the skylights (which the Lease (i) expressly requires Defendants to maintain and (ii) expressly provides were accepted by Defendants in their "as is" condition), as well the bond currently in place, those issues are not appropriate for purposes of this letter.

taken positions that were without any basis in fact and/or in law. This is unfair to Your Honor, who must now dedicate time and resources to resolve disputes even after (i) heavily telegraphing his expectations of the parties and (ii) suggestions for reasonable compromises for all disputes. It is also prejudicial to Landlord who is forced to deal with an obstreperous adversary who either outlandish demands from the outset of all negotiations (such as demanding a confession of personal judgment as a condition for discussions) and then "compromises" by removing this inappropriate demand in exchange for unwarranted concessions from Landlord or simply makes take-it-or-leave-it offers that no reasonable person would believe is acceptable. In all events, these repeated disputes should not be attributed to both parties.

**Defendants/Tenant's Position:**

What should have been a simple status letter to the Court regarding monthly rent and vacating of the bond, has yet again, turned into a heated battle by Plaintiff/Landlord and its counsel. With every compromise offer and concession made by Tenant, Plaintiff and its counsel have dug in repeatedly, making ad hominem attacks against me personally and the Defendants. And so, we are yet again before the Court trying to work out what should have been a simple issue.

As the Court is aware, the roof has been replaced recently. However, *there are still significant and active leaks in the roof*, which Plaintiff Landlord is aware of. Defendants believe these leaks are coming from the many large skylights in the roof, *which have not been repaired or replaced*. Defendants raised this with Plaintiff on multiple occasions, who has affirmatively stated that it does not intend to fix the skylights or roof area near them, which is the source of the active roof leaks, leading to more damage to Defendants' property. This is obviously very troubling to Defendants. Defendants have repeatedly asked to have their own inspection of the roof and for the skylights to be fully repaired, but have been told by Plaintiff on multiple occasions, no.

In regard to the rental payments going forward, it is Defendants' position that because the Commencement Date of the Lease is in dispute, which goes to the very heart of the matter, the rent amount should not be increased above the original Base Rent amount noted in the Lease, which is $248,000.00. A further increase in rent above the original Lease amount cannot be mandated yet, because the Commencement Date, which triggers the increase, is in dispute and because the roof has intentionally still not yet been completely and fully repaired by Plaintiff.

Defendants also believe that because full rent in the amount of $248,000.00 is being paid, the bond currently in place should be vacated and released, as there is no longer a need for it. Defendants have raised this issue with Plaintiff and with the Court at the last Conference, but Plaintiff refuses to consent to vacate the bond and unilaterally declared it will not discuss this issue now.

However, even given all of this, Defendants are still prepared to offer the following compromise proposal: Defendants will continue to pay the full Base Rent of $248,000.00 until the April 7, 2025 rent payment is due. Beginning on April 7, 2025 – which is the first rental payment after the first anniversary since Defendant has been occupying the Property fully (albeit

with water damage) – Defendants will deposit the monthly 4% increase in the Base Rent in escrow with the Court during the pendency of this matter and until the Commencement Date has been decided. Defendants have offered this compromise position precisely because they are taking direction from the Court, which suggested at the last conference to work with Plaintiff to resolve disputes. Putting the increase in Base Rent in escrow with the Court is exactly what the Court suggested Tenant do.

While I do not want to burden the Court with anything other than the factual issues before it, I must respond and correct the record regarding some of the inaccuracies and falsehoods contained in Landlord's position above. At every step of the way during this case, and throughout these negotiations, Defendants have endeavored to take direction from Your Honor and propose what they view as fair and compromise positions. However, time and time again, we get nothing of the sort from the other side. Plaintiff and its counsel use each opportunity to smear me personally, and make every situation hostile and adversarial. Landlord's counsel claims I refuse to speak to him on the phone, which is not only false but beyond petty to raise with the Court. I have called him many times and left voicemails each time. I do not make "take it or leave it" proposals, nor have I "created a false record." I have tried to negotiate in good faith, in order to fairly represent my clients and to resolve the matter. To suggest otherwise is simply disrespectful to the Court and to me personally. I do not intend on addressing the other false allegations stated by Plaintiff above out of respect for the Court.

Thank you in advance for Your Honor's understanding.

                                                Respectfully yours,

\_/s/ Jonathan A. Ozarow\_\_\_\_\_                  \_/s/ Aaron Twersky_____
Jonathan A. Ozarow, Esq.                          Aaron Twersky, Esq.