

Mail: P. O. Box 5231, Princeton, NJ 08543-5231
212 Carnegie Center, Suite 400
Princeton, NJ 08540
Tel (609) 896-3600  Fax (609) 896-1469
www.foxrothschild.com

R. JAMES KRAVITZ
Direct No:  609.895.3316
Email: RKravitz@FoxRothschild.com
Certified by the Supreme Court of New Jersey as a Civil Trial Attorney

June 4, 2025

**_VIA ECF_**
Hon. Justin T. Quinn, U.S.M.J.
United States District Court District of New Jersey
402 E. State Street
Trenton, New Jersey 08609

**Re:    PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC
vs. Luxe Living Design, LLC
Civil Action No.: 3:24-cv-06175-MAS-JTQ**

**1735 Jersey Ave LLC and PPREF/TP North Brunswick Industrial LLC, as assignee
of 1735 Jersey Ave LLC vs. Luxe Living Design, LLC, et al.
<u>Civil Action No.: 3:24-cv-06168-MAS-JTQ</u>**

Dear Judge Quinn:

Pursuant to Your Honor's Text Orders, dated March 28, 2025 and May 28, 2025, this joint
letter is submitted by plaintiff, PPREF/TP North Brunswick Industrial LLC, as assignee of 1735
Jersey Ave LLC ("PPREF"), 1735 Jersey Ave LLC ("1735 Jersey Ave"), and Luxe Living Design,
LLC ("Luxe Living"). As Your Honor will recall, this matter involves claims and counterclaims
regarding a commercial lease for property located in North Brunswick, New Jersey.

**1.    PPREF'S POSITION:**

During the pendency of this action, PPREF (the current landlord) purchased the property
located at 1735 Jersey Avenue, North Brunswick, New Jersey, which includes the leasehold
premises (the "Leasehold Premises") at issue in the above-referenced matters. On March 28, 2025,
the Court executed the Consent Order substituting PPREF for 1735 Jersey Ave (the prior
landlord/seller) with respect to all claims asserted by 1735 Jersey Ave. *See* ECF Nos. 62 and 64.
The tenant, Luxe Living, filed counterclaims, which remain solely against 1735 Jersey Ave LLC.
*See* ECF Nos. 62 and 64. At Luxe Living's request, the Court administratively terminated both
actions to provide the parties with time to resolve the dispute. *See* ECF No. 59.

Luxe Living claims that because there were "leaks in the roof" (which have since been
repaired), its rent rate per square foot should be reduced during the period of time that the roof was



Hon. Justin T. Quinn, U.S.M.J.
United States District Court
June 4, 2025
Page 2

leaking.[1] *See* ECF No. 53. However, the Lease, at Section 16.03, specifically limits Luxe Living's damages "to the degree, if any, to which Tenant's use of the Premises is impaired." As Luxe Living appears to have managed the leaks through the use of tarps and trash cans to catch the water, it appears to have been able to use the entirety of the Leasehold Premises, thereby mitigating its alleged damages.

All that remains is relatively minor damage claims for an alleged lockout over a long weekend by PPREF's predecessor (1735 Jersey Ave). PPREF is eager to resolve this matter with Luxe Living as, unlike its predecessor, it has no contentious history with Luxe Living. Hence, PPREF's counsel promptly set up a telephonic meeting with Luxe Living's counsel to gain a better understanding of Luxe Living's damage claims. The meeting was productive, and several narrowly tailored documents requests were made over a month ago. On June 4, 2025, Luxe Living provided some documents, which PPREF has not yet had a chance to review as of the filing of this letter.

Also of concern is the fact that despite being ordered to pay full rent as of January 7, 2025 (*see* ECF Nos. 46 and 49[2]) Luxe Living has shorted its monthly rent payments by failing to pay the full amount of CAM charges that are due and owing.[3] The arrearages total $2,746,185.41. Luxe Living disputes the CAM charges.

PPREF requests that this matter be reinstated to the active docket while the parties continue settlement discussions.

---

[1] Shortly after purchasing the property containing the Leasehold Premises, Luxe Living advised PPREF that there were still several skylights that were leaking. PPREF promptly repaired the skylights and is of the belief that the Leasehold Premises is currently water-tight.

[2] The Court's Text Order provides: "The Court has reviewed the recent correspondence relating to Plaintiff having completed the roof work. Plaintiff's request that Defendant begin remitting 'full rent' is granted. Pursuant to the Court's prior Order (filed on 11/7/2024), Defendant shall continue making 'monthly installments... on the 7th of each month,' but ***starting January 7, 2025, the payments shall increase to full rent***. So Ordered by Magistrate Judge Justin T. Quinn on 12/13/2024. (eh,) (Entered: 12/13/2024)." ECF Nos. 46 and 49 (emphasis added).

[3] Luxe Living has paid the full base rent, which increased during the course of this litigation.



Hon. Justin T. Quinn, U.S.M.J.
United States District Court
June 4, 2025
Page 3

**2.      1735 JERSEY AVE'S POSITION:**

1735 Jersey Ave remains in this dispute solely due to Luxe Living's counterclaim alleging that 1735 Jersey Ave violated New Jersey's Consumer Fraud Act (the "CFA") in connection with negotiations and execution of the lease agreement that is the foundation of this action (the "Lease"). Even if Luxe Living's CFA claim were not barred by the Lease's express language (it is) or if Luxe's allegations were meritorious (they are not), the CFA does not apply to this type of transaction. Among other things, the CFA cannot be invoked by a sophisticated party who receives legal or expert assistance in connection with the offending transaction. Here, the transaction is a warehouse Lease for 200,000 square feet of space, which is not "merchandise" in the context of the CFA. Moreover, Luxe Living was represented by two different law firms in connection with Lease negotiations. Thus, under any calculus, Luxe Living's CFA claim cannot be sustained as a matter of law. On September 27, 2024, 1735 Jersey Ave provided a Rule 11 Notice to Luxe Living Design demanding that Luxe Living withdraw its cause of action. Luxe Living refused. 1735 Jersey Ave wishes to make a dispositive motion to dismiss Luxe Living's CFA claim, as well a related motion for sanctions.

**3.      LUXE LIVING'S POSITION:**

In its Text Order dated March 28, 2025, the Court directed that the parties "file a joint letter advising whether a settlement had been reached." *See* D.E. 61, Text Order. While a final settlement has not yet been reached, settlement discussions between the parties have been ongoing and are still actively being pursued. Although the Court did not order the parties to proffer substantive arguments regarding the merits of the case, Luxe Living will briefly respond to the points brought up by the other parties above.

Luxe Living disputes all of Plaintiff's assertions in this letter. Plaintiff claims that there were mere "leaks in the roof," however, this claim is completely false. As has been noted and proven in this case already, there were significant holes and leaks in the roof when Luxe Living moved into the Property. As Luxe Living's counterclaims extensively allege, the roof was badly damaged and heavily leaking. Plaintiff was supposed to replace the roof entirely and intentionally misrepresented that it was fixed, when it was not. This led Luxe Living to incur significant damage. Defendants' counterclaims include breach of contract, breach of the implied warranty of quiet enjoyment, fraud in the inducement and violations of the New Jersey Consumer Fraud Act. These claims are real and viable. The substitution of PPREF in place of 1735 Jersey Ave, does not diminish the damages caused to Luxe Living.



Hon. Justin T. Quinn, U.S.M.J.
United States District Court
June 4, 2025
Page 4


As Plaintiff notes, there have been multiple productive and hopeful settlement discussions between PPREF and Luxe Living. Luxe Living has provided PPREF and 1735 Jersey Ave with ample documentation relating to its claims for damages and have fully cooperated in the process. Included in the production were breakdowns of additional costs and damages incurred due to the illegal lockout and damage caused by the leaking roof, including the added cost of extra labor, use of additional trucks, additional storage spaces and lost orders, as well as the diminished value of the warehouse space. Luxe Living also provided proof of the wires it sent to its previous landlord for additional rent, due to not being able to fully move into the Property initially.

Lastly, Luxe Living has been paying full rent since the Court's order dated December 13, 2024. However, Luxe Living disputes the amount of the increase in the CAM charges, because the roof repairs have been included in the CAM charge, which goes to the ultimate issue of the matter.

Accordingly, Defendant requests that the matter be moved to the active docket while settlement discussions continue.


(SIGNATURES ARE ON THE NEXT PAGE)



Hon. Justin T. Quinn, U.S.M.J.
United States District Court
June 4, 2025
Page 5


Respectfully submitted,

**FOX ROTHSCHILD LLP**
*Attorneys for PPREF/TP North Brunswick Industrial LLC,*
*as assignee of 1735 Jersey Ave LLC*

By:    <u>*s/ R. James Kravitz*</u>
       R. James Kravitz, Esq.



**CLARK GULDIN ATTORNEYS AT LAW**
*Attorneys for 1735 Jersey Ave LLC*


By:    <u>*s/ Jonathan Ozarow*</u>
       Jonathan A. Ozarow, Esq.



**TWERSKY PLLC**
*Attorneys for Luxe Living Design, LLC*


By:    <u>*s/ Aaron Twersky*</u>
       Aaron Twersky, Esq.