UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| 1735 Jersey Ave LLC and PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC<br><br>Plaintiff(s),<br><br>v.<br><br>Luxe Living Design, LLC and Chaim S. Treitel<br><br>Defendant(s). | Civil No. 3:24-cv-06168-MAS-JTQ<br><br>Judge Quinn |

AMENDED/SUPPLEMENTAL
JOINT CERTIFICATION[1] OF THE CITIZENSHIP OF THE PARTIES IN DIVERSITY CASES[2]

**PLAINTIFF(S):**

| Party | Type | State(s) of Citizenship |
|---|---|---|
| 1735 Jersey Ave LLC | ☐ Individual[3]<br>☐ Corporation[4]<br>☐ Partnership[5]<br>☒ Limited Liability Company[6] | New Jersey |
| PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC | ☐ Individual<br>☐ Corporation<br>☐ Partnership<br>☒ Limited Liability Company | New York, Colorado, and Maryland |
| | ☐ Individual<br>☐ Corporation<br>☐ Partnership<br>☐ Limited Liability Company | |

In cases where one or more Plaintiffs are partnerships or LLCs, list all partners or members and their citizenship. This space should also be used where there are more than three Plaintiffs.

1735 Jersey Ave LLC is a New Jersey LLC, which is owned entirely by Saadia Holdings, LLC, a Delaware LLC. Saadia Holdings, LLC is owned entirely by Joseph Saadia, an individual domiciled in the State of New Jersey.

PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC, is a Delaware LLC. Its members are PPREF North Brunswick Industrial Investor LLC, a Delaware LLC, and Taconic Jersey Avenue Associates LLC, a Delaware LLC.
PPREF North Brunswick Industrial Investor LLC is owned by PGIM Private Real Estate Operating Partnership L.P., a Delaware LP. PGIM Private Real Estate Operating Partnership L.P.'s partner is PGIM Private Real Estate Fund, Inc., a Maryland corporation with its principal place of business at 2405 York Road, Suite 201, Lutherville Timonium, MD 21093.
Taconic Jersey Avenue Associates LLC is owned by Taconic Jersey Avenue Holdings LLC, a Delaware LLC, which is owned by Taconic Jersey Avenue Principals LLC, a Delaware LLC, which is managed/owned by Charles Bendit and Paul Pariser.
Charles Bendit is an individual domiciled in the State of New York. Paul Pariser is an individual domiciled in the State of Colorado.

**DEFENDANT(S):**

| | | |
|---|---|---|
| Luxe Living Design, LLC | ☐ Individual<br>☐ Corporation<br>☐ Partnership<br>☒ Limited Liability Company | State(s) of Citizenship<br>New York |
| Chaim S. Treitel | ☒ Individual<br>☐ Corporation<br>☐ Partnership<br>☐ Limited Liability Company | State(s) of Citizenship<br>New York |
| | ☐ Individual<br>☐ Corporation<br>☐ Partnership<br>☐ Limited Liability Company | State(s) of Citizenship |

In cases where one or more Defendants are partnerships or LLCs, list all partners or members and their citizenship. This space should also be used where there are more than three Defendants.

> Luxe Living Design, LLC is a New York limited liability company with a sole member, Chaim Treitel. Chaim Treitel is an individual who is domiciled in the State of New York.

**AMOUNT IN CONTROVERSY:**

Amount in controversy, exclusive of interests and costs:[7]   $2,843,993.77

Describe the basis of the calculation of amount in controversy. If the basis of the calculation refers to a "pleading, motion, order or other paper,"[8] include the ECF citation to the record.

> As of July 1, 2025, Defendants owe $2,843,993.77, which includes: (1) $2,270,714.08 in unpaid rent and CAM charges; (2) $228,792.40 for late fees at 7%; and (3) $344,487.29 for interest at 12% per annum. This amount does not include pre/post judgment interest; attorneys' fees; costs, and expenses.

2

3

Pursuant to 28 U.S.C. § 1746 and Fed. R. Civ. P. 11, I certify that the foregoing is true and correct.

s/ Jonathan Ozarow

Appearing on behalf of Plaintiff(s) 1735 Jersey Ave LLC

Date: August 26, 2025

s/ Aaron Twersky

Appearing on behalf of Defendant(s)

Date: August 26, 2025

This form may be replicated as necessary. Additional sheets may be added.

s/ R. James Kravitz

Appearing on behalf of Plaintiff PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC

Date: August 26, 2025

3

---

[1] As of March 14, 2022, the Court has updated its preferences to require that this Joint Certification be executed by the parties and filed in diversity cases within 30 days of the filing of a Notice of Removal, or where the Complaint is initially filed in this Court, 30 days after an answer, other responsive pleading, or motion has been filed.

[2] Parties may not consent to jurisdiction, and federal courts have an independent obligation to address issues of subject matter jurisdiction *sua sponte* and may do so at any stage of the litigation. *Zambelli Fireworks MFG. Co. v. Wood*, 592 F.3d 412, 418 (3d Cir. 2010); *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) ("The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions ' between . . . citizens of different States' where the amount in controversy exceeds $75,000. For over two hundred years, the statute has been understood as requiring complete diversity between all plaintiffs and all defendants, even though only minimal diversity is constitutionally required." (citation omitted)); *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 382 (1998) ("The presence of the nondiverse party automatically destroys original jurisdiction: No party need assert the defect. No party can waive the defect or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." (citation omitted)).

[3] 28 U.S.C. § 1332(a)(1); *McNair v. Synapse Grp. Inc.*, 672 F.3d 213, 219 n.4 (3d Cir. 2012) (citing *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("[M]ere residency in a state is insufficient for purposes of diversity [of citizenship].")).

[4] 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ."); *S. Freedman & Co., Inc. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (explaining that "'[i]n order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business,'" and affirming dismissal of complaint alleging that corporation maintained "a principal place of business," rather than "its principal place of business" (quoting *Joiner v. Diamond M Drilling Co.*, 677 F.2d 1035, 1039 (5th Cir. 1982))). The parties are directed to list the state of incorporation and principal place of business of the corporation.

[5] A partnership, as an unincorporated entity, takes on the citizenship of each of its partners. *Zambelli Fireworks MFG. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citation omitted). The parties are directed to list each partner and its citizenship.

[6] The citizenship of an LLC is determined by the citizenship of each of its members. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015). The parties are directed to list each member and its citizenship.

[7] 28 U.S.C.A. § 1332(a) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . ."); *Auto–Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016) ("[T]he party invoking diversity jurisdiction . . . bears the burden to prove, by a preponderance of the evidence, that the amount in controversy exceeds $75,000." (citing *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 506–07 (3d Cir. 2014))).

[8] 28 U.S.C. § 1446(b)(3).