

Mail: P. O. Box 5231, Princeton, NJ 08543-5231
212 Carnegie Center, Suite 400
Princeton, NJ 08540
Tel (609) 896-3600  Fax (609) 896-1469

www.foxrothschild.com

R. JAMES KRAVITZ
Direct No: 609.895.3316
Email: RKravitz@FoxRothschild.com
Certified by the Supreme Court of New Jersey as a Civil Trial Attorney

September 10, 2025

**_VIA ECF_**
Hon. Justin T. Quinn, U.S.M.J.
United States District Court District of New Jersey
402 E. State Street
Trenton, New Jersey 08609

**Re:    PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC
vs. Luxe Living Design, LLC
Civil Action No.: 3:24-cv-06175-MAS-JTQ**

**1735 Jersey Ave LLC and PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC vs. Luxe Living Design, LLC, et al.
Civil Action No.: 3:24-cv-06168-MAS-JTQ**

Dear Judge Quinn:

Pursuant to Your Honor's Text Orders, dated August 27, 2025, this joint letter is submitted by PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC ("PPREF"), 1735 Jersey Ave LLC ("1735 Jersey Ave"), and Defendants Luxe Living Design, LLC and Chaim S. Treitel ("Luxe Living").

### 1. PPREF'S POSITION:

On August 26, 2025, the Court held a status conference. At the status conference, PPREF informed the Court that in order to engage in a meaningful settlement discussion, PPREF required Luxe Living to provide supporting documentation for its alleged damages. The Court informed Luxe Living to provide the documentation to PPREF.[1]

---

[1] This is the Court's second time ordering Luxe Living to provide supporting documentation for its alleged damages. On January 30, 2025, the Court entered a Text Order, which provided: "[b]y February 28, 2025, Defendant shall provide Plaintiff with a statement of damages and provide all supporting documentation for the alleged damages Defendant has sustained." *See* ECF Nos. 57, 61.



Hon. Justin T. Quinn, U.S.M.J.
United States District Court
September 10, 2025
Page 2

      Despite our numerous requests for Luxe Living's documentation regarding its purported damages, over many months (including a reminder last week) Luxe Living has not provided the specific back-up documents we have requested.  However, on Monday, after we provided Luxe Living's counsel with a draft of this letter, he sent us five wire confirmation slips but failed to provide the other damage documents we requested. Luxe Living's damages theories also conflict with the express terms of the lease and with the documented chronology of events. By way of example, Luxe Living's counsel sent us invoices with discounts to its customers that it attributed to the lockout even though the invoices predated the lockout.  It also seeks to recover increased overhead for a sum certain without any documentation to support it. Most significantly, it seeks to recover hundreds of thousands of dollars for rent paid to the landlord of a prior warehouse lease in Brooklyn, even though the tenant is a different entity that was evicted and operating under a use and occupancy agreement that predated the NJ lease and obligated that former tenant to remain in the property for four months after the lease in our case was signed. Accordingly, PPREF does not believe that it would be productive to conduct a settlement conference until further discovery is conducted.

      PPREF also requests leave to submit a motion to dismiss the eviction action to narrow the issues before the Court and speed up the disposition of this dispute.  We note that although the tenant owes substantial sums, it has been paying most of the rent that is due under the lease in recent months.[2]  PPREF is not willing to dismiss the eviction action with prejudice, but rather, will only do so without prejudice, as is expressly permitted by Federal Rule 41(a).

**2. 1735 JERSEY AVE'S POSITION:**

      1735 desires to bring this action to a close as soon as practicable.  Despite multiple Court Orders and conferences on the issue, Luxe Living continues to withhold documentation sufficient to support its purported damages sustained.  Moreover, the limited documentation and information provided to date does not support the amounts being sought by Luxe Living in this action.   In all events, further settlement discussions are unlikely to be fruitful in 1735 Jersey Ave's view, and 1735 Jersey Ave wishes to proceed with litigation.

      This is a simple breach of contract case involving a commercial lease, which terms are clear and unambiguous.  There is no dispute that (i) the parties reduced their agreement to writing; (ii) Luxe Living was represented by counsel in the lease negotiations and execution and (iii) Luxe Living took possession of the leased premises in December 2023. The largest quantum of damages

---

[2]    Among other short payments, Luxe Living failed to pay the full amount owed for common area maintenance this month.



Hon. Justin T. Quinn, U.S.M.J.
United States District Court
September 10, 2025
Page 3

Luxe Living interposed against 1735 Jersey Ave is a cause of action for violations of New Jersey's Consumer Fraud Act (the "CFA") in connection with negotiations and execution of the lease agreement that is the foundation of this action (the "Lease"). Even if Luxe Living's CFA claim were not barred by the Lease's express language (it is) or if Luxe's allegations were meritorious (they are not), the CFA does not apply to this type of transaction. Among other things, the CFA is inapplicable in transactions where a sophisticated party who receives legal or expert assistance in connection with the offending transaction. Here, the transaction is a warehouse Lease for 200,000 square feet of space, which is not "merchandise" in the context of the CFA as it is not something that is "generally sold to the public at large". Moreover, Luxe Living was represented by two different law firms in connection with Lease negotiations, which resulted in a fifty-nine page lease. Thus, under any calculus, Luxe Living's CFA claim cannot be sustained as a matter of law.

On September 27, 2024, 1735 Jersey Ave provided a Rule 11 Notice to Luxe Living Design demanding that Luxe Living withdraw this cause of action outlining issues noted above. Luxe Living refused to withdraw within the safe harbor. Prior motions was not made as the parties were discussing settlement. As these discussions appear to have been tabled for now, 1735 Jersey Ave wishes to make a dispositive motion to dismiss Luxe Living's CFA claim, as well a related motion for sanctions.

3. **LUXE LIVING'S POSITION:**

On August 26, 2025 the Court held a status conference and ordered that the parties "shall discuss whether they wish to reengage in settlement discussions with the Court." Luxe Living does wish to continue settlement discussions with Plaintiff PPREF and the Court, and to that end, contrary to PPREF and 1735 Jersey Ave's statements, Luxe Living has provided PPREF with many documents in support of its position.

Specifically, on June 4, 2025, Luxe Living sent multiple emails containing numerous documents relating to the damages caused by the lockout, much of which had previously been shared with prior counsel. The documents included a detailed spreadsheet of damages, invoices of refunds and discounts given to customers due to the lockout, invoices for truck rentals and other warehouses needed due to the lockout and because Luxe Living could not move into the Property due to the condition of the roof, and proof of the extra lease payments made by Luxe Living to the landlord of its prior warehouse in Brooklyn, which Luxe Living was required to occupy longer because it was not able to move into the Property due to the condition of the roof. Additionally, on June 5, 2025, Luxe Living sent another email with a second spreadsheet illustrating damages



Hon. Justin T. Quinn, U.S.M.J.
United States District Court
September 10, 2025
Page 4

from the lockout. Furthermore, on September 8, 2025, Luxe Living sent Plaintiff's counsel copies of the actual wire confirmations for the additional monthly rent payments made by Luxe Living for the prior warehouse, for the months of January 2024 through May 2024. Those payments were only necessary due to the landlord's intentional misrepresentations relating to the status of the roof.

It should be noted that contrary to Plaintiff's assertion above, Luxe Living has been paying full rent, with a slight discrepancy relating to the common area maintenance charges, for which our client has engaged with Plaintiff relating to its resolution. Thus, Luxe Living has provided ample supporting documentation to Plaintiff PPREF and to 1735 Jersey Ave and is open to further settlement discussions with Plaintiff, with the Court facilitating the discussions.[3]

Lastly, pursuant to Your Honor's Text Orders, dated August 27, 2025, the Court directed that any party wishing to make a motion, "shall each file a letter, not exceeding three (3) double-spaced pages, explaining the type of motion each seeks to file," and issued a letter briefing schedule, while also directing the parties to separately file a joint letter relating to settlement discussions. It appears that Plaintiffs PPREF and 1735 Jersey Ave are combining both directives into this one joint letter. Accordingly, Luxe Living intends to respond to both Plaintiffs PPREF and 1735 Jersey Ave in due course pursuant to the Court's briefing schedule.

**-Remainder of Page Intentionally Left Blank -**

---

[3] Plaintiff PPREF points to several items of "damage documents [it] requested" and did not receive in its statement above. Luxe Living will not use this joint letter to respond to each claim, other than to inform the Court that it has met and conferred with Plaintiff PPREF countless times, both by phone and email correspondence, explaining the damages calculation. Each time, our explanations are completely disregarded and ignored. At this point, Plaintiff PPREF can only be intentionally ignoring the facts of what transpired prior to it taking ownership of the property so it can gain some perceived litigation leverage that is unwarranted.



Hon. Justin T. Quinn, U.S.M.J.
United States District Court
September 10, 2025
Page 5

**FOX ROTHSCHILD LLP**
*Attorneys for PPREF/TP North Brunswick Industrial LLC,*
*as assignee of 1735 Jersey Ave LLC*

By:     *s/ R. James Kravitz*
        R. James Kravitz, Esq.

**CLARK GULDIN ATTORNEYS AT LAW**
*Attorneys for 1735 Jersey Ave LLC*

By:     *s/ Jonathan Ozarow*
        Jonathan A. Ozarow, Esq.

**TWERSKY PLLC**
*Attorneys for Luxe Living Design, LLC*
*and Chaim S. Treitel*

By:     *s/ Aaron Twersky*
        Aaron Twersky, Esq.