

September 25, 2025

**Via ECF**

Hon. Justin T. Quinn, U.S.M.J.
District of New Jersey
402 E State Street
Trenton, New Jersey 08609

       Re: *1735 Jersey Ave LLC v. Luxe Living Design, LLC*
          Case No. 3:24-cv-06175 and Case No. 3:24-cv-06168

Dear Judge Quinn,

  I am an attorney with the law firm of Twersky PLLC, counsel for Defendant Luxe Living Design, LLC and Chaim Treitel ("Defendants") in the captioned matter. I respectfully submit this letter in accordance with Your Honor's directives given on the telephone conference on August 26, 2025, which directed Defendants to file their Opposition to 1735 Jersey Ave LLC's letter "explaining the type of motion [it] seeks to file and the basis for the motion." *See* Text Order, D.E. 79; D.E. 76.

  In the joint letter filed on September 10, 2025 ("Joint Letter"), 1735 Jersey Ave LLC ("1735 Jersey Ave") stated that it "wishes to make a dispositive motion to dismiss Luxe Living's CFA claim, as well a related motion for sanctions." *See* Joint Letter, D.E. 81, p. 3; D.E. 78, p. 3. If 1735 Jersey Ave files this motion, it will be opposed by Defendants. For the following reasons, it must be denied.[1]

  In the first instance, Defendants filed four counterclaims against 1735 Jersey Ave: breach of contract, breach of implied warranty of quiet enjoyment, fraud in the inducement and violation of the New Jersey Consumer Fraud Act ("CFA"). *See* Answer and Counterclaims, D.E. 9. 1735 Jersey Ave wants to make a motion to dismiss only the violation of the CFA, and states that this claim is barred by

---

[1] If the Court grants leave to 1735 Jersey Ave to file its intended motion, Defendants will respond more comprehensively.

747 THIRD AVENUE • 32ND FLOOR • NEW YORK, NEW YORK 10017
TEL: 212-425-0149 • FAX: 212-355-5009 • WWW.TWERSKYLAW.COM

Hon. Justin T. Quinn, U.S.M.J.
September 25, 2025
<u>Page 2</u>

the Lease. However, this is false and this claim was properly asserted. 1735 Jersey Ave goes on to allege that the "CFA does not apply to this type of transaction." *See* Joint Letter, D.E. 81, p. 3; D.E. 78, p. 3. However, this too is false and any motion brought to dismiss this counterclaim must be denied.

The CFA is in fact applicable here, because 1735 Jersey Ave is a "person" as defined by N.J. Stat. Ann. § 56:8-1(d), the Lease and Defendants' tenancy are considered a "sale" as defined by N.J. Stat. Ann. § 56:8-1(e) and the Lease and Defendants' tenancy have been and are the subject of an "advertisement" and "sale" within the definition of N.J. Stat. Ann. § 56:8-1(a) & (e). As is made clear in the Counterclaims, 1735 Jersey Ave violated the CFA's prohibition against "any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate," by engaging in a pattern and practice of knowingly and intentionally making numerous false representations and omissions of material facts, specifically regarding the Premise's Roof, with the intent to deceive and fraudulently induce reliance by Defendants. *See* N.J. Stat. Ann. § 56:8-2.

Specifically, 1735 Jersey Ave knowingly and materially misrepresented the condition of the Roof of the Premises, by failing to disclose the many leaks in the Roof and by claiming the Roof would be completely repaired. Defendants entered into the Lease in order to use the Premises as a warehouse, and 1735 Jersey Ave's deceptive acts, practices and omission were material in Defendants' decision to enter into it. Due to 1735 Jersey Ave's fraudulent misrepresentations and marketing practices, Defendants were unable to use the Premises for its stated purpose. Therefore, it is clear that 1735 Jersey Ave violated the New Jersey Consumer Fraud Act and a motion to dismiss this counterclaim must be denied.

Additionally, it is unclear what kind of "related motion for sanctions" 1735 Jersey Ave intends to

Hon. Justin T. Quinn, U.S.M.J.
September 25, 2025
<u>Page 3</u>

make. Defendants have not been involved in any sanctionable conduct, and any motion for sanctions will also be vehemently opposed. Accordingly, if 1735 Jersey Ave brings a motion to dismiss and for sanctions, it must be denied.

    Thank you in advance for Your Honor's consideration.

Respectfully yours,

Aaron Twersky, Esq.

cc:    All Counsel (via ECF)