# EXHIBIT 1



Mail: P. O. Box 5231, Princeton, NJ 08543-5231
212 Carnegie Center, Suite 400
Princeton, NJ 08540
Tel (609) 896-3600  Fax (609) 896-1469

www.foxrothschild.com

R. JAMES KRAVITZ
Direct No: 609.895.3316
Email: RKravitz@FoxRothschild.com
Certified by the Supreme Court of New Jersey as a Civil Trial Attorney

November 4, 2025

<u>**VIA EMAIL**</u>
Aaron Twersky, Esq.
Twersky PLLC
747 Third Avenue, 32nd Floor
New York, New York 10017

**Re:**   **PPREF/TP North Brunswick Industrial LLC ("PPREF"), as assignee of 1735 Jersey Ave LLC vs. Luxe Living Design, LLC ("Luxe Living" or "Defendant")**
<u>**Civil Action No.: 3:24-cv-06175-MAS-JTQ**</u>

**1735 Jersey Ave LLC and PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC vs. Luxe Living Design, LLC, et al.**
<u>**Civil Action No.: 3:24-cv-06168-MAS-JTQ**</u>

Dear Mr. Twersky:

We are in receipt of Defendants' untimely responses to PPREF/TP North Brunswick Industrial LLC's First Set of Interrogatories and Request for the Production of Documents. Defendants were served with PPREF's discovery demands on September 22, 2025 and under the Federal Rules of Civil Procedure, their responses were due by October 22, 2025. We received Defendants' responses to Interrogatories on October 31, 2025, and responses to the Requests for Production on October 30, 2025. Defendants' discovery responses are woefully deficient for the following reasons:

### Defendants' Responses to PPREF's First Request for Interrogatories

Defendants' responses to the Interrogatories were not signed by "the person who makes the answers" pursuant to FRCP 33(b)(5). Please provide your client's certification for the Interrogatories.

**Interrogatory No. 1**: This Interrogatory seeks the relationship between ES Signature and Luxe Living, the contracts between the two entities, and identification of their members, managers, and employees from 2022 to the present, and the date of each entity's formation. Defendants objected to this Interrogatory on the basis that it was vague, ambiguous, confusing, overly broad, unduly burdensome, and not relevant and responded that the entities share a "common ownership." Defendants did not fully answer this Interrogatory.

178780655.1



Aaron Twersky, Esq.
November 4, 2025
Page 2

Please withdraw the meritless objection and provide a response regarding the contracts between the entities, each entity's members, managers, and employees from 2022 to the present, and the date each entity was formed. This Interrogatory is relevant to, *inter alia*, Luxe Living's damage claims, because Luxe Living claims the alleged use and occupancy payments it made on behalf of ES Signature are part of its damages. It is further relevant because Luxe Living claims it was required to store equipment in the Brooklyn Warehouse occupied by ES Signature and because Luxe Living appears to be claiming that Luxe Living is ES Signature's alter ego and/or successor.

**Interrogatory No. 2**: This Interrogatory seeks the dates that the inventory, equipment, and/or other property were moved and/or transported from the Brooklyn Warehouse to the New Jersey Warehouse. Defendants objected to this Interrogatory on the grounds that it is vague, ambiguous, confusing, overly broad, unduly burdensome, and irrelevant.

Please withdraw the meritless objection and provide a meaningful response to this Interrogatory. This Interrogatory is relevant to when Luxe Living partially and/or fully occupied the New Jersey Warehouse and Luxe Living's damage claims. Please provide the dates when Defendants took the inventory, equipment, and other property from the Brooklyn Warehouse and moved it into the New Jersey Warehouse.

**Interrogatory No. 3**: This Interrogatory seeks information regarding whether Defendants and/or ES Signature maintained a software system or other system for tracking the movement and/or location of the inventory, equipment, or other property used in the business from October 1, 2023 to the present. Defendants responded "no."

Please provide information as to how Defendants and ES Signature System maintained and tracked the movement and/or location of their inventory, equipment, or other property.

**Interrogatory No. 4**: This Interrogatory seeks information regarding how Luxe Living tracks the movement and/or location of its inventory, equipment, and other property that it rents to its customers and reports used. Defendants objected to this Interrogatory on the grounds that it is vague, ambiguous, confusing, overly broad, unduly burdensome, and irrelevant.

Please withdraw the meritless objection and provide a meaningful response to this Interrogatory. This Interrogatory is relevant to when Defendants moved into the New Jersey Warehouse and Luxe Living's damage claims as a result of the alleged leaky roof.

178780655.1



Aaron Twersky, Esq.
November 4, 2025
Page 3

**Interrogatory No. 6**: This Interrogatory seeks information regarding the trucks and/or vans that Defendant leased or used during its business and payments made for truck rentals between December 15, 2023 and December 14, 2024. Defendants claim that documents responsive to this request have been produced.

Defendant only produced documents during the lockout period and did not produce any information during the period of time immediately before and/or after the lockout that can be used to evaluate whether the truck rentals increased during as claimed by Luxe Living. Please provide the requested information.

**Interrogatory No. 7**: This Interrogatory seeks a description and itemization of each alleged breach of the Lease by the Landlord. Defendants responded "see counterclaims attached."

A party must provide a response to the interrogatory directly and without evasion and providing "see counterclaims" is not a direct response. *See Younes v. 7-Eleven*, 312 F.R.D. 692 (2015) ("Interrogatories must be answered directly and without evasion based on information the party possess after due inquiry."); *Love v. NJ Dept. of Corrections*, 2017 WL 3477864 at *4 (D.N.J. Aug. 11, 2017) ("A responding party . . . must make a reasonable effort to respond [to the interrogatory.]") (citations omitted). Please provide a description and itemization of each alleged breach of the Lease by the Landlord.

**Interrogatory No. 8**: This Interrogatory seeks each and every misrepresentation that Defendants contend were made by Landlord and for each misrepresentation, the date, maker, and recipient of each representation. Defendants responded that "dates and times of these countless misrepresentations have been and will be produced as part of ongoing discovery responses."

Please provide the response to this Interrogatory immediately. As you are aware, paper discovery in this matter ends on December 1, 2025. We require this discovery now in order to move forward in discovery and depositions.

**Interrogatory No. 9**: This Interrogatory seeks when Tenant inspected the property, who performed the inspection, and communications regarding the inspection. Defendants provided information as to when the property was inspected, but did not list each individual who performed the inspections, and communications regarding the inspections, and the results of the inspection. Please provide this information.

**Interrogatory No. 10**: This Interrogatory seeks information on the discounts that were allegedly provided to Luxe Livings customers as the result of the alleged lockout. Defendants responded that documents have been produced responsive to this Interrogatory.



Aaron Twersky, Esq.
November 4, 2025
Page 4

None of the documents in Defendants' production are responsive to this Interrogatory. Defendants have only provided customer invoices of discounts that occurred prior to the purported lockout, not during and after the lockout. Please provide the requested information.

**Interrogatory No. 11**: This Interrogatory seeks a description of Defendant's alleged increased overhead costs and a calculation of the costs. Defendants responded that documents have been produced responsive to this Interrogatory.

None of the documents in Defendants' production are responsive to this Interrogatory. Please provide a description of the overhead costs as well as documents responsive to this Interrogatory.

**Interrogatory No. 12**: This Interrogatory seeks the date that Luxe Living moved into the New Jersey Warehouse. Defendants objected, stating that the move in date is disputed. This objection is nonsensical. Please provide the requested information. During the conference call with the Court on November 3, 2025, Defendant's counsel stated that Defendant moved into 25% of the New Jersey Warehouse by December 15, 2024 and then moved in fully by March 15, 2025. Assuming this representation to the Court was true, then it must be placed in the form of an answer to this Interrogatory.

**Defendants' Responses to PPREF's First Request for the Production of Documents**

**Request No. 1**: This Request seeks all documents referenced in Defendants' responses to the Interrogatories. Defendants responded that the responsive documents are attached. However, as noted above, Defendants did not provide responsive documents to all the Interrogatories. Please provide all responsive documents immediately.

**Request No. 5**: This Request seeks all documents and communications that are relevant to the claims and defenses in this action and that Defendants seek to admit at trial. Defendants responded that they will supplement this response in advance of trial.

Please provide all responsive documents to this Request immediately as fact discovery ends on December 1, 2025.

**Request Nos. 6-8**: This Request seeks documents and communications regarding Defendants' damages claims. Defendants responded that responsive documents are attached.

178780655.1



Aaron Twersky, Esq.
November 4, 2025
Page 5


      As noted above, Defendants did not provide responsive documents to all of their purported damages claims. These documents include tax returns and financial statements, invoices or credit memos, if any, that post-date the lockout, backup documents for Luxe Livings claimed lost orders, documents supported Luxe Living's increased overhead claim, alleged increased rental costs for trucks and documents that pertain to the claim that the rental rate should be reduced by 75% because of the alleged leaks. Defendants' tax returns and financial statements are clearly relevant to Defendants' damage claims and must be produced. Therefore, there is good cause for the production of Luxe Living's financial documents. *See Thomas & Betts v. Richards Mfg. Co.*, 2010 WL 2400151 (D.N.J June 10, 2010) (granting the plaintiff's motion to compel the production of the defendant's financial information because it is relevant to its damages claims). We are willing to enter into a Confidentiality Order regarding this discovery.

**Request No. 9**: This Request seeks documents and communications concerning the alleged overtime Defendants paid its employees as a result of the purported lockout. Defendants responded that documents would be forthcoming. Please provide responsive documents immediately.

**Request No. 10**: This Request seeks documents and communications between Defendants and the Landlord of the Brooklyn Warehouse regarding the rent and use of the Brooklyn Warehouse from January 2022 to the present. Defendants responded that responsive documents are attached.

      None of the documents in Defendants production are responsive to this Request. Please provide responsive documents immediately. In particular, please include documents evidencing the end of Luxe Living's and/or ES Signature's occupancy of the Brooklyn Warehouse.

**Request No. 12**: This Request seeks Defendants EZ Pas records from November 1, 2023 to June 30, 2024. Defendants objected to this Request as vague, ambiguous, confusing, overly broad, unduly burdensome, and irrelevant.

      This Request is relevant because it concerns whether Defendants transported the inventory, equipment, or other property from the Brooklyn Warehouse to the New Jersey Warehouse and is relevant to Defendants' purported damages.

**Request No. 13**: This Request seeks documents pertaining to the transfer of inventory and other materials from the Brooklyn Warehouse to the New Jersey Warehouse. Defendants objected to this Request as vague, ambiguous, confusing, overly broad, unduly burdensome, and irrelevant.

      This Request is relevant because it is relevant to the timing of Defendant's occupancy of the New Jersey Warehouse as it concerns whether Defendants transported the inventory, equipment, or other property from the Brooklyn Warehouse to the New Jersey Warehouse and is

178780655.1



Aaron Twersky, Esq.
November 4, 2025
Page 6

relevant to Defendants' purported damages. Further, it is relevant to establish a timeline of when Defendants moved into the New Jersey Warehouse.

**Request No. 14**: This Request seeks documents concerning the relationship between Luxe Living and ES Signature. Defendants objected to this Request as vague, ambiguous, confusing, overly broad, unduly burdensome, and irrelevant.

This Request is relevant to the claims and defenses in this litigation for the reasons set forth regarding Interrogatory 1. Please provide the requested documents and withdraw the meritless objection.

**Request No. 16**: This Request seeks documents concerning the purported misrepresentations made by the prior Landlord. Defendants responded that responsive documents are attached.

The documents responsive to this Request were not attached to Defendants' production. Please provide responsive documents immediately and cites to each document.

**Request No. 17**:  This Request seeks emails, text messages, and other communications concerning the transfer of the inventory from the Brooklyn Warehouse to the New Jersey Warehouse. Defendants objected to this Request as vague, ambiguous, confusing, overly broad, unduly burdensome, and irrelevant.

This Request is relevant because it establishes when Defendants moved into the New Jersey Warehouse. Please provide documents responsive to this Request.

**Request No. 18**: This Request seeks documents regarding why the New Jersey Warehouse is leased by Luxe Living and not ES Signature. Defendants objected to this Request as vague, ambiguous, confusing, overly broad, unduly burdensome, and irrelevant.

This Request is relevant to Defendant's damage claims. Please provide documents responsive to this Request.

**Request No. 19**: This Request seeks documents and communications with customers that received discounts due to the purported lockout. Defendants responded that responsive documents are attached. However, the only documents produced were invoices containing discounts that predated the lockout.  No credit memos, emails, invoices that post-dated the lockout or other relevant documents were produced.

178780655.1



Aaron Twersky, Esq.
November 4, 2025
Page 7

Documents that are responsive to this Request were not attached to Defendants' production. Please provide responsive documents immediately.

**Request No. 20 and 24**: These Requests seek complaints filed against any entity in which Chaim Treitel owned or owns more than 5% interest during the last seven years and Mr. Treitel's guilty pleas/criminal conventions. Defendants objected to this Request as vague, ambiguous, confusing, overly broad, unduly burdensome, and irrelevant.

This Request is relevant because it goes to Mr. Treitel's credibility. Please provide documents responsive to these Requests.

**Request No. 25**: This Request seeks documents pertaining to judgments entered against Luxe Living and ES Signature during the last ten years. Defendants objected to this Request as vague, ambiguous, confusing, overly broad, unduly burdensome, and irrelevant.

This Request is relevant to establish whether Defendants have used similar conduct with other landlords or entities (i.e., shorting rent payments) and it goes to the credibility of Defendants. Please provide documents responsive to this Request.

**Request No. 26**: This Request seeks inventory reports for Luxe Living and ES Signature between October 1, 2023 and June 1, 2024. Defendants objected to this Request as vague, ambiguous, confusing, overly broad, unduly burdensome, and irrelevant.

This Request is relevant to establish when Defendants moved into the New Jersey Warehouse and when they were able to do business in the New Jersey Warehouse. As outlined above, this is relevant to the claims and defenses in this action. Please provide responsive documents immediately.

\*   \*   \*

Defendants must cure the deficiencies outlined above by November 18, 2025, pursuant to the Court's Text Order, dated November 3, 2025 (ECF Nos. 86 and 89). Please advise of your availability to meet and confer regarding these deficiencies as soon as possible.

Sincerely,

*s/ R. James Kravitz*
R. James Kravitz

cc:   Jonathan Ozarow, Esq.
      Brittany M. Barbet, Esq.

178780655.1