# EXHIBIT 6

Aaron Twersky, Esq.
Ilana Neufeld, Esq.
**Twersky PLLC**
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149
atwersky@twerskylaw.com
ineufeld@twerskylaw.com

-and-

Avram E. Frisch, Esq.
**The Law Office of Avram E. Frisch LLC**
1 University Plaza, Suite 119
Hackensack, New Jersey 07601
(201) 289-5352
frischa@avifrischlaw.com

*Attorney for Defendants/Counterclaim Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

----------------------------------------------------------------------------------x
1735 JERSEY AVE LLC and PPREF/TP NORTH
BRUNSWICK INDUSTRIAL LLC, as assignee of
1735 JERSEY AVE LLC,

                                 Plaintiffs/Counterclaim Defendants,

             -against-                                     Docket No.:
                                                                  3:24-cv-06168

LUXE LIVING DESIGN, LLC
and CHAIM S. TREITEL,

                                 Defendants/Counterclaim Plaintiffs.
----------------------------------------------------------------------------------x

**DEFENDANTS' SUPPLEMENTAL OBJECTIONS & RESPONSES TO
PLAINTIFF PPREF/TP NORTH BRUNSWICK INDUSTRIAL LLC,
AS ASSIGNEE OF 1735 JERSEY AVE LLC'S FIRST
<u>REQUEST FOR THE PRODUCTION OF DOCUMENTS</u>**

      Defendants Luxe Living Design, LLC and Chaim S. Treitel ("Defendants"), by and

through their counsel of record, hereby object and respond to Plaintiff PPREF/TP North

1

Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC's ("Plaintiff") First Request for the Production of Documents, dated September 22, 2025 ("Demands"), as follows:

## GENERAL OBJECTIONS

The following general responses and objections are incorporated into each specific response made below as if set forth therein:

1. Defendants' responses to the Demands herein do not constitute an admission that the documents or information disclosed are relevant or admissible in this case, and Defendants expressly reserve all objections they may have as to the admissibility, competency, relevancy, privilege, or propriety of the documents sought in Plaintiff's Demands.

2. Defendants are conducting a reasonable search for documents and information responsive to Plaintiff's Demands that may be relevant to the issues raised in this lawsuit. Defendants' responses to the Demands herein are based on documents and information presently known to Defendants and their attorneys. Defendants reserve the right to supplement or amend these responses, to make additions, deletions, or substitutions, based on new or additional documents and information, at any time prior to trial.

3. Defendants' responses to the Demands herein should be read in conjunction with, and shall be deemed supplemented by, responsive information set forth in documents produced by Defendants and deposition testimony given by Defendants' witnesses in this case.

4. Defendants object to Plaintiff's Demands herein to the extent they demand documents or information that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the deliberative process and self-critical analysis

privileges, the law enforcement privilege, and/or any other applicable privilege or protection, and Defendants will not disclose such documents or information. Inadvertent production of any document or information that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery shall not constitute a waiver of any such privilege or protection, and such document or information shall be returned to the undersigned attorney along with any copies made thereof, immediately upon discovery by either party.

5. Defendants object to these Demands to the extent they purport to impose requirements that exceed the proper purpose and scope of discovery as set forth in the Federal Rules of Civil Procedure.

6. Defendants object to these Demands to the extent they are vague, ambiguous, confusing, overly broad, unduly burdensome, unreasonably cumulative or duplicative, argumentative, asserted in bad faith or for an improper purpose, assume facts that are inaccurate or lack foundation in the record, mischaracterize Defendants' position, seek the production of documents or information that are neither relevant to a claim or defense nor reasonably calculated to lead to the discovery of admissible evidence, and/or require Defendants to provide an opinion of law or about the application of law to fact.

7. Defendants object to each of these Demands on the ground that they do not identify the item or category of items sought with reasonable particularity.

8. Defendants object to each of these Demands to the extent that they seek documents that are not material and necessary in the prosecution or defense of this action.

9. Defendants object to each of these Demands to the extent that they are vague, ambiguous and/or unclear.

10. Defendants object to each of these Demands to the extent that they are overly broad, burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the party's resources and the importance of issues at stake in the litigation.

11. Defendants object to each of these Demands to the extent that they seek documents that contain information that is recognized as confidential by law and/or would be deemed an unwarranted invasion of Defendants' privacy or the privacy of third parties.

12. Defendants object to each of these Demands to the extent that they assume facts not yet proven.

13. These General Objections apply to and form a part of the Response to each and every specific Demand set forth below. The response to an individual Demand is not a waiver of these General Objections.

**SPECIFIC OBJECTIONS & RESPONSES TO PLAINTIFF'S**
**FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Subject to and without waiving any of the foregoing general objections, Defendants object and respond to Plaintiff's First Request for the Production of Documents:

**DEMAND NO. 1:**

Copies of documents referred or referenced in your responses to interrogatories that you have answered in the above-referenced action.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome. Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents are attached.

**DEMAND NO. 2:**

Copies of documents and Communications containing, reflecting, and/or relating to any admissions or statements made at any time by any individual or entity concerning the subject matter of this Litigation.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome. Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents are attached.

**DEMAND NO. 3:**

Copies of all reports by Your experts and any professional treatises, articles and/or other publications written by your experts.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad, unduly burdensome and premature. Defendants will supplement this response in advance of trial.

**DEMAND NO. 4:**

Documents and Communications relied upon by Your experts in any reports issued in this action.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad, unduly burdensome and premature. Defendants will supplement this response in advance of trial.

**DEMAND NO. 5:**

Documents and Communications that are relevant to the claims and/or defenses in this action,

including any Documents and Communications that you intend to seek to admit or show to any witness at trial.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad, unduly burdensome and premature. Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents are attached.

**DEMAND NO. 6:**

Documents and Communications that support or contradict Your damage claims, including but not limited to back up for those damages, receipts, checks, wire transfer confirmations, invoices, payments, bills, and other documents.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome. Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents are attached.

**DEMAND NO. 7:**

Documents and Communications concerning Your claim that You lost $95,000 in orders.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome. Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents have been produced. Defendants are not in possession of any further documents responsive to this Demand and Plaintiff may ask this at a deposition in this matter.

**DEMAND NO. 8:**

Documents and Communications concerning the discounts You provided Your customers as a result of the lockout.

> **RESPONSE:**
>
> Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome. Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents have been produced. Defendants are not in possession of any further documents responsive to this Demand and Plaintiff may ask this at a deposition in this matter.

**DEMAND NO. 9:**

Documents and Communications concerning the alleged overtime You paid Your employees as a result of the lockout.

> **RESPONSE:**
>
> Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome. Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents have been produced. Defendants are not in possession of any further documents responsive to this Demand and Plaintiff may ask this at a deposition in this matter.

**DEMAND NO. 10:**

Documents and Communications between You and the landlord for the Brooklyn Warehouse, including Documents and Communications regarding rent and/or use and occupancy payments You made from January 2022 to the present.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome. Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents are attached.

**DEMAND NO. 12:**

Copies of your EZ Pass records from November 1, 2023 to June 30, 2024.

**RESPONSE:**

Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents are attached.

**DEMAND NO. 13:**

Documents pertaining to the transfer of inventory and other materials from the Brooklyn Warehouse and to the New Jersey Warehouse, including any warehouse and/or inventory reports.

**RESPONSE:**

Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents are attached.

**DEMAND NO. 14:**

Documents evidencing the relationship between Luxe Living and ES Signature Event Rent.

**RESPONSE:**

Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly

broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Nevertheless, subject to and without waiving the General Objections set forth above, Defendants are not in possession of any documents responsive to this Demand and Plaintiff may ask this at a deposition in this matter.

**DEMAND NO. 15:**

Luxe Living's bank statements from December 2023 through May 2024.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome. Defendants further object to this Demand to the extent it seeks documents that contain information that is recognized as confidential by law and/or would be deemed an unwarranted invasion of Defendants' privacy.

**DEMAND NO. 16:**

Documents evidencing any misrepresentations made by 1735 Jersey Ave LLC.

**RESPONSE:**

Subject to and without waiving the General Objections set forth above, responsive documents are attached.

**DEMAND NO. 17:**

Emails, text messages and other forms of communication that concern in any way the transfer of inventory, equipment and/or other property from the Brooklyn Warehouse to the New Jesey Warehouse.

**RESPONSE:**

Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the

9

> discovery of admissible evidence. Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents are attached.

**DEMAND NO. 18:**

Documents that pertain in any way to the reason why the New Jersey Warehouse is leased by Luxe Living instead of ES Signature Event Rent.

> **RESPONSE:**
>
> Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Nevertheless, subject to and without waiving the General Objections set forth above, Defendants are not in possession of any documents responsive to this Demand and Plaintiff may ask this at a deposition in this matter.

**DEMAND NO. 19:**

Documents pertaining to communications with customers that received discounts due to the alleged lockout.

> **RESPONSE:**
>
> Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome. Nevertheless, subject to and without waiving the General Objections, Defendants are not in possession of any documents responsive to this Demand and Plaintiff may ask this at a deposition in this matter.

**DEMAND NO. 20:**

Copies of any and all complaints filed against any entity in which Chaim Treitel owned or owns more than a 5% interest during the last seven years.

10

**RESPONSE:**

Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff may ask this at a deposition in this matter.

**DEMAND NO. 21:**

Documents supporting any of the denials to the allegations contained in the complaint.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome. Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents are attached.

**DEMAND NO. 22:**

Documents pertaining to any of the affirmative defenses set forth in the answer.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad, unduly burdensome and premature. Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents are attached.

**DEMAND NO. 23:**

Documents pertaining to any of the counterclaims asserted by Luxe Living.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome. Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents are attached.

**DEMAND NO. 24:**

Documents pertaining to any guilty pleas and/or criminal convictions of Chaim Treitel and/or any other employee, officer or director of Luxe Living and/or its predecessors, including ES Signature.

> **RESPONSE:**
>
> Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Nevertheless, subject to and without waiving the General Objections set forth above, there are no documents in existence that are responsive to this Demand.

**DEMAND NO. 25:**

Documents pertaining to any judgments entered against Luxe Living and/or ES Signature during the last ten years.

> **RESPONSE:**
>
> Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Nevertheless, subject to and without waiving the General Objections set forth above, there are no documents in existence that are responsive to this Demand.

**DEMAND NO. 26:**

Any inventory reports for Luxe Living and/or ES Signature between October 1, 2023 and June 1, 2024.

**RESPONSE:**

Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents are attached.

Dated: New York, New York
December 5, 2025

                                               **TWERSKY PLLC**

By: _____
Aaron Twersky, Esq.
Ilana Neufeld, Esq.
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149
atwersky@twerskylaw.com
ineufeld@twerskylaw.com

*Attorneys for Defendants*
*Luxe Living Design, LLC*
*and Chaim S. Treitel*

13