

January 8, 2026

<u>**Via ECF**</u>

Hon. Justin T. Quinn, U.S.M.J.
District of New Jersey
402 E State Street
Trenton, New Jersey 08609

**Re:**  ***1735 Jersey Ave LLC and PPREF/TP***   ***PPREF/TP North Brunswick Industrial***
      ***North Brunswick Industrial LLC,***   ***LLC, as assignee of 1735 Jersey Ave LLC***
      ***as assignee of 1735 Jersey Ave LLC***   ***v. Luxe Living Design, LLC***
      ***v. Luxe Living Design, LLC et al.***   ***Case No. 3:24-cv-06175***
      ***Case No. 3:24-cv-06168***

Dear Magistrate Judge Quinn,

I am an attorney with the law firm of Twersky PLLC, counsel for Defendants Luxe Living Design, LLC and Chaim Treitel ("Defendants") in the captioned matter.  I respectfully submit this letter pursuant to Your Honor's Text Order dated January 5, 2026 (D.E. 91, 94), as well as in response to Plaintiff PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC's ("Plaintiff") two discovery letters recently filed (D.E. 89-90, 92-93).

Plaintiff's first letter, dated December 18, 2025 (D.E. 89, 92) ("First Letter"), requested "a conference to discuss Defendants . . . ongoing discovery deficiencies and failure to comply with this Court's Orders."  *See* First Letter, D.E. 89, 92, p. 1.  As an initial matter, and as will be shown below, Defendants disagree with Plaintiffs' claim that they have failed to comply with any Court Orders and are not deficient in any of their discovery obligations.

The First Letter goes on to detail Defendants' recent discovery production to Plaintiff, which was done as ordered by the Court.  Specifically, Plaintiff notes that:

> On November 20, 2025, PPREF and Defendants met and conferred, and discussed Defendants' outstanding discovery and the issues outlined in PPREF's November 4 and 5 letters. Defendants informed PPREF that they would be supplementing their discovery responses and producing documents . . . On December 5, 2025, Defendants served their supplemental responses to PPREF's First Request for the Production of Documents and Interrogatories.[1]

*See* First Letter, D.E. 89, 92, p. 2-3.

---

[1]      Defendants requested the December 5, 2025 response date, which was granted by the Court.  *See* Text Order dated November 26, 2025 (D.E. 88, 91).

Hon. Justin T. Quinn, U.S.M.J.
January 8, 2026
Page 2

The First Letter goes on to claim that "Defendants' discovery responses are still deficient," and then lists all the reasons Plaintiff believes this is so. *See* First Letter, D.E. 89, 92, p. 3. However, at this point, after multiple rounds of production of documents and responses to interrogatories, ***Defendants are not deficient in their discovery responses***. Defendants have properly responded or objected to all discovery demands and have given over everything in their possession. Defendants have also answered every interrogatory fully. Plaintiff is simply on a witch-hunt, but Defendants cannot be forced to give over what they do not have.

The First Letter also discusses the scheduling of Defendants' depositions. *See* First Letter, D.E. 89, 92, p. 8. Defendants are happy to schedule all party depositions in this matter globally, including their own, as well as a representative of Plaintiff and Jack and Joseph Saadia, the principals of the prior landlord, 1735 Jersey Ave LLC.

The First Letter ends with Plaintiff's request for a conference, "to address Defendants' obstreperous conduct and willful refusal to comply with this Court's orders and their discovery obligations." *See* First Letter, D.E. 89, 92, p. 8. While Defendants profusely dispute this characterization of them, Defendants did not initially respond to the First Letter, as Defendants thought the Court would schedule a discovery conference where the parties could discuss the First Letter with the Court.

On December 31, 2025, Plaintiff filed its second letter (D.E. 90, 93) ("Second Letter"). In the Second Letter, Plaintiff states that because Defendants did not respond to or oppose its First Letter, "the Court should grant all relief sought therein." *See* Second Letter, D.E. 90, 93, p. 1. However, as explained, Defendants did not believe a response was necessary to the First Letter. Secondly, ***the relief requested in the First Letter was solely for the Court to schedule a discovery conference***, which Defendants welcome. *See* First Letter, D.E. 89, 92, p. 8. Therefore, Defendants were completely caught off guard when the Second Letter requested that,

> Because Defendants have not opposed PPREF's Rule 37.1 letter, PPREF respectfully requests that the Court grant the relief sought therein, including: (1) compelling Defendants to respond to the discovery requests and produce all documents as outlined in the Rule 37.1 letter within seven (7) days; (2) compelling the depositions of Chaim Treitel, Sherzod Turdive, and Luxe Living's 30(b)(6) representative within 30 days from today; (3) granting PPREF leave to file a motion to dismiss the eviction action; (4) granting PPREF leave to file a motion for sanctions against Defendants; and (5) ordering that there be no further discovery (other than the discovery that Defendants are ordered to provide), and scheduling deadlines for the pre-trial order, pre-trial conference, and a trial date.

*See* Second Letter, D.E. 90, 93, p. 2.

As is apparent, ***nowhere in the First Letter was any of this relief requested***, and certainly none of it can be granted by the Court on Plaintiff's say so. In the first instance, Defendants have properly responded or objected to all of Plaintiff's discovery requests, and have produced all documents in their possession. Moreover, Defendants will schedule all depositions, including those of Chaim Treitel, Sherzod Turdiev and Luxe Living's 30(b)(6) representative,

Hon. Justin T. Quinn, U.S.M.J.
January 8, 2026
Page 3

when all parties' depositions are scheduled.  Next, no motion for sanctions against Defendants is warranted, as Defendants have not failed to comply with any Court order, and have in fact responded properly to all discovery requests and produced everything they have.  Lastly, Defendants join in Plaintiff's original request in the First Letter, for the Court to schedule a conference with the parties.

Thank you in advance for Your Honor's consideration.

Respectfully yours,

Aaron Twersky, Esq.