

March 9, 2026

**Via E-Mail**

Hon. Justin T. Quinn, U.S.M.J.
District of New Jersey
402 E State Street
Trenton, New Jersey 08609

        Re:    ***PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC vs. Luxe Living Design, LLC***
                 **Case No.: 3:24-cv-06175-MAS-JTQ**
                 ***1735 Jersey Ave LLC and PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC vs. Luxe Living Design, LLC, et al.***
                 **Case No.: 3:24-cv-06168-MAS-JTQ**

Dear Magistrate Judge Quinn,

      I am an attorney with the law firm of Twersky PLLC, counsel for Defendants Luxe Living Design, LLC and Chaim S. Treitel ("Defendants" or "Tenant") in the captioned matter. Pursuant to Your Honor's Order, dated February 11, 2026 (D.E. 97, 94), on February 24, 2026, Defendants sent Plaintiff 1735 Jersey Ave LLC ("1735 Jersey Ave") a deficiency letter regarding its incomplete discovery production and detailing with specificity the responsive and relevant discovery still missing in its production. A true and correct copy of Defendants' letter is attached as Exhibit A. On March 2, 2026, the parties met and conferred regarding the deficiency letter and on March 5, 2026, Plaintiff 1735 Jersey Ave sent a response letter and its meager "supplemental" production. A true and correct copy of 1735 Jersey Ave's letter is attached as Exhibit B. Despite supplementing its production with an additional twenty-four pages of documents, Plaintiff 1735 Jersey Ave's discovery responses remain ***woefully deficient and inadequate***, and therefore Defendants request a discovery conference.

      In the first instance, 1735 Jersey Ave's letter contains unnecessarily obnoxious and unprofessional missives. Putting the tone aside, 1735 Jersey Ave's discovery responses are still obviously and visibly lacking, and at this juncture Defendants cannot move forward with the depositions of Plaintiff in this action. The deposition of Joseph Saadia, one of the principals of 1735 Jersey Ave, is currently scheduled for tomorrow, March 9, 2026. However, due to 1735 Jersey Ave's lack of appropriate production, this deposition will have to be rescheduled.

      The only supplemental production produced by 1735 Jersey Ave contains twenty-four pages of documents already produced in this action, including a redacted version of a "Roofing

Magistrate Judge Quinn
March 9, 2026
Page 2 of 2

Services Agreement" (which, upon information and belief, is not even the operative roof repair contract), and documents related to the sale of the Property. However, ***whole swaths of appropriately requested and pertinent documents remain missing***. It is as if Plaintiff 1735 Jersey Ave cannot be bothered to adequately review its deficiencies and produce appropriately.

For example, 1735 Jersey Ave has not produced ***any*** documents or communications between 1735 Jersey Ave and Defendants in this case, and instead states, "we are not going to waste our time to reproduce documents that you already produced in this action . . . I am too busy to deal with nonsense of this, or any, type." *See* Exhibit B. While Plaintiff 1735 Jersey Ave is "too busy" to deal with discovery in this matter, that does not excuse its obligation to engage in discovery and properly respond. Communications between and among the parties in this matter are clearly relevant documents and should have been produced.

Additionally, still missing from 1735 Jersey Ave's discovery are internal documents and communications between the principals and employees of 1375 Jersey Ave, further documents and communications relating to the actual replacement of the roof and any documents relating to 1735 Jersey Ave's lock-out of Defendants, including communications and invoices relating to the security guards and locksmiths retained. These are all pertinent documents relating to Defendants' claims and defenses.

Accordingly, Plaintiff 1735 Jersey Ave must be instructed to supplement their responses to Defendants' Document Requests immediately and we request a conference with the Court to review this matter.

Thank you in advance for Your Honor's consideration.

Very truly yours,

*/s/ Aaron Twersky*

Aaron Twersky, Esq.

# **EXHIBIT A**



## TWERSKY PLLC

February 24, 2026

**Via E-Mail**

Jonathan A. Ozarow, Esq.
Clark Guldin
20 Church Street, Suite 15
Montclair, New Jersey 07042

                        Re:      *PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC vs. Luxe Living Design, LLC*
                                  **Case No.: 3:24-cv-06175-MAS-JTQ**
                                    *1735 Jersey Ave LLC and PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC vs. Luxe Living Design, LLC, et al.*
                                    **Case No.: 3:24-cv-06168-MAS-JTQ**

Dear Mr. Ozarow,

      I am an attorney with the law firm of Twersky PLLC, counsel for Defendants Luxe Living Design, LLC and Chaim S. Treitel ("Defendants" or "Tenant") in the captioned matter. We are in receipt of Plaintiff 1735 Jersey Ave LLC's ("1735 Jersey Ave") Responses to Defendants' First Set of Document Requests and Responses to Defendants' First Set of Interrogatories ("Responses"). 1735 Jersey Ave's Responses are woefully deficient and pursuant to the Court's Order, dated February 11, 2026, must be cured immediately.

      First, while 1735 Jersey Ave provided approximately three thousand pages of documents, this production is comprised almost exclusively of emails relating to the negotiation of the lease and revisions of the lease documents, many of which are duplicates. Only approximately twenty pages are invoices or other documents related to repairs to the Roof. This production is obviously lacking. It is evident that more documents exist which 1735 Jersey Ave has not provided and is withholding, because Defendants have provided emails, which 1735 Jersey Ave is a recipient on. Additionally, 1735 Jersey Ave has not produced any documents or communications between 1735 Jersey Ave and Defendants in this case, which we know exist. Accordingly, 1735 Jersey Ave must supplement the responses to Defendants' Document Requests immediately.

      Specifically, 1735 Jersey Ave has ***completely failed*** to respond to many of the Document Requests, and therefore the Responses are wholly deficient and lacking. For instance, Document Request No. 6 requests, "Any and all correspondence, including any electronic correspondence, to and from any of the parties to this action." ***1735 Jersey Ave has failed to produce any correspondences, such as emails, WhatsApp texts, or text messages, between the principals of 1735 Jersey Ave and Chaim Treitel***. The only correspondences that 1735 Jersey Ave has

Jonathan A. Ozarow, Esq.
February 24, 2026
Page 2 of 2

produced are emails between 1735 Jersey Ave's counsel and Defendants' counsel, relating to the drafting of the lease, as well as few emails relating to a potential settlement agreement between the parties. 1735 Jersey Ave also failed to produce documents and communications between its own principals relating to this action. 1735 Jersey Ave knows other responsive documents exist, as its principals are included in many correspondences already produced in this action, and this Request is obviously relevant to this matter. Accordingly, responses to this Request must be supplemented.

Document Request No. 14 requests, "All documents related to the repair of the roof, including any proposals, contracts and other documents related to any proposed or agreed upon contract for the work." 1735 Jersey Ave has produced only approximately 20 documents in response to this Request, consisting of some invoices related to work done on the roof. However, this production is deficient, and 1735 Jersey Ave has not provided any proposals or contracts relating to the roof or work, or any communications, emails, WhatsApp texts or text messages related to the roof. Again, ***this Request goes to the heart of this matter***, and therefore 1735 Jersey Ave must supplement this response immediately.

Document Request No. 15 requests, "All correspondence with any contractor employed by Plaintiff to repair or replace the roof from January 2021 to the present." Like in response to Document Request No. 14, 1735 Jersey Ave has failed to provide ***any correspondences*** with any contractor or anyone hired to repair the roof. Instead, 1735 Jersey Ave objected to this Request, "on the grounds that it calls for the production of documentation known to be in the possession of Defendants" and "on the grounds that it is overbroad, unduly burdensome, and fails to describe with particularity the documentation sought." However, these objections are baseless and the documents responsive to this Request are necessary and must be produced.

Document Request No. 17 requests, "All documents and correspondence related to your lockout of the Defendant in September 2024. Include all contracts with any vendor or service provider to conduct the lockout." 1735 Jersey Ave has failed to provide any documents or correspondences in response to this Request and has instead has made baseless objections. This information is clearly relevant in this case and 1735 Jersey Ave must produce documents responsive to this Request.

Document Request No. 18 requests, "All operating agreements, certificates of formation and other corporate documents of Plaintiff [PPREF/TP North Brunswick Industrial LLC] and of 1735 JERSEY AVENUE PROPERTY LLC." Once again, 1735 Jersey Ave has failed to provide any of these documents and has objected to this Request "on the grounds that it seeks confidential business records, it is overbroad, unduly burdensome, and calls for the production of documentation that is irrelevant and/or not likely to lead to the discovery of relevant information." However, these documents are necessary for Defendants' defense in this action and must be produced. This is particularly relevant given the parties anticipate executing a Confidentiality Agreement.

Jonathan A. Ozarow, Esq.
February 24, 2026
<u>Page 2 of 2</u>

   Lastly, Document Request No. 19 requests, "All correspondence with and documents supplied to PPREF/TP North Brunswick Industrial LLC and JPMorgan Chase Bank, N.A in regard to the instant litigation and in regard to the ownership of the property at 1735 Jersey Ave." None of these documents, which are extremely relevant to this action, were produced. 17375 must supplement its production and produce these documents.

   1735 Jersey Ave must withdraw the baseless objections and respond to Defendants' Document Request properly within thirty days of the date of this letter, or Defendants will be forced to seek the appropriate relief from the Court.

   1735 Jersey Ave must cure the deficiencies outlined above. Please advise of your availability to meet and confer regarding these deficiencies as soon as possible.

               Very truly yours,

               */s/ Aaron Twersky*

               Aaron Twersky, Esq.

# EXHIBIT B



jozarow@clarkguldin.com
*Reply to: MONTCLAIR*
*Direct Dial: (973) 604-3200*

March 5, 2026

**VIA EMAIL ONLY**

Aaron Twersky, Esq.
Twersky PLLC
747 Third Avenue, 32nd Floor
New York, NY 10017

**Re:**   **1735 Jersey Ave LLC and PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC v. Luxe Living Design, LLC and Chaim S. Treitel; Civil Action No. 3:24-cv-06168-MAS-JTQ**

Dear Aaron[1]:

As you know, this firm represents 1735 Jersey Ave LLC in connection with the above-referenced matter. We write further to your letter, dated February 24, 2026, and the parties meet and confer earlier this week. Please note that 1735 Jersey Ave LLC is supplementing its document production with documents bates-stamped 1735JERS003088-003111, attached hereto.

As a threshold matter, we are not going to respond point by point to your letter as it contains nothing more than broad conclusory statements of your belief that documents are relevant. Our subsequent meet-and-confer, when not derailed by your incessant interruption, was similarly non-productive as you remained unable to elucidate a reason as to why you believed broad categories of documents were necessary for a straight-forward contract dispute. At best, it seems that you were just cribbing arguments raised by your adversaries rather than crafting your own approach notwithstanding the vast difference in why certain documents were necessary from your client but not others. For instance, you conceded that you wanted my client's formation documents solely because your client "had to produce them," which is, of course, not a valid reason. My client's formation documents have no bearing on any issues in this case. Comparatively,

---

[1] We are no longer sending any communications with Mr. Frisch in this matter as he has been absent for over one year. If he is still acting as counsel for client, please advise. If not, you should probably him his office removed as attorney of record.

20 Church Street, Suite 15, Montclair, NJ 07042
111 West 33rd St, 4th Floor, New York, NY 10120
T: 973.707.5346  F: 973.707.7631
www.clarkguldin.com

Aaron Twesky, Esq.  March 5, 2026
Page 2

understanding the relationship between Luxe and ES Signature is necessary because, among other things, your client's claim that it remitted additional rent for a Brooklyn warehouse leased by ES Signature due to your client's purported inability to utilize the subject premises.

It is beyond peradventure that the Lease is the operative document in this dispute. The amounts due thereunder are clear and unequivocal as are remedies for any purported default by either party. To the extent your client believes they are entitled to a set-off, any documents evidencing these purported damages would logically be in your client's possession alone. Finally, we are not going to waste our time to reproduce documents that you already produced in this action (including the text messages between our clients that you believe are some sort of silver bullet to your client's obligations to pay rent). Indeed, it is the height of hypocrisy of making a demand that we engage in busy work where, like here, you clearly avoided doing so yourself (i.e. failed to produce any documents between counsel negotiating the Lease). I am too busy to deal with nonsense of this, or any, type.

Very truly yours,

Jonathan A. Ozarow, Esq.

Enclosures

Cc:  R. James Kravitz, Esq. (via email, w/encls.)
     Brittany Barbet, Esq. (via email, w/encls.)
     Meredith E. Millman, Esq. (via email, w/ encls.)