

**Twersky PLLC**

March 20, 2026

**Via ECF**

Hon. Justin T. Quinn, U.S.M.J.
District of New Jersey
402 E State Street
Trenton, New Jersey 08609

> **Re:** ***PPREF/TP North Brunswick Industrial LLC, as assignee
> of 1735 Jersey Ave LLC vs. Luxe Living Design, LLC
> Case No.: 3:24-cv-06175-MAS-JTQ
> 1735 Jersey Ave LLC and PPREF/TP North Brunswick
> Industrial LLC, as assignee of 1735 Jersey Ave LLC vs.
> Luxe Living Design, LLC, et al.
> Case No.: 3:24-cv-06168-MAS-JTQ***

Dear Magistrate Judge Quinn,

I am an attorney with the law firm of Twersky PLLC, counsel for Defendants Luxe Living Design, LLC and Chaim Treitel ("Defendants") in the captioned matter. I respectfully submit this letter pursuant to F.R.C.P. 26(c), to request a protective order in this case. Specifically, Defendants respectfully request that the Court not allow for the disclosure of certain highly sensitive financial material and documents, which Plaintiff PPREF/TP North Brunswick Industrial LLC ("Plaintiff") has requested and claim are necessary, when they are in fact not necessary and have no relevance to this matter.

I have met and conferred with counsel for Plaintiff on numerous occasions, in good faith, most recently by both email and telephone on March 17, 2026, to discuss this matter and to try to resolve this issue without Court intervention, but we were unable to reach an agreement and therefore this letter motion is necessary.

The specific document request at issue is Request No. 6 from Plaintiff's First Request for

Hon. Justin T. Quinn
March 20, 2026
Page 2

the Production of Documents, dated September 22, 2025 which requests the production of "Documents and Communications that support or contradict Your damage claims, including but not limited to back up for those damages, receipts, checks, wire transfer confirmations, invoices, payments, bills, and other documents." Over time, this request has now morphed into a larger demand for Defendants' tax returns, financial statements, profit and loss statements and general ledgers. Defendants have produced documents in response to this request, but at this point respectfully request that the Court issue a protective order, directing that no other such documents need to be given.

In a letter to Defendants dated November 4, 2025, Plaintiff claims these highly sensitive financial documents "are clearly relevant to Defendants' damage claims and must be produced" and that "there is good cause for the production of Luxe Living's financial documents." Plaintiff also cites a case in support, *Thomas & Betts v. Richards Mfg. Co.*, 2010 WL 2400151 (D.N.J June 10, 2010), and stated that there the court "grant[ed] the plaintiff's motion to compel the production of the defendant's financial information because it is relevant to its damages claims." *However, in the case at hand, these documents are not relevant to Defendants' damages claims, and therefore there is no reason for them to be produced*.

Following the telephone conference held on February 11, 2026, the Court entered the following Order:

> **ORDERED** that Defendants shall supplement their prior document productions to include the relevant financial documents, payroll records, profit and loss statements, accounting ledgers, and balance sheets that Plaintiffs requested . . . and it is further

> **ORDERED** that within seven (7) days, the Parties shall meet and confer to discuss what specific tax information and related schedule(s) Plaintiffs seek from Defendants. As set forth during the call, the Court finds this information relevant and proportional to the needs of the case, particularly given Plaintiffs' acknowledgement that any sensitive, irrelevant material may be redacted.

Hon. Justin T. Quinn
March 20, 2026
Page 3

*See* D.E. 94; 97.

The parties did meet and confer as per the Court's Order, on February 17, 2026 and Defendants have supplemented their prior production. Defendants have produced portions of Luxe Living Design, LLC's 2023 and 2024 tax returns (redacted, as the Court allowed), profit and loss statements as well as ample documents supporting their increase in overhead, expenses and payroll ***due to the lockout***. However, certain other documents which Plaintiff is insisting on being produced, are simply not relevant to this matter, ***and have nothing to do with Defendants' damages claims***. Despite Defendants' repeated attempts to explain this to Plaintiff, Plaintiff still insists and claims that Defendants are arguing that due to the water and leak issues with the roof, Defendants suffered a loss of business or income. Therefore, Plaintiff feels they are entitled to demand financial documents which may or may not show that. ***However, that is not Defendants' theory of damages and it never has been***. Therefore, the Court should order that Defendants do not need to produce further documents.

Defendants' counterclaims relate to the state of the leaky roof before, during and after the lease commencement, and 1735 Jersey Ave's ***intentional and fraudulent inducement*** of Defendants to enter the lease, regardless of the condition of the roof, and regardless of the many promises relating to the status of the roof. The primary theory of damages is that if Defendants knew the true condition of the roof, they would not have entered into the lease and instead would have found a different warehouse to lease, in better condition, or at a minimum, should have paid a lesser amount in rent for this property in the true condition it was in. ***This has nothing to do with Defendants' financials or any of its business documents and therefore these documents should not have to be produced***. Plaintiff asking for Defendants' tax and financial documents, is akin to Defendants asking Plaintiff for the same information – ***it makes no sense and is not***

Hon. Justin T. Quinn
March 20, 2026
Page 4

*proper*.  Accordingly, pursuant to F.R.C.P. 26(c), Defendants request that the Court issue a protective order, mandating that further financial documents need not be produced by Defendants.

"The purpose of discovery is to uncover facts about the claims and defenses set forth in the pleadings and thus the boundaries of relevance under [F.R.C.P.] 26 depend on the context of each action."  *In re Gerber Probiotic Sales Practices Litig.*, 306 F.R.D. 527, 528 (D.N.J. 2015).  "However, courts have discretion to determine the scope of discovery."  *Occidental Chemical Corporation v. 21st Century Fox America*, 2023 WL 2300652, at *3 (D.N.J. February 28, 2023); *see also In re Gerber Probiotic Sales Practices Litig.*, *supra*, 306 F.R.D. at 528.  One "method that this Court may undertake in order to limit the scope of discovery is to issue a protective order pursuant to Federal Rule of Civil Procedure 26(c)[,] [u]pon a finding of good cause."  *A & B Ingredients, Inc. v. Hartford Fire Ins. Co.*, 2010 WL 335616, at *4 (D.N.J. Jan. 29, 2010); *see also Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1112, fn. 3 (3d Cir.1986), *cert. denied*, 486 U.S. 976 (1987); *see also Adesanya v. Novartis Pharms. Corp.*, 2015 WL 7574362, at *2 (D.N.J. Nov. 24, 2015) (A "court may issue a protective order to regulate the terms, conditions, time or place of discovery") (internal citations omitted).

Specifically, F.R.C.P. 26(c)(1)(A) states that:

A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (A) forbidding the disclosure or discovery.

*See* F.R.C.P. 26(c)(1)(A).

The objective of Rule 26(c) is "to guard against redundant or disproportionate discovery by giving the court authority to reduce the amount of discovery that may be directed to matters

Hon. Justin T. Quinn
March 20, 2026
Page 5

that are otherwise proper subjects of inquiry." *Notes of Advisory Committee on 1983 amendments*, *Note to Subdivision (b)*; *see also In re EthiCare Advisors, Inc.*, 2020 WL 4670914, at *3 (D.N.J. Aug. 12, 2020). "The party seeking a protective order bears the burden of demonstrating that good cause exists to limit or foreclose discovery." *Graham v. Carino*, 2010 WL 2483294, at * 3 (D.N.J. June 4, 2010). Moreover, "the party asserting that discovery should be prohibited bears the burden of establishing the lack of relevancy or undue burden." *A & B Ingredients, Inc. v. Hartford Fire Ins. Co.*, *supra*, 2010 WL 335616, at *4; *see also Gutierrez v. Johnson & Johnson*, No. 01–5302, 2002 U.S. Dist. LEXIS 15418, at 8, 10 (D.N.J. Aug. 12, 2002).

"The Supreme Court has held that protective orders serve the purpose of safeguarding the privacy expectations of parties and that [a]lthough the Rule contains no specific reference to privacy or to other rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule." *Rojas v. City of New Brunswick*, 2006 WL 8459428, at *2 (D.N.J. 2006) (internal quotations and citations omitted).

"Good cause is established by demonstrating that disclosure will cause a clearly defined and serious injury to the party seeking a protective order." *A & B Ingredients, Inc. v. Hartford Fire Ins. Co.*, *supra*, 2010 WL 335616, at *4; *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786–787 (3d Cir.1994). "When determining whether good cause exists, this Court must undertake a balancing test between 'the requesting party's need for information against the injury that might result if uncontrolled disclosure' is granted." *A & B Ingredients, Inc. v. Hartford Fire Ins. Co.*, *supra*, 2010 WL 335616, at *4, quoting *Pansy v. Borough of Stroudsburg*, *supra*, 23 F.3d at 787.

"Factors to consider include: (i) whether the information is being sought for a legitimate

Hon. Justin T. Quinn
March 20, 2026
Page 6

purpose or for an improper purpose; (ii) whether disclosure will promote fairness and efficiency among litigants; and (iii) whether a party benefitting from the order is a public entity, public official or private litigant and whether the case involves matters of legitimate public interest." *A & B Ingredients, Inc. v. Hartford Fire Ins. Co.*, *supra*, 2010 WL 335616, at *4, *see also Pansy v. Borough of Stroudsburg*, *supra*, 23 F.3d at 787–788 (remanding to assess whether the circumstances justify a confidentiality order prohibiting the disclosure of a settlement agreement to a newspaper company); *see also Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir.1995). Upon good cause shown, the Court may make any order which justice requires to protect the party from annoyance, embarrassment, oppression, or undue burden or expense, ***including that discovery not be had*** or that discovery may be had only upon limited terms, such as by specifying a designated time for the discovery. *See Cipollone v. Liggett Group, Inc.,* 785 F .2d 1108, 1112 (3d Cir. 1986) (emphasis added).

Moreover, "the Third Circuit [has] recognized that public policy favors the non-disclosure of income tax returns because 'Congress has guaranteed that federal income tax returns will be treated as confidential communications between a taxpayer and the government.'" *Anyclo International Inc. v. Yang-Sup Cha, et al.*, at *2 (D.N.J. Sept. 3, 2019), quoting *DeMasi v. Weiss*, *supra*, 669 F.2d at 119, citing 26 U.S.C.A. § 6103; *see also Robinson v. Horizon Blue Cross-Blue Shield of New Jersey*, 2013 WL 6858956, at *3 (D.N.J. Dec. 23, 2013), *aff'd*, 2014 WL 3573339 (D.N.J. July 21, 2014); *see also Cheri et al. v. Linvas Corp. et al.*, 2019 WL 11271377, at *3 (D.N.J. May 31, 2019). Additionally, "Rule 26(c) requires no additional showing of good cause ***unless the party seeking discovery first demonstrates relevance***." *Gregory v. Gregory*, 2016 WL 6122456, at *3 (Oct. 18, 2016) (emphasis added); *see also Bell v. Lockheed Martin Corp.*, 270 F.R.D. 186, 195 (D.N.J. 2010), *aff'd*, 2010 WL 3724271 (D.N.J.

Hon. Justin T. Quinn
March 20, 2026
Page 7

Sept. 15, 2010).

Instead, when determining whether tax returns must be produced, "this Court applies a two-part test to balance the tax payer's privacy expectations and the liberal discovery policy of the Federal Rules of Civil Procedure." *Gregory v. Gregory*, *supra*, 2016 WL 6122456, at \*3; *see also Robinson v. Horizon Blue Cross-Blue Shield of New Jersey*, *supra*, 2013 WL 6858956, at \*3; *see also Farmers & Merchants Nat'l Bank v. San Clemente Fin. Group Sec.*, 174 F.R.D. 572, 585 (D.N.J. 1997). First the Court must determine whether the tax returns are relevant to the matter, and if so, the objecting party can avoid production if it can show the availability of reliable financial information from other sources. *See Gregory v. Gregory*, *supra*, 2016 WL 6122456, at \*3; *see also Robinson v. Horizon Blue Cross-Blue Shield of New Jersey*, *supra*, 2013 WL 6858956, at \*3; *see also Farmers & Merchants Nat'l Bank v. San Clemente Fin. Group Sec.*, *supra*, 174 F.R.D. at 585. "The party seeking the [the production of income tax records] bears the burden of establishing [their] relevance." *EEOC v. Princeton Healthcare Sys.*, 2012 WL 1623870, at \*20-21 (D.N.J. 2012). ***Here, the tax returns and other financial documents bear no relevance to this matter or any claims or defenses, and therefore this should end the inquiry***.

In cases where a party is asserting a claim for lost wages or income, then tax returns and other financial documents may be relevant and ordered to be produced. However, Courts ***routinely deny requests for tax returns in situations such as this one, where loss of wages or income is not being claimed by Defendants***. *See St. Fleur v. City of Linden, New Jersey*, 2017 WL 3448106, at \*4 (D.N.J. Aug 10. 2017) (where the Court denied a request for tax returns, where there no claim for lost wages, and stated that, "[i]n light of the aforementioned public policy and the nature of the claims at issue, the Court denies Defendant's request for want of

Hon. Justin T. Quinn
March 20, 2026
Page 8

relevance and a compelling need for the information").

As explained, there are limits placed on the extent of discovery that may be had in a particular action, and the Federal Rules of Civil Procedure restrict discovery in a particular case to matters that are ***relevant***.  Specifically, tax returns and other sensitive financial documents are to be specially guarded when their disclosure is not relevant to any claims or defenses in the case.  Here, Plaintiff's request for extensive financial documents goes far beyond the scope of permissible discovery needed in this case.  The financial documents that Plaintiff is seeking, are ***completely irrelevant*** to this matter, and do not support Defendants' damages claims.  Plaintiff is simply mistaken and cannot be rewarded for its baseless fishing expedition.  Therefore, Defendants request a protective order pursuant to F.R.C.P. 26(c), mandating that this discovery not be had.  Defendants are entitled to such a protective order, as the requested financial documents are ***irrelevant*** to this matter, and have no bearing on either Plaintiff's claims or Defendants' counterclaims.

Once again, despite what Plaintiff thinks, ***Defendants do not have a claim for loss of income*** and therefore the requested documents are completely irrelevant.  Besides for being irrelevant, there is good cause for a protective issue to be issued, stating that these documents do not need to be produced.  ***However, the loss of income is not Defendants' theory of damages and it never has been***.  Defendants' counterclaims relate to the state of the roof before, during and after the lease commencement, and 1735 Jersey Ave's inducement of Defendants to enter the lease, regardless of the condition of the roof.  The theory of damages is that if Defendants knew the true condition of the roof, they would not have entered into the lease and instead would have found a different warehouse to lease, or should have paid a lesser amount in rent for this property.  Defendants have already produced certain portions of the tax returns and some

Hon. Justin T. Quinn
March 20, 2026
Page 9

financial documents, as well as payroll reports and invoices related to the lockout damages. However, because Defendants' actual claims here *have nothing to do with Defendants' financials or any business documents, no further documents should need to be produced*. Accordingly, pursuant to F.R.C.P. 26(c), Defendants request that the Court issue a protective order, mandating that no further financial documents or tax returns need to be produced.

Because these documents are not relevant to this matter, the inquiry should end there. However, even if they were relevant, if these documents are produced, Defendants will certainly be harmed. The documents show years of Defendants' income, losses, expenses, liabilities and other sensitive financial information, *which have no reason to be publicized or produced to Plaintiff*. Balancing Plaintiff's need for these documents, which is none, against Defendants' injury if the documents are produced, which is great, clearly weighs in favor of a protective order being issued. *See A & B Ingredients, Inc. v. Hartford Fire Ins. Co.*, *supra*, 2010 WL 335616 at *4; *see also Pansy v. Borough of Stroudsburg*, *supra*, 23 F.3d at 786–787. Additionally, *there is no legitimate reason* for Plaintiff to seek or be given these documents, because the production of these documents will not benefit any party and there is no legitimate public interest in this case. *See A & B Ingredients, Inc. v. Hartford Fire Ins. Co.*, *supra*, 2010 WL 335616 at *4; *see also Pansy v. Borough of Stroudsburg*, *supra*, 23 F.3d at 786–787.

Accordingly, because the documents are not relevant at all to this action, Defendants will be injured if the documents are reproduced and there is no legitimate reason for Defendants to produce them, the Court should issue a protective order, forbidding any further disclosure and discovery of these documents, pursuant to F.R.C.P. 26(c)(1)(A).

Hon. Justin T. Quinn
March 20, 2026
Page 10

Thank you in advance for Your Honor's consideration.

Respectfully yours,

Aaron Twersky, Esq.