

Mail: P. O. Box 5231, Princeton, NJ 08543-5231
212 Carnegie Center, Suite 400
Princeton, NJ 08540
Tel (609) 896-3600  Fax (609) 896-1469
www.foxrothschild.com

R. JAMES KRAVITZ
Direct No:  609.895.3316
Email: RKravitz@FoxRothschild.com
Certified by the Supreme Court of New Jersey as a Civil Trial Attorney

March 24, 2026

**_VIA ECF_**
Hon. Justin T. Quinn, U.S.M.J.
United States District Court District of New Jersey
402 E. State Street
Trenton, New Jersey 08609

**Re:    PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC vs. Luxe Living Design, LLC**
**Civil Action No.: 3:24-cv-06175-MAS-JTQ**

**1735 Jersey Ave LLC and PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC vs. Luxe Living Design, LLC, et al.**
**Civil Action No.: 3:24-cv-06168-MAS-JTQ**

Dear Judge Quinn:

We represent Plaintiff PPREF/TP North Brunswick Industrial LLC ("PPREF") in the above referenced matters. We write in opposition to Defendants Luxe Living Design, LLC and Chaim Treitel's ("Defendants") letter motion for a protective order, which seeks an order "directing that no other such [financial] documents need to be given." Because the Court has already ordered Defendants to produce their financial documents, Defendants' disguised untimely motion for reconsideration should be denied. Additionally, PPREF respectfully requests that the Court compel Defendants to produce the unredacted copies of Luxe Living's 2023-2024 Form 1065 and Schedule L.

183579638.1



Hon. Justin T. Quinn, U.S.M.J.
March 24, 2026
Page 2

**1.      The Court Already Ordered Defendants to Produce Their Financial Documents.**

"[T]he party seeking the protective order must show good cause by demonstrating a particular need for protection. ***Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.***" Cipollone v. Liggett Group, Inc., 785 F.2d 1108, 1121 (3d Cir. 1986) (citations omitted) (emphasis added); Cooper Hosp./University Med. Center v. Sullivan, 183 F.R.D. 135, 143 (D.N.J. 1998) ("[A] business will have to show with some specificity that the embarrassment resulting from the dissemination of the information would cause a significant harm to its competitive and financial position.") (citations omitted); Delanoy v. Twp. of Ocean, Civ. No. 13-155 (PGS) (DEA), 2015 WL 3949199, at * 7 (D.N.J. June 29, 2015) ("Further, the injury claimed must be shown with specificity.") (citations omitted).

To determine whether good cause exists, the court may look to a number of factors, such as whether: (1) disclosure will violate privacy interests, (2) the information sought is for a legitimate or improper purpose, (3) disclosure of information will cause embarrassment, (4) confidentiality over public health and safety, (5) sharing information will promote fairness and efficiency, (6) a party benefiting from the order is a public entity or official, and (7) the case involves important issues to the public. See Glenmede Tr. Co. v. Thompson, 56 F.3d 476, 483 (3d Cir. 1995). Here, the factors weigh in PPREF's favor to deny Defendants a protective order.

First, this Court has already determined that Defendants' financial documents are relevant and ordered their production. See ECF Nos. 94 and 97 ("Defendants shall supplement their prior document productions to include the relevant financial documents, payroll records, profit and loss

183579638.1



Hon. Justin T. Quinn, U.S.M.J.
March 24, 2026
Page 3

statements, accounting ledgers, and balance sheets that Plaintiffs requested" and "the Court finds this information relevant and proportional to the needs of the case. . . .").

Second, Defendants' request for a protective order is an improper attempt to relitigate an issue that this Court has already decided. A party may not circumvent a court order through a subsequent motion for a protective order. See Delanoy, 2015 WL 3949199, at * 7 (denying the plaintiff's motion for a protective order because the plaintiff failed to demonstrate good cause, there was a discovery confidentiality order, and the court previously ordered the plaintiff to produce the documents she sought to protect). Instead, Defendants should have timely filed a motion for reconsideration of the Court's February 13, 2026 Order. See Local Civ. R. 7.1(i) (motion for reconsideration must be filed within 14 days of the order).

Third, Defendants have already partially complied with the Court's Order. Defendants produced Luxe Living's 2023-2024 Form 1065, 2023-2024 Schedule L, 2023-2024 Profit and Loss Statement, and payroll records.[1] However, they redacted these financial records such that they cannot be meaningfully analyzed.  The propriety, or lack thereof, of these redactions cannot be adjudicated unless they are submitted to the Court. By way of example, Defendants redacted all information on revenue, which prevents us from determining whether revenue went up or down and whether certain expenses went up because business increased. The Court should compel Defendants to submit to the Court, for *in camera* inspection, unredacted copies of Luxe Living's

---

[1] Defendants have an obligation to supplement their discovery if additional information becomes available. See FRCP 26(e)(1); Younes v. 7-Eleven, Inc., 312 F.R.D. 692, 709-10 (D.N.J. 2015).

183579638.1



Hon. Justin T. Quinn, U.S.M.J.
March 24, 2026
Page 4

2023-2024 Form 1065 and Schedule L, as these documents are essential to PPREF's ability to evaluate the full scope and legitimacy of Defendants' damages claims.

Throughout the litigation, Defendants have argued that they suffered damages arising from the condition of the roof and the alleged lockout, including, *inter alia*, increased expenses, orders issues and lost orders, rent to the Brooklyn Landlord, lost profits, and increased transportation costs. See ECF No. 78 and 81 at p. 3 ("Luxe Living sent another email with a second spreadsheet illustrating damages from the lockout."); ECF Nos. 84 and 87 at p. 4 ("damages that Luxe Living incurred due to the unauthorized lockout. . . ."). Defendants repeatedly and misleadingly claim in their submission (ECF 100, p. 3) that their "primary theory of damages" is that they were mislead as to the true condition of the roof and had they been accurately informed they would have negotiated a lower rental rate.[2] However, they neglect to mention their other theories of damages, such as lost revenue and increased expenses.

On the other side of the scale, any conceivable harm (which there is none because Defendants did not assert any harm) to Defendants from disclosure is fully mitigated by the existing Confidentiality Order (see ECF Nos. 96 and 99) and the Court's permission for Defendants to redact irrelevant material. The balance plainly favors production. See IQVIA, Inc. v. Veeva Systems, Inc., Civ. No. 2:17-cv-00177 (CCC) (MF), 2019 WL 6044885, at * 3 (D.N.J. Nov. 14, 2019) (ordering that the defendant produce its financial information, including revenue,

---

[2] The Lease was "as is where is", with a right to inspect and disclosure of the need to repair the roof on page one of the Lease.

183579638.1



Hon. Justin T. Quinn, U.S.M.J.
March 24, 2026
Page 5

profit, and cost); <u>Thomas & Betts v. Richards Mfg. Co.</u>, Civ. No. 01-4677 (SRC)(MAS), 2010 WL 2400151, at * 4 (D.N.J June 10, 2010) (granting the plaintiff's motion to compel the production of the defendant's financial information related to sales because it was relevant to the defendant's damages claims).

**2.      Defendants' Request for a Protective Order is Untimely and Should be Denied. [3]**

Defendants' request for a protective order should also be denied because it is untimely. The court may consider timeliness as a factor in its decision on a motion for a protective order. <u>See</u> <u>Nestle Foods Corp. v. Aetna Cas. and Sur. Co.</u>, 129 F.R.D. 483, 487 (D.N.J. 1990) (denying the defendant's motion for a protective order because the defendant did not establish good cause and waited over two months after discovery to make the motion).

Defendants were served with PPREF's discovery demands, which sought documents and information concerning Defendants' purported damages, including financial documents, on September 22, 2025. Pursuant to the Court's Text Order (ECF Nos. 86 and 89), on November 4, 2025, PPREF identified all damage documents that Defendants failed to produce. <u>See</u> ECF Nos. 89 and 92 at Exhibits 1-2. Despite Defendants being ordered to provide either the documents or a certification (ECF Nos. 86 and 89), Defendants did not produce their financial documents. On December 18, 2025, PPREF requested a discovery conference to discuss Defendants' discovery

---

[3] Additionally, Defendants' request for a protective order should be denied because Defendants did not "include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." FRCP 26(c)(1).



Hon. Justin T. Quinn, U.S.M.J.
March 24, 2026
Page 6

deficiencies, which included Defendants' failure to produce documents concerning its damages claims. See ECF Nos. 89 and 92. At the February 11, 2026 status conference, the Court ordered Defendants to produce the financial documents. See ECF Nos. 94 and 97.

Despite months of demands made by PPREF, the Court's orders compelling production, Defendants waited until March 20, 2026—over five months after the initial demand and over a month after the Court's most recent order requiring Defendants to produce financial documents— to file the instant letter motion. This delay is highly prejudicial to PPREF, as Defendants are delaying the disposition of this case while they habitually underpay their rent and CAM charges.

Based on the foregoing reasons, PPREF respectfully requests that the Court deny Defendants' request for a protective order and compel Defendants to produce unredacted copies of Luxe Living's 2023-2024 Form 1065 and Schedule L.

Respectfully submitted,

*s/ R. James Kravitz*

R. James Kravitz, Esq.

cc:    All Parties of Record (*via ECF*)

183579638.1