

# CLARK GULDIN
## ATTORNEYS AT LAW

**jozarow@clarkguldin.com**
*Reply to: MONTCLAIR*
*Direct Dial: 973-604-3200*

January 15, 2025

**VIA E-MAIL**

Aaron Twersky, Esq.
Twersky PLLC
747 Third Avenue, 32nd Floor
New York, NY 10017

Avram Frisch, Esq.
Law Office of Avram E. Frisch LLC
1 University Plaza, Suite 119
Hackensack, NJ 07601

**Re:    1735 Jersey Ave LLC v. Luxe Living Design, LLC *et al.*; Civil Action No. 3:24-cv-06168**

Dear Counsel:

This firm represents Plaintiff, 1735 Jersey Ave LLC, in the above-referenced action. Enclosed please find Plaintiff's First Set of Interrogatories and Document Demands to be answered by Defendants, Luxe Living Design, LLC and Chaim S. Treitel, in the time and manner required by applicable Court Rules.

Sincerely,

Jonathan A. Ozarow

Enclosures

20 Church Street, Suite 15, Montclair, NJ 07042
111 West 33rd St, 4th Floor, New York, NY 10120
T: 973.707.5346  F: 973.707.7631
www.clarkguldin.com

**CLARK GULDIN**
Attorneys At Law
20 Church Street – Suite 15
Montclair, New Jersey 07042
(973) 707-5346 (ph)
(973) 707-7631 (fax)
*Attorneys for Plaintiff 1735 Jersey Ave LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **1735 JERSEY AVE LLC,**<br><br>Plaintiff,<br><br>vs.<br><br>**LUXE LIVING DESIGN, LLC and CHAIM S. TREITEL,**<br><br>Defendants. | Civil Action No.: 3:24-cv-06168-MAS-JTQ<br><br>**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS, LUXE LIVING DESIGN LLC AND CHAIM S. TREITEL** |

To:    Aaron Twersky
       Twersky PLLC
       747 Third Avenue, 32nd Floor
       New York, NY 10017
       *Attorneys for Defendants*
       *Luxe Living Design, LLC and Chaim S. Treitel*

       Avram Frisch, Esq.
       Law Office of Avram E. Frisch LLC
       1 University Plaza, Suite 119
       Hackensack, NJ 07601

**PLEASE TAKE NOTICE** that Defendants, Luxe Living Design, LLC ("Luxe") and

Chaim S. Treitel ("Chaim") (collectively, "Defendants"), are hereby requested and required to

furnish certified answers to the following interrogatories in accordance with Fed. R. Civ. P. 33,

and the instructions and definitions that follow.

**CLARK GULDIN**
*Attorneys for Plaintiff*

By:_____
     Jonathan A. Ozarow, Esq.

Dated:  January 15, 2025

## INSTRUCTIONS AND DEFINITIONS

1.    "Luxe," refers to Defendant, Luxe Living Design, LLC, and any of its parent companies, divisions, departments, associations, partnerships, joint ventures, trusts, subsidiaries, affiliates, and any other form of related business or commercial organization or arrangement; its predecessors or successors in interest; and its past, present and future partners, associates, officers, shareholders, directors, principals, employees, representatives, assigns, advisors, attorneys, and agents.

2.    "Chaim" refers to Defendant, Chaim S. Treitel, his agents, representatives, attorneys, accountants, and all other persons or entities acting on his behalf or under his control

3.    "Defendants" collectively, to Luxe and Chaim, as each is defined above.

4.    "Plaintiff," refers to Plaintiff, 1735 Jersey Ave LLC and any of its respective parent companies, divisions, departments, associations, partnerships, joint ventures, trusts, subsidiaries, affiliates, and any other form of related business or commercial organization or arrangement; their respective predecessors or successors in interest; and their respective past, present and future partners, associates, officers, shareholders, directors, principals, employees, representatives, assigns, advisors, attorneys, and agents.

5.    "Cozine" refers to 237 42nd Street Corp. and Cozine Avenue LLC and any of their respective parent companies, divisions, departments, associations, partnerships, joint ventures, trusts, subsidiaries, affiliates, and any other form of related business or commercial organization or arrangement; their respective predecessors or successors in interest; and their respective past, present and future partners, associates, officers, shareholders, directors, principals, employees, representatives, assigns, advisors, attorneys, and agents.   For the avoidance of ambiguity, the term Cozine shall include the Petitioners in the Holdover Proceeding (hereinafter defined).

3

6.    "LMEG" refers to LMEG Wireless LLC and any of its respective parent companies, divisions, departments, associations, partnerships, joint ventures, trusts, subsidiaries, affiliates, and any other form of related business or commercial organization or arrangement; their respective predecessors or successors in interest; and their respective past, present and future partners, associates, officers, shareholders, directors, principals, employees, representatives, assigns, advisors, attorneys, and agents.

7.    "ES Signature" refers to ES Signature Event Rent LLC and any of its respective parent companies, divisions, departments, associations, partnerships, joint ventures, trusts, subsidiaries, affiliates, and any other form of related business or commercial organization or arrangement; their respective predecessors or successors in interest; and their respective past, present and future partners, associates, officers, shareholders, directors, principals, employees, representatives, assigns, advisors, attorneys, and agents.

8.    "Holdover Proceeding" refers to the action styled 237 42nd Street Corp., and Cozine Avenue LLC v. LMEG Wireless LLC, et al., Civil Court of the City of New York, County of Kings, Index No. LT-308636-22/KI.

9.    "Nonpayment Proceeding" refers to action styled LMEG Wireless LLC v. ES Signature Event Rent LLC, Civil Court of the City of New York, County of Kings, Index No. LT-302485-22/KI.

10.    "Brooklyn Supreme Action" refers to the action styled 237 42nd Street Corp., et al. v. LMEG Wireless LLC, Supreme Court of the State of New York, County of Kings, Index No. 518068, and shall expressly include the third-party action.

11.    "Brooklyn Litigations" shall refer, collectively, to the Holdover Proceeding, Nonpayment Proceeding, and Brooklyn Supreme Action, as each is defined above.

12.    "Brooklyn Premises" refers to the building/warehouse located at 303 Louisiana Avenue, Brooklyn New York 11207 a/k/a 1 Wortman Avenue Brooklyn, New York 11207.

13.    "Premises" refers to the approximately one-hundred ninety-five seven hundred eighty-two (195,782) square feet in the warehouse located at 1735 Jersey Avenue, North Brunswick, New Jersey 08902.

14.    "Bond" refers to the bond acquired by Defendants in this action

15.    "Broker" shall refer to LHB Insurance Brokerage, Inc. and any of its respective parent companies, divisions, departments, associations, partnerships, joint ventures, trusts, subsidiaries, affiliates, and any other form of related business or commercial organization or arrangement; their respective predecessors or successors in interest; and their respective past, present and future partners, associates, officers, shareholders, directors, principals, employees, representatives, assigns, advisors, attorneys, and agents.

16.    "Alternative Broker" shall refer to any company other than Broker from whom Luxe sought to obtain any insurance further to the Lease (hereinafter defined) or the Premises.

17.    "Insurance Policies" refers, individually and/or collectively, any insurance procured by Luxe in accordance with article 15 of the Lease (hereinafter defined) and/or otherwise related to the Lease or the Premises.

18.    "Lease" refers to the Warehouse Lease entered into between Luxe and Plaintiff on or about October 23, 2023.

19.    "Guaranty" refers to the limited guaranty executed by Chaim on or about October 24, 2023 in connection with the Lease.

5

20.    "Commencement Date" refers to the date, December 15, 2023..

21.    "Purported Commencement Date" refers to March 15, 2024.

22.    ""Inventory" refers any personal property, trade fixtures, and/or equipment that are located on the Premises.

23.    "Second Security Deposit" refers to Article 6.01(b) of the Lease defined as "an additional sum of Three Hundred Thousand and 0/100 dollars ($300,000) … no later than two (2) months after the Commencement Date.

24.    "Complaint" refers to the Complaint filed by Plaintiff on or about May 15, 2024, in this action.

25.    "Answer" refers to the Answer filed by Defendants on or about July 22, 2024, in this action.

26.    "Plaintiff's Answer" refers to Plaintiff's Answer and Separate Defenses to Counterclaim filed by Plaintiff on or about August 30, 2024 in this action.

27.    "Pleadings" refers, collectively, to the Complaint, Answer, and Plaintiff's Answer.

28.    "Identify" means when used in reference to:

a)    a document, to state separately (i) its description (e.g. letter, report, memorandum, etc.), (ii) its date, (iii) its subject matter, (iv) the identity of each author or signer, (v) its present location and the identity of its custodian;

b)    a natural person or persons, to state separately (i) the full name of each such person, (ii) his or her present, or last known, business address and his or her present, or last known, residential address, and (iii) the employer of the person at the time to which the interrogatory answer is directed and the person's title or position at that time;

c)      an <u>organization or entity</u> other than a natural person (e.g., a company, corporation, firm, association, or partnership), to state separately (i) the full name and type of organization or entity, (ii) the date and state of organization or incorporation, (iii) the address of each of its principal places of business, and (iv) the nature of the business conducted.

d)      an <u>expert witness</u>, to state separately: (i) each such person's occupation and qualifications; (ii) the grounds for each opinion to which each expert witness is expected to testify; (iii) the subject matter on which each expert witness is expected to testify; and (iv) as to each subject matter, state (a) the substance of the facts and opinions to which each expert is expected to testify; and (b) identify each document that has been relied upon by each expert witness in the formulation of his opinion.

e)      surveys, photographs, audiotapes, videotapes or other oral or visual recordings, to state separately: (i) the date, time and place made; (ii) the name and address of the person making same; (iii) the name and address of the person who has custody of same; (iv) whether the recordings have been edited and if so, the name and address of the person who edited them; and (v) exactly what was recorded and the name and address of the person who determined what would be recorded.

f)      statements made by persons or Communications, to state separately:  (i) the date when each such Communication and/or statement was made; (ii) the place where each such Communication and/or statement occurred; (iii) the identity of each and every person making and receiving each such Communication and/or statement; (iv) identify each person present when each such communication and/or statement occurred; and (vi) if oral, set forth the substance of the communication.

29.    "Document" or "documents" shall have the broadest meaning possible under FRCP 34.  Without limitation, this term refers to any papers, writings, and/or electronically stored information including, but not limited to, notes, contracts, memoranda, reports, financial records, computer or other business machine records, communications sent via any electronic means, including but not limited to Internet and extranet compilations or written or graphic material stored in a tangible, electronic, mechanical or electric form, or any representation of any kind, including but not limited to, materials stored on or in computer disks, networks, mainframes, hard drives, CD-ROM, tapes, or other forms of memory as well as back-up and deleted files of any computer storage device or media whether located on or off site, from which the information can be obtained, as well as any draft, non-identical copy, and/or translation of the foregoing, and as well as any metadata that corresponds to the foregoing.  "Document(s)" shall also include, without limitation, the following:

a)    Information that is generated, received, processed, recorded, or accessed by computers and other electronic devices, including but not limited to e-mail;

b)    Internal or external web sites;

c)    Output resulting from the use of any software program; and

d)    All items stored on cache memories, magnetic disks (such as computer hard drives or floppy drives), optical disks (such as DVDs or CDs), magnetic tapes, microfiche, or on any other media for digital data storage or transmittal (e.g., a personal digital assistant such as an iPhone and text messages).

30.    The term "communication" shall mean any written or oral transmission, information or opinion including any utterance, notation or statement of any nature whatsoever,

8

whether orally, face to face or by telephone, mail, e-mail, text message, personal delivery or otherwise, including but not limited to documents and correspondence as defined above.

31.    "Representative" or "representatives" used with reference to a person means (a) any past or present officer, director, partner, member, manager, associate, employee, servant, agent, subsidiary, affiliate, legal counsel or any agent of such persons, and (b) any other persons acting on behalf of, or in concert with, such persons, including, without limitation, agents, auditors, actuaries, and consultants of any type.

32.    The singular shall be deemed to include the plural and vice versa.  The feminine shall be deemed to include the masculine and vice versa.  The word "and" shall be deemed to include the disjunctive "or" and vice versa.

33.    These interrogatories shall be deemed continuing so as to require supplemental answers if Defendants obtain further information between the time the answers are served and the time of trial.

34.    Unless otherwise specified, answers to these interrogatories shall cover the time period of October 2022 to the present.

## **INTERROGATORIES**

1.      Identify all persons and entities who possess knowledge of any facts relating to the above-entitled action and describe in detail the extent and nature of their knowledge.  An address and telephone number shall be provided for each person and entity identified.

2.      Identify those fact witnesses that you intend to call at the time of trial in this matter.

3.      Identify each person whom you expect to call as an expert witness at the trial of this case and state each such person's occupation and qualifications.

4.      State whether you claim that any admissions you claim that have been made with respect to the subject matter of this action and, set forth the date, the substance, and the name of the person by whom made.

5.      Identify any statements obtained or given from any person regarding any fact or issue involved in this action and set forth the date given and the name/address of the person who gave the statement.

6.    Identify all books, documents, or other tangible things upon which you intend to rely in defense of the claims set forth in the Answer.

7.    Identify any and all photographs, audiotapes, videotapes or other oral or visual recordings were taken or made concerning the subject matter of this action with the date, time and place and the name and address of the person who has custody of same.

8.    Identify all communications of any kind, both internal and external, relating directly or indirectly to the Brooklyn Litigations, Premises, Insurance Policies, Lease, Guaranty, Commencement Date, Purported Commencement Date, Inventory, Second Security Deposit and/or any other subject matter of the Pleadings, both oral and written, that occurred by or between Defendants, Defendants' employees, agents and/or representatives and any other person and/or entity.

9.    Identify all communications of any kind, both internal and external, relating directly or indirectly to Brooklyn Litigations, Premises, Insurance Policies, Lease, Guaranty, Commencement Date, Purported Commencement Date, Inventory, Second Security Deposit, and/or any other subject matter of the Pleadings, both oral and written, that occurred by or between you and Plaintiffs

11

10.     Identify any and all contracts and/or other agreements between Defendants and Broker and/or Alternative Broker that relate to the Insurance Policies and, if in writing, attach a full and complete copy hereto.  Annex hereto any and all documents that refer or relate to same.

11.     Identify each and every fact supporting all Affirmative Defenses asserted in the Answer.

12.     Set forth an itemized calculation of Defendants' alleged damages as asserted in the Counterclaim portion of the Answer.  Annex hereto all documents that refer or relate to same..

13.     Identify by name and address the person(s) employed or retained by Luxe that you believe is/are most knowledgeable about the Brooklyn Litigations, Premises, Insurance Policies, Lease, Guaranty, Commencement Date, Purported Commencement Date, Inventory, Second Security Deposit.

14.     State the first date that Luxe moved any inventory into the Premises.

15.     State all facts and circumstances underpinning Luxe's belief that the Lease did not commence until the Purported Commencement Date.

16.     Set forth, with specificity all payments that Defendants contend they made to any person or entity other than Plaintiff due to their purported inability to utilize the Premises between the Commencement Date and the Purported Commencement Date and, for each such payment, identify the company that remitted the payment, the party who received the payment, and the location of any space utilized by Defendants.

17.     Set forth, with specificity, all efforts made by Luxe to obtain rental value insurance as required by Article 15.04 of the Lease, including, but not limited to, all parties from whom Luxe sought rental value insurance.

18.     State all facts and circumstances underpinning Luxe's rationale that it is not required to post the Second Security Deposit.

19.     If Defendants contend that Luxe's refusal to post the Second Security Deposit is not an uncurable default, state all facts and circumstances that underpin this belief.

20.     If Defendants assert that Plaintiff is in default of any Lease provision, identify each such provision and state all facts and circumstances underpinning Defendants' belief.

21.     Do Defendants contend that, as of October 31, 2024 at 5:06 p.m., Defendants maintained all Insurance Policies as required by the Lease?  If you answer in the affirmative, state all facts and circumstances that underpin this belief.  If you answer in the negative, identify any Insurance Policies that were not maintained and set forth, with specificity, the reason that Defendants did not obtain what was set forth in the Lease.

22.     Are there any documents that you know or believe to be in existence, although not in your possession or control, that in any way relate to the subject matter of this litigation?  If so, identify each such document, set forth the source of your information or belief regarding the

14

existence of such document, and identify the person or entity in whose possession or control such document is known or believed to be.

23.     Have Defendants destroyed, discarded, deleted, modified or changed any files or documents, whether in electronic or hard copy, that in any way relate to the subject matter of this lawsuit?  If so, identify each such document specifically and by category, and the date(s) each file or document was destroyed.

## CERTIFICATION

I certify that the foregoing answers to interrogatories are true. I further certify that the documents enclosed herewith are true, accurate, and complete copies. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**LUXE LIVING DESIGN, LLC**

By:_____

Name:_____

Title:_____

Dated: _____, 2025

16

## **CERTIFICATION**

I certify that the foregoing answers to interrogatories are true.  I further certify that the documents enclosed herewith are true, accurate, and complete copies.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

**CHAIM S. TREITEL**

By:_____

Name:_____

Title:_____

Dated:  _____, 2025

17