

# TWERSKY PLLC

April 27, 2026

**Via ECF**

Hon. Justin T. Quinn, U.S.M.J.
District of New Jersey
402 E State Street
Trenton, New Jersey 08609

Re:   *1735 Jersey Ave LLC and PPREF/TP*   *PPREF/TP North Brunswick Industrial*
      *North Brunswick Industrial LLC,*      *LLC, as assignee of 1735 Jersey Ave LLC*
      *as assignee of 1735 Jersey Ave LLC*   *v. Luxe Living Design, LLC*
      *v. Luxe Living Design, LLC et al.*     **Case No. 3:24-cv-06175**
      **Case No. 3:24-cv-06168**

Dear Magistrate Judge Quinn,

   I am an attorney with the law firm of Twersky PLLC, counsel for Defendants Luxe Living Design, LLC and Chaim Treitel ("Defendants") in the captioned matter. I respectfully submit this letter in response to Plaintiff 1735 Jersey Ave LLC's ("1735 Jersey Ave") letter, dated April 22, 2206 (D.E. 106), in which 1735 Jersey Ave requests permission to make a motion pursuant to FRCP 37 against Defendants, for failure to respond to 1735 Jersey Ave's interrogatories.

   In the first instance, 1735 Jersey Ave should not be given permission to make such a motion. Earlier today Defendants provided 1735 Jersey Ave with complete and comprehensive responses to its interrogatories, and therefore any motion would be moot. *See* Exhibit A, Interrogatory Responses. While these responses may have been provided after some delay, this was simply an oversight.

   Secondly, it's important that the Court take note as to what was going on in the matter at the time the demands were initially served and responses were to be due. Via text order dated January 30, 2025, the Court ordered that,

   By February 28, 2025, Defendant shall provide Plaintiff with a statement of damages and provide all supporting documentation for the alleged damages Defendant has sustained. The Parties and trial counsel shall then meet in person endeavoring in good faith to see if they are able to either resolve this case or minimize the issues that remain in dispute. This meeting shall occur by March 20, 2025. By March 27, 2025, the Parties shall file a joint letter advising the Court whether the matter has settled. If the matter has not been resolved, the Parties shall confirm that they discussed the remaining disputed issues and

Hon. Justin T. Quinn, U.S.M.J.
April 27, 2026
Page 2

identify any disputes that still exist.  So Ordered by Magistrate Judge Justin T. Quinn on 1/30/2025.

*See* Text Order, D.E. 57, 61.

Thereafter, Defendants did provide 1735 Jersey Ave with their statement of damages and supporting documents, and the parties and counsel did meet in person for extensive settlement conversations on March 20, 2025.  Before 1735 Jersey Ave responded to Defendants' reasonable settlement proposal, on March 24, 2025, counsel for Plaintiff PPREF/TP North Brunswick Industrial LLC emailed Defendants' counsel and informing Defendants that PPREF/TP North Brunswick Industrial LLC had purchased the property, would be substituting into this litigation and amending the caption. *See* Exhibit B, Email.  This is the reason why Defendants did not initially respond to 1735 Jersey Ave's Interrogatories, and presumably why 1735 Jersey Ave did not respond to Defendants' discovery demands.

Following this, on or about August 28, 2025, the Court entered the Amended Pretrial Scheduling Order.  *See* D.E. 77, 80.  In that Order, the Court gave a new date to respond to "discovery previously exchanged" of September 9, 2025.  *See* D.E. 77, 80. Defendants did produce their responses to 1735 Jersey Ave's document demands on that date, but inadvertently did not include its responses to the interrogatories.  All parties then served supplemental requests by September 23, 2025, which Defendants responded to on October 30, 2025.  *See* D.E. 77, 80.  Defendants also responded to supplemental responses on December 5, 2025.  It therefore cannot be said that Defendants have not responded to discovery in this matter, and no motion should be made.

Moreover, 1735 Jersey Ave's claim that Defendants have had fifteen months to respond is incorrect.  As explained, this Court entered the Amended Pretrial Scheduling Order, giving all parties more time to respond, and 1735 Jersey Ave never brought or raised this issue up until April 22, 2026, by filing this letter, ***during the deposition of Sherzod Turdiev in this matter***.  If the interrogatories were served in January 2025, certainly 1735 Jersey Ave should have inquired regarding them, at minimum, or requested a meet and confer to discuss a response, before April 2026, during a deposition no less.  Waiting until now, after three depositions have already taken place - Plaintiff PPREF/TP North Brunswick Industrial LLC's corporate designee's deposition, and two depositions of Defendants – is more than disingenuous.

Accordingly, for these reasons it is respectfully requested that the Court deny 1735 Jersey Ave's request to make a motion pursuant to FRCP 37 against Defendants.  Thank you in advance for Your Honor's consideration.

Respectfully yours,

Aaron Twersky, Esq.