# EXHIBIT C

Aaron Twersky, Esq.
Ilana Neufeld, Esq.
**Twersky PLLC**
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149
atwersky@twerskylaw.com
ineufeld@twerskylaw.com

-and-

Avram E. Frisch, Esq.
**The Law Office of Avram E. Frisch LLC**
1 University Plaza, Suite 119
Hackensack, New Jersey 07601
(201) 289-5352
frischa@avifrischlaw.com

*Attorney for Defendants/Counterclaim Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

----------------------------------------------------------------------------------x

1735 JERSEY AVE LLC and PPREF/TP NORTH
BRUNSWICK INDUSTRIAL LLC, as assignee of
1735 JERSEY AVE LLC,

                Plaintiffs/Counterclaim Defendants,

        -against-                         Docket No.:
                                             3:24-cv-06168

LUXE LIVING DESIGN, LLC
and CHAIM S. TREITEL,

                Defendants/Counterclaim Plaintiffs.

----------------------------------------------------------------------------------x

**DEFENDANTS' OBJECTIONS & RESPONSES TO**
**PLAINTIFF'S FIRST SET OF DOCUMENT DEMANDS**

Defendants Luxe Living Design, LLC and Chaim S. Treitel ("Defendants"), by and

through their counsel of record, hereby object and respond to Plaintiff 1735 Jersey Ave LLC's

("Plaintiff") First Set of Document Demands, dated January 15, 2025 ("Demands"), as follows:

1

## **GENERAL OBJECTIONS**

The following general responses and objections are incorporated into each specific response made below as if set forth therein:

1.  Defendants' responses to the Demands herein do not constitute an admission that the documents or information disclosed are relevant or admissible in this case, and Defendants expressly reserve all objections they may have as to the admissibility, competency, relevancy, privilege, or propriety of the documents sought in Plaintiff's Demands.

2.  Defendants are conducting a reasonable search for documents and information responsive to Plaintiff's Demands that may be relevant to the issues raised in this lawsuit. Defendants' responses to the Demands herein are based on documents and information presently known to Defendants and their attorneys. Defendants reserve the right to supplement or amend these responses, to make additions, deletions, or substitutions, based on new or additional documents and information, at any time prior to trial.

3.  Defendants' responses to the Demands herein should be read in conjunction with, and shall be deemed supplemented by, responsive information set forth in documents produced by Defendants and deposition testimony given by Defendants' witnesses in this case.

4.  Defendants object to Plaintiff's Demands herein to the extent they demand documents or information that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the deliberative process and self-critical analysis privileges, the law enforcement privilege, and/or any other applicable privilege or protection, and Defendants will not disclose such documents or information. Inadvertent

production of any document or information that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery shall not constitute a waiver of any such privilege or protection, and such document or information shall be returned to the undersigned attorney along with any copies made thereof, immediately upon discovery by either party.

5.     Defendants object to these Demands to the extent they purport to impose requirements that exceed the proper purpose and scope of discovery as set forth in the Federal Rules of Civil Procedure.

6.     Defendants object to these Demands to the extent they are vague, ambiguous, confusing, overly broad, unduly burdensome, unreasonably cumulative or duplicative, argumentative, asserted in bad faith or for an improper purpose, assume facts that are inaccurate or lack foundation in the record, mischaracterize Defendants' position, seek the production of documents or information that are neither relevant to a claim or defense nor reasonably calculated to lead to the discovery of admissible evidence, and/or require Defendants to provide an opinion of law or about the application of law to fact.

7.     Defendants object to each of these Demands on the ground that they do not identify the item or category of items sought with reasonable particularity.

8.     Defendants object to each of these Demands to the extent that they seek documents that are not material and necessary in the prosecution or defense of this action.

9.     Defendants object to each of these Demands to the extent that they are vague, ambiguous and/or unclear.

10.    Defendants object to each of these Demands to the extent that they are overly broad, burdensome or expensive, taking into account the needs of the case, the amount in

3

controversy, limitations on the party's resources and the importance of issues at stake in the litigation.

11.    Defendants object to each of these Demands to the extent that they seek documents that contain information that is recognized as confidential by law and/or would be deemed an unwarranted invasion of Defendants' privacy or the privacy of third parties.

12.    Defendants object to each of these Demands to the extent that they assume facts not yet proven.

13.    These General Objections apply to and form a part of the Response to each and every specific Demand set forth below.  The response to an individual Demand is not a waiver of these General Objections.

### SPECIFIC OBJECTIONS & RESPONSES TO PLAINTIFF'S FIRST SET OF DOCUMENT DEMANDS

Subject to and without waiving any of the foregoing general objections, Defendants object and respond to Plaintiff's First Set of Document Demands as follows:

**DEMAND NO. 1:**

Any and all documents and/or communications that evidence, refer, or relate to the allegations of the Complaint of the Counterclaim portion of the Answer.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome.  Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents will be forthcoming.

**DEMAND NO. 2:**

Any and all documents requested in Plaintiff's interrogatories, or otherwise referred to, referenced by or consulted by Defendants in responding to same.

4

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome.  Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents will be forthcoming.

**DEMAND NO. 3:**

Any and all documents and/or communications that evidence, refer, or relate to the negotiations of the Lease, including any drafts thereof.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad, unduly burdensome, violates the attorney-client privilege and the attorney work-product doctrine, and because Plaintiff is already in possession of these documents.

**DEMAND NO. 4:**

Any and all documents and/or communications that evidence, refer, or relate to the negotiations of the Guaranty, including drafts thereof.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad, unduly burdensome, violates the attorney-client privilege and the attorney work-product doctrine, and because Plaintiff is already in possession of these documents.

**DEMAND NO. 5:**

Any and all documents and/or communications that evidence, refer, or relate to the relationship between either of the Defendants and any of the parties to the Brooklyn Litigations.

**RESPONSE:**

Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**DEMAND NO. 6:**

Any and all documents and/or communications that evidence, refer, or relate to the Commencement Date.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome.  Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents will be forthcoming.

**DEMAND NO. 7:**

Any and all documents and/or communications that evidence, refer, or relate to the Purported Commencement Date.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome.  Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents will be forthcoming.

**DEMAND NO. 8:**

Any and all documents and/or communications that evidence, refer, or relate to the Inventory.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome.  Nevertheless, subject to and without waiving the

6

General Objections set forth above, responsive documents will be forthcoming.

**DEMAND NO. 9:**

Any and all documents and/or communications that evidence, refer, or relate to any purported

damages to the Inventory.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing,

overly broad and unduly burdensome.  Nevertheless, subject to and without waiving the

General Objections set forth above, responsive documents will be forthcoming.

**DEMAND NO. 10:**

Any and all documents and/or communications that evidence, refer, or relate Defendants'

contentions that it could not move into the Premises until the Purported Commencement Date.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing,

overly broad and unduly burdensome.  Nevertheless, subject to and without waiving the

General Objections set forth above, responsive documents will be forthcoming.

**DEMAND NO. 11:**

Any and all documents and/or communications that evidence, refer, or relate to any Inventory

that was in the Premises prior to the Purported Commencement Date.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing,

overly broad and unduly burdensome.  Nevertheless, subject to and without waiving the

General Objections set forth above, responsive documents will be forthcoming.

**DEMAND NO. 12:**

Any and all documents and/or communications that evidence, refer, or relate to the Brooklyn

Litigations.

> **RESPONSE:**
>
> Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly
>
> broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the
>
> discovery of admissible evidence.

**DEMAND NO. 13:**

Any and all documents and/or communications that evidence, refer, or relate the Brooklyn

Premises.

> **RESPONSE:**
>
> Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly
>
> broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the
>
> discovery of admissible evidence.

**DEMAND NO. 14:**

Any and all documents and/or communications that evidence, refer, or relate to any other space

leased, occupied, and/or otherwise utilized by Luxe between the Commencement Date and the

Purported Commencement Date.

> **RESPONSE:**
>
> Defendants object to this Demand to the extent that it is vague, ambiguous, confusing,
>
> overly broad and unduly burdensome.  Nevertheless, subject to and without waiving the
>
> General Objections set forth above, responsive documents will be forthcoming.

**DEMAND NO. 15:**

Any and all documents and/or communications that evidence, refer, or relate any agreement

between Plaintiff, on the one hand, and either of the Defendants, on the other hand, that relate to

the Premises other than the Lease.

> **RESPONSE:**
>
> Defendants object to this Demand to the extent that it is vague, ambiguous, confusing,
>
> overly broad and unduly burdensome.  Nevertheless, subject to and without waiving the
>
> General Objections set forth above, responsive documents will be forthcoming.

**DEMAND NO. 16:**

Any and all documents and/or communications that evidence, refer, or relate to the Insurance

Policies.

> **RESPONSE:**
>
> Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly
>
> broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the
>
> discovery of admissible evidence.

**DEMAND NO. 17:**

Any and all documents and/or communications that evidence, refer, or relate to Defendants'

purported inability to procure insurance set forth in Article 15.04 of the Lease.

> **RESPONSE:**
>
> Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly
>
> broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the
>
> discovery of admissible evidence.

**DEMAND NO. 18:**

Any and all documents and/or communications that evidence, refer, or relate to the Insurance

Policies maintained by either of the Defendants prior to October 31, 2024 at 5:06 pm.

**RESPONSE:**

Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly

broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence.

**DEMAND NO. 19:**

Any and all communications with the Broker and/or Alternative Broker prior to October 31,

2024 at 5:06 pm.

**RESPONSE:**

Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly

broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence.

**DEMAND NO. 20:**

Any and all documents and/or communications that evidence, refer, or relate to the Insurance

Policies maintained by either of the Defendants after October 31, 2024 at 5:06 pm.

**RESPONSE:**

Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly

broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the

discovery of admissible evidence.

**DEMAND NO. 21:**

Any and all communications with the Broker and/or Alternative Broker after October 31, 2024 at

10

5:06 pm.

> **RESPONSE:**
>
> Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**DEMAND NO. 22:**

A copy of Chaim Treitel's email, dated October 31, 2024 sent on or about October 31, 2024 at approximately 5:06 pm with any privileged communications redacted. Information concerning the amount and type of insurance maintained by Defendants should not be redacted as such information is not privileged.

> **RESPONSE:**
>
> Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**DEMAND NO. 23:**

Any and all documents and/or communications that evidence, refer, or relate to the Commencement Date.

> **RESPONSE:**
>
> Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome.  Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents will be forthcoming.

**DEMAND NO. 24:**

Any and all documents and/or communications that evidence, refer, or relate to the Purported

11

Commencement Date.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome.  Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents will be forthcoming.

**DEMAND NO. 25:**

Any and all non-privileged documents and/or communications that constitute, evidence, refer or relate to any efforts to obtain the undertaking filed in this action on or about October 31, 2024, notice of which was electronically filed as Document 37 in this action (hereinafter the "Bond").

**RESPONSE:**

Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**DEMAND NO. 26:**

Any and all documents and/or communications that evidence, refer, or relate to the Bond.

**RESPONSE:**

Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**DEMAND NO. 27:**

Any and all documents and/or communications that constitute, evidence, refer or relate to any discussion between Defendants and Plaintiff in connection with the failure to pay the Second Security Deposit.

12

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome.  Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents will be forthcoming.

**DEMAND NO. 28:**

Any and all documents and/or communications that constitute, evidence, refer or relate to any agreement among Defendants, LMEG, and ES Signature regarding the Brooklyn Litigations.

**RESPONSE:**

Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**DEMAND NO. 29:**

Any and all documents and/or communications that constitute, evidence, refer or relate to any agreement among Defendants, LMEG, and ES Signature regarding the relationships among the parties.

**RESPONSE:**

Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**DEMAND NO. 30:**

Any and all documents (including but not limited to emails and text messages) that constitute, evidence, refer or relate to communications of any kind relating directly or indirectly to the Brooklyn Litigations, Premises, Insurance Policies, Lease, Guaranty, Commencement Date,

13

Purported Commencement Date, Inventory, Second Security Deposit, and/or any other subject matter of the Pleadings, both oral and written, that occurred by or between Defendants, agents and/or representatives.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome. Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents will be forthcoming.

**DEMAND NO. 31:**

Any and all documents (including but not limited to emails and text messages) that constitute, evidence, refer or relate to communications of any kind relating directly or indirectly to the Brooklyn Litigations, Premises, Insurance Policies, Lease, Guaranty, Commencement Date, Purported Commencement Date, Inventory, Second Security Deposit and/or any other subject matter of the Pleadings, both oral and written, that occurred by or between either of the Defendants and Plaintiff.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome. Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents will be forthcoming.

**DEMAND NO. 32:**

Any and all documents (including but not limited to emails and text messages) that constitute, evidence, refer or relate to external communications of any kind relating directly or indirectly to the Brooklyn Litigations, Premises, Insurance Policies, Lease, Guaranty, Commencement Date, Purported Commencement Date, Inventory, Second Security Deposit and/or any other subject

14

matter of the Pleadings, both oral and written, that occurred by or between either of the Defendants and the Broker.

**RESPONSE:**

Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**DEMAND NO. 33:**

Any and all documents (including but not limited to emails and text messages) that constitute, evidence, refer or relate to external communications of any kind relating directly or indirectly to the Brooklyn Litigations, Premises, Insurance Policies, Lease, Guaranty, Commencement Date, Purported Commencement Date, Inventory, Second Security Deposit and/or any other subject matter of the Pleadings, both oral and written, that occurred by or between you and the Alternative Broker.

**RESPONSE:**

Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**DEMAND NO. 34:**

Any and all documents (including but not limited to emails and text messages) that constitute, evidence, refer or relate to external communications of any kind relating directly or indirectly to the Brooklyn Litigations, Premises, Insurance Policies, Lease, Guaranty, Commencement Date, Purported Commencement Date, Inventory, Second Security Deposit, both oral and written, that occurred by or between you and any other person and/or entity.

15

**RESPONSE:**

Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**DEMAND NO. 35:**

Any and all documents (including but not limited to emails and text messages) that constitute, evidence, refer or relate to external communications of any kind relating directly or indirectly to any claims made by Defendants under the Insurance Policies.

**RESPONSE:**

Defendants object to this Demand to the extent it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**DEMAND NO. 36:**

Any and all documents (including but not limited to emails and text messages) that constitute, evidence, refer or relate to external communications of any kind relating directly or indirectly to Defendants' purported damages.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome.  Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents will be forthcoming.

**DEMAND NO. 37:**

Any and all documents supporting the Affirmative Defenses set forth in your Answer.

16

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome.  Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents will be forthcoming.

**DEMAND NO. 38:**

Any and all documents supporting your Counterclaims set forth in your Answer.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome.  Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents will be forthcoming.

**DEMAND NO. 39:**

Any and all documents that constitute, evidence, refer or relate to admissions or alleged admissions, or statements against interest by any party to this action.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad, unduly burdensome and premature.  Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents will be forthcoming.

**DEMAND NO. 40:**

Any and all books, documents, or other tangible items which you intend to rely upon in support of the claims, defenses and/or positions asserted in your Answer.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing,

17

overly broad, unduly burdensome and premature.  Nevertheless, subject to and without

waiving the General Objections set forth above, responsive documents will be

forthcoming.

**DEMAND NO. 41:**

Any and all documents provided to any experts or anticipated expert witnesses in this matter.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing,

overly broad, unduly burdensome and premature.

**DEMAND NO. 42:**

Any and all documents that evidence, refer or relate to reports or written opinions rendered by

any experts or anticipated expert witnesses in this matter.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing,

overly broad, unduly burdensome and premature.

**DEMAND NO. 43:**

Any and all documents that constitute, evidence, refer or relate to statements from any person

regarding any fact or issue involved in this action.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing,

overly broad, unduly burdensome and premature.  Nevertheless, subject to and without

waiving the General Objections set forth above, responsive documents will be

forthcoming.

18

**DEMAND NO. 44:**

Any and all documents that constitute, evidence, refer or relate to any photographs, audiotapes,

videotapes or other oral or visual recordings that were taken or made concerning the subject

matter of this action, including but not limited to any voicemail recordings, photographs,

videotapes or other visual recordings.

    **RESPONSE:**

    Defendants object to this Demand to the extent that it is vague, ambiguous, confusing,

    overly broad and unduly burdensome.  Nevertheless, subject to and without waiving the

    General Objections set forth above, responsive documents will be forthcoming.

**DEMAND NO. 45:**

All documents which Defendants intend to rely upon or use during this litigation for any

purpose.

    **RESPONSE:**

    Defendants object to this Demand to the extent that it is vague, ambiguous, confusing,

    overly broad, unduly burdensome and premature.  Nevertheless, subject to and without

    waiving the General Objections set forth above, responsive documents will be

    forthcoming.

**DEMAND NO. 46:**

All documents relating to witnesses or potential witnesses or persons contacted in connection

with this litigation

    **RESPONSE:**

    Defendants object to this Demand to the extent that it is vague, ambiguous, confusing,

    overly broad, unduly burdensome and premature.  Nevertheless, subject to and without

19

waiving the General Objections set forth above, responsive documents will be

forthcoming.

Dated:  New York, New York
        September 9, 2025

                                          **TWERSKY PLLC**

                              By:    _____
                                     Aaron Twersky, Esq.
                                     Ilana Neufeld, Esq.
                                     747 Third Avenue, 32nd Floor
                                     New York, New York 10017
                                     (212) 425-0149
                                     atwersky@twerskylaw.com
                                     ineufeld@twerskylaw.com

                                     *Attorneys for Defendants*
                                     *Luxe Living Design, LLC*
                                     *and Chaim S. Treitel*

20