# EXHIBIT D

Aaron Twersky, Esq.
Ilana Neufeld, Esq.
**Twersky PLLC**
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149
atwersky@twerskylaw.com
ineufeld@twerskylaw.com

*Attorney for Defendants/Counterclaim Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

-------------------------------------------------------------------------------x

1735 JERSEY AVE LLC and PPREF/TP NORTH
BRUNSWICK INDUSTRIAL LLC, as assignee of
1735 JERSEY AVE LLC,

                              Plaintiffs/Counterclaim Defendants,

                  -against-                                   Docket No.:
                                                              3:24-cv-06168
LUXE LIVING DESIGN, LLC
and CHAIM S. TREITEL,

                              Defendants/Counterclaim Plaintiffs.

-------------------------------------------------------------------------------x

## DEFENDANTS' OBJECTIONS & RESPONSES TO PLAINTIFF
## 1735 JERSEY AVE LLC'S FIRST SET OF INTERROGATORIES

Defendants Luxe Living Design, LLC and Chaim S. Treitel ("Defendants"), by and

through their counsel of record, hereby object and respond to Plaintiff 1735 Jersey Ave LLC's

("Plaintiff") First Set of Interrogatories, dated January 15, 2025 ("Interrogatories"), as follows:

## GENERAL OBJECTIONS

The following general answers and objections are incorporated into each specific answer

made below as if set forth therein:

1.  Defendants' answers to the Interrogatories herein do not constitute an admission that the

    documents or information disclosed are relevant or admissible in this case, and

1

Defendants expressly reserve all objections it may have as to the admissibility, competency, relevancy, privilege, or propriety of the documents or information sought in the Interrogatories.

2.  Defendants are conducting a reasonable search for documents and information responsive to the Interrogatories that may be relevant to the issues raised in this lawsuit.

3.  Defendants' answers and responses to the Interrogatories herein are based on documents and information presently known to Defendants and their attorneys.  Defendants reserve the right to supplement or amend these answers, to make additions, deletions, or substitutions, based on new or additional documents and information, at any time prior to trial.

4.  Defendants' answers to the Interrogatories herein should be read in conjunction with, and shall be deemed supplemented by, responsive information set forth in documents produced by Defendants and deposition testimony given by Defendants' witnesses in this case.

5.  Defendants object to the Interrogatories herein to the extent they request documents or information that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the deliberative process and self-critical analysis privileges, the law enforcement privilege, and/or any other applicable privilege or protection, and Defendants will not disclose such documents or information.  Inadvertent production of any document or information that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery shall not constitute a waiver of any such privilege or protection, and such document or information shall be returned to the undersigned attorney along with any copies made thereof, immediately

2

upon discovery by either party.

6. Defendants object to these Interrogatories to the extent they purport to impose requirements that exceed the proper purpose and scope of discovery as set forth in the Federal Rules of Civil Procedure.

7. Defendants object to these Interrogatories to the extent they are vague, ambiguous, confusing, overly broad, unduly burdensome, unreasonably cumulative or duplicative, argumentative, asserted in bad faith or for an improper purpose, assume facts that are inaccurate or lack foundation in the record, mischaracterize Defendants' position, seek the production of documents or information that are neither relevant to a claim or defense nor reasonably calculated to lead to the discovery of admissible evidence, and/or require Defendants to provide an opinion of law or about the application of law to fact.

8. Defendants object to each of these Interrogatories on the ground that they do not identify the item or category of items sought with reasonable particularity.

9. Defendants object to each of these Interrogatories to the extent that they seek documents that are not material and necessary in the prosecution or defense of this action.

10. Defendants object to each of these Interrogatories to the extent that they are vague, ambiguous and/or unclear.

11. Defendants object to each of these Interrogatories to the extent that they are overly broad, burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the party's resources and the importance of issues at stake in the litigation.

12. Defendants object to each of these Interrogatories to the extent that they seek documents that contain information that is recognized as confidential by law and/or would be

3

deemed an unwarranted invasion of Defendants' privacy or the privacy of third parties.

13. Defendants object to each of these Interrogatories to the extent that they assume facts not yet proven.

14. These General Objections apply to and form a part of the answer to each and every specific Interrogatory set forth below.  The answer or response to an individual Interrogatory is not a waiver of these General Objections.

**SPECIFIC OBJECTIONS & ANSWERS TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Subject to and without waiving any of the foregoing general objections, Defendants object and respond to Plaintiff's First Request Set of Interrogatories as follows:

**INTERROGATORY NO. 1:**

Identify all persons and entities who possess knowledge of any facts relating to the above-entitled action and describe in detail the extent and nature of their knowledge.  An address and telephone number shall be provided for each person and entity identified.

**ANSWER:**

1. Chaim Treitel

   c/o Twersky PLLC

   747 Third Avenue, 32nd Floor

   New York, New York 10017

   212-425-0149

   As a defendant, has information regarding the entire case, the Lease Agreement, the negotiations and the Roof, as well as Plaintiff's breaches of the Lease Agreement.

2. Sherzod Turdiev

   c/o Twersky PLLC

4

747 Third Avenue, 32nd Floor

New York, New York 10017

212-425-0149

As an employee of Luxe Living Design LLC, has information regarding the Property, the Roof, Plaintiff's breaches of the Lease Agreement regarding the Roof and the Lockout.

3.  Jack Sadia

    c/o Clark Guldin Attorneys at Law

    20 Church Street, Suite 15

    Montclair, New Jersey 07042

    973-707-5346

    As a principal of Plaintiff, has information regarding the entire case, the Lease Agreement, the negotiations and the Roof, as well as Plaintiff's breaches of the Lease Agreement.

4.  Joseph Saadia

    c/o Clark Guld in Attorneys at Law

    20 Church Street, Suite 15

    Montclair, New Jersey 07042

    973-707-5346

    As a principal of Plaintiff, has information regarding the entire case, the Lease Agreement, the negotiations and the Roof, as well as Plaintiff's breaches of the Lease Agreement.

5.  Charles Fern

    c/o Cushman & Wakefield

99 South Wood Avenue, 8th Floor

Iselin, New Jersey 08830

732-243-3101

As the broker on this Lease transaction, has information regarding the Lease Agreement, the negotiations and the Roof.

**INTERROGATORY NO. 2:**

Identify those fact witnesses that you intend to call at the time of trial in this matter.

**ANSWER:**

Defendants object to this Interrogatory to the extent that it is premature. Defendants will identify facts witnesses that they intend to call at the time of trial, prior to the time of trial.

**INTERROGATORY NO. 3:**

Identify each person whom you expect to call as an expert witness at the trial of this case and state each such person's occupation and qualifications.

**ANSWER:**

Defendants object to this Interrogatory to the extent that it is premature. Defendants will identify experts that they expect to call as an expert witness at the time of trial, prior to the time of trial.

**INTERROGATORY NO. 4:**

State whether you claim that any admissions you claim that have been made with respect to the subject matter of this action and, set forth the date, the substance, and the name of the person by whom made.

**ANSWER:**

Defendants object to this Interrogatory to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome.  Nevertheless, subject to and without waiving the General Objections set forth above, as explained more fully at Defendant Chaim Treitel's deposition on April 15, 2026 and witness Sherzod Turdiev's deposition on April 22, 2026, Plaintiff Landlord made countless misrepresentation to Defendants and their agents, in many direct communications via text and WhatsApp.  Plaintiff repeatedly misrepresented to Defendants that the roof would be replaced prior to Defendants taking possession of the warehouse, and continued to misrepresent to Defendants that it would be properly repaired and/or replaced while Luxe began to move into the warehouse.

**INTERROGATORY NO. 5:**

Identify any statements obtained or given from any person regarding any fact or issue involved in this action and set forth the date given and the name/address of the person who gave the statement.

**ANSWER:**

Defendants object to this Interrogatory to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome.  Nevertheless, subject to and without waiving the General Objections set forth above, as explained more fully at Defendant Chaim Treitel's deposition on April 15, 2026 and witness Sherzod Turdiev's deposition on April 22, 2026, Plaintiff Landlord made countless misrepresentation to Defendants, in many direct communications via text and WhatsApp.  Plaintiff repeatedly misrepresented to Defendants that the roof would be replaced prior to Defendants taking possession of

7

the warehouse, and continued to misrepresent to Defendants that it would be repaired while Luxe began to move into the warehouse.

**INTERROGATORY NO. 6:**

Identify all books, documents, or other tangible things upon which you intend to rely in defense of the claims set forth in the Answer.

**ANSWER:**

Defendants object to this Interrogatory to the extent that it is vague, ambiguous, confusing, overly broad, unduly burdensome and premature.  Nevertheless, subject to and without waiving the General Objections set forth above, all documents which have been or will be exchanged in discovery in this matter.

**INTERROGATORY NO. 7:**

Identify any and all photographs, audiotapes, videotapes or other oral or visual recordings were taken or made concerning the subject matter of this action with the date, time and place and the name and address of the person who has custody of same.

**ANSWER:**

Defendants object to this Interrogatory to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome.  Nevertheless, subject to and without waiving the General Objections set forth above, all photographs, audiotapes, videotapes or other oral or visual recordings which were taken or made concerning the subject matter of this action have been exchanged in discovery in this matter.

**INTERROGATORY NO. 8:**

Identify all communications of any kind, both internal and external, relating directly or indirectly to the Brooklyn Litigations, Premises, Insurance Policies, Lease, Guaranty, Commencement

Date, Purported Commencement Date, Inventory, Second Security Deposit and/or any other

subject matter of the Pleadings, both oral and written, that occurred by or between Defendants,

Defendants' employees, agents and/or representatives and any other person and/or entity.

**ANSWER:**

Defendants object to this Interrogatory to the extent that it is vague, ambiguous,

confusing, overly broad and unduly burdensome.

**INTERROGATORY NO. 9:**

Identify all communications of any kind, both internal and external, relating directly or indirectly

to Brooklyn Litigations, Premises, Insurance Policies, Lease, Guaranty, Commencement Date,

Purported Commencement Date, Inventory, Second Security Deposit, and/or any other subject

matter of the Pleadings, both oral and written, that occurred by or between you and Plaintiffs.

**ANSWER:**

Defendants object to this Interrogatory to the extent that it is vague, ambiguous,

confusing, overly broad and unduly burdensome.  Nevertheless, subject to and without

waiving the General Objections set forth above, Plaintiff Landlord made countless

misrepresentations to Defendants, in many direct communications via text and

WhatsApp.  Plaintiff repeatedly misrepresented to Defendants that the roof would be

replaced prior to Defendants taking possession of the warehouse, and continued to

misrepresent to Defendants that it would be repaired while Luxe began to move into the

warehouse.

**INTERROGATORY NO. 10:**

Identify any and all contracts and/or other agreements between Defendants and Broker and/or

Alternative Broker that relate to the Insurance Policies and, if in writing, attach a full and

9

complete copy hereto. Annex hereto any and all documents that refer or relate to same.

**ANSWER:**

Defendants object to this Interrogatory to the extent that it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 11:**

Identify each and every fact supporting all Affirmative Defenses asserted in the Answer.

**ANSWER:**

Defendants object to this Interrogatory to the extent that it is vague, ambiguous, confusing, overly broad, unduly burdensome and premature.

**INTERROGATORY NO. 12:**

Set forth an itemized calculation of Defendants' alleged damages as asserted in the Counterclaim portion of the Answer. Annex hereto all documents that refer or relate to same.

**ANSWER:**

Defendants object to this Interrogatory to the extent that it is vague, ambiguous, confusing, overly broad, unduly burdensome.  Moreover, this information has already been produced or identified more fully at Defendant Chaim Treitel's deposition on April 15, 2026 and witness Sherzod Turdiev's deposition on April 22, 2026.

**INTERROGATORY NO. 13:**

Identify by name and address the person(s) employed or retained by Luxe that you believe is/are most knowledgeable about the Brooklyn Litigations, Premises, Insurance Policies, Lease, Guaranty, Commencement Date, Purported Commencement Date, Inventory, Second Security Deposit.

10

**ANSWER:**

Chaim Treitel

c/o Twersky PLLC

747 Third Avenue, 32nd Floor

New York, New York 10017

## INTERROGATORY NO. 14:

State the first date that Luxe moved any inventory into the Premises.

**ANSWER:**

Defendants object to this Interrogatory to the extent that it is vague, ambiguous,

confusing, overly broad, unduly burdensome, irrelevant and not reasonably calculated to

lead to the discovery of admissible evidence.

## INTERROGATORY NO. 15:

State all facts and circumstances underpinning Luxe's belief that the Lease did not commence

until the Purported Commencement Date.

**ANSWER:**

As explained more fully at Defendant Chaim Treitel's deposition on April 15, 2026, the

Lease did not commence until the Purported Commencement Date, if at all (yet to be

determined), as that is the date when Luxe was told affirmatively by Plaintiff 1735 Jersey

Ave LLC that the roof was fully dry and replaced, and that it should start moving into the

full warehouse Property.  Luxe eventually learned that was not true, and the roof was not

replaced and that Joe Saadia, Plaintiff's owner, intentionally lied to induce Luxe to move

in when he knew it was not dry or replaced.

11

**INTERROGATORY NO. 16:**

Set forth, with specificity all payments that Defendants contend they made to any person or

entity other than Plaintiff due to their purported inability to utilize the Premises between the

Commencement Date and the Purported Commencement Date and, for each such payment,

identify the company that remitted the payment, the party who received the payment, and the

location of any space utilized by Defendants.

**ANSWER:**

Defendants object to this Interrogatory to the extent that it is vague, ambiguous,

confusing, overly broad and unduly burdensome.  Nevertheless, subject to and without

waiving the General Objections set forth above, all proof of payments has been produced

in discovery in this matter.

**INTERROGATORY NO. 17:**

Set forth, with specificity, all efforts made by Luxe to obtain rental value insurance as required

by Article 15.04 of the Lease, including, but not limited to, all parties from whom Luxe sought

rental value insurance.

**ANSWER:**

Defendants object to this Interrogatory to the extent that it is vague, ambiguous,

confusing, overly broad, unduly burdensome, irrelevant and not reasonably calculated to

lead to the discovery of admissible evidence.

**INTERROGATORY NO. 18:**

State all facts and circumstances underpinning Luxe's rationale that it is not required to post the

Second Security Deposit.

**ANSWER:**

As explained more fully at Defendant Chaim Treitel's deposition on April 15, 2026, due to Plaintiff 1735 Jersey Ave LLC's intentional misrepresentations and lies relating to the status of the Property's roof, Luxe's full move-in and Commencement Date is disputed. Accordingly, the date to post the Second Security Deposit is also disputed.

**INTERROGATORY NO. 19:**

If Defendants contend that Luxe's refusal to post the Second Security Deposit is not an uncurable default, state all facts and circumstances that underpin this belief.

**ANSWER:**

As explained more fully at Defendant Chaim Treitel's deposition on April 15, 2026, the correct time to post the Second Security Deposit is under dispute and goes to the heart of the claims in this matter.  Once the Court determines that date, Luxe can properly post that deposit payment.

**INTERROGATORY NO. 20:**

If Defendants assert that Plaintiff is in default of any Lease provision, identify each such provision and state all facts and circumstances underpinning Defendants' belief.

**ANSWER:**

Due to the condition of the Roof between August 2023 and January 2025, Plaintiff is in default of sections 2.01 and 11.01 of the Lease.

**INTERROGATORY NO. 21:**

Do Defendants contend that, as of October 31, 2024 at 5:06 p.m., Defendants maintained all Insurance Policies as required by the Lease? If you answer in the affirmative, state all facts and circumstances that underpin this belief. If you answer in the negative, identify any Insurance

13

Policies that were not maintained and set forth, with specificity, the reason that Defendants did not obtain what was set forth in the Lease.

**ANSWER:**

Defendants object to this Interrogatory to the extent that it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**INTERROGATORY NO. 22:**

Are there any documents that you know or believe to be in existence, although not in your possession or control, that in any way relate to the subject matter of this litigation?  If so, identify each such document, set forth the source of your information or belief regarding the existence of such document, and identify the person or entity in whose possession or control such document is known or believed to be.

**ANSWER:**

Yes.  Plaintiff 1735 Jersey Ave LLC is in possession of many documents which relate to the subject matter of this litigation, which have not been produced.  These documents include documents related to the Roof, communications (such as text messages and emails) between Plaintiff's two principals (Jack Saadia and Joseph Saddia), communications (such as text messages and emails between Plaintiff and roofing companies) and other documents.  These documents are essential to the litigation of this matter and have yet to be produced.

**INTERROGATORY NO. 23:**

Have Defendants destroyed, discarded, deleted, modified or changed any files or documents, whether in electronic or hard copy, that in any way relate to the subject matter of this lawsuit? If

so, identify each such document specifically and by category, and the date(s) each file or document was destroyed.

**ANSWER:**

No.

Dated:  New York, New York
April 27, 2026

**TWERSKY PLLC**

By:  _____
Aaron Twersky, Esq.
Ilana Neufeld, Esq.
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149
atwersky@twerskylaw.com
ineufeld@twerskylaw.com

*Attorneys for Defendants*
*Luxe Living Design, LLC*
*and Chaim S. Treitel*

15