

## CLARK GULDIN
### ATTORNEYS AT LAW

jozarow@clarkguldin.com
*Reply to: MONTCLAIR*
*Direct Dial: 973-604-3200*

June 23, 2026

**VIA PACER**

Honorable Justin T. Quinn, U.S.M.J.
United States District Court
 for the District of New Jersey
402 East State Street
Trenton, NJ 08608

> **Re:** *1735 Jersey Ave LLC v. Luxe Living Design, LLC, et al.*
> **Case No. 3:24-cv-06168-MAS-JTQ**
>
> *1735 Jersey Ave LLC v. Luxe Living Design, LLC*
> **Civil Action No. 3:24-cv-06175-MAS-JTQ**

Dear Magistrate Judge Quinn:

This firm represents 1735 Jersey Ave LLC ("Jersey") in the above-referenced actions. We reluctantly write further to Defendants' Letter, dated June 18, 2026. (ECF 114.) Specifically, we write to address Defendants' false statements to this Court regarding a deposition of Joseph Saadia, wherein Defendants advise that Jersey is refusing to produce Mr. Saadia for a deposition.

Due to the myriad disputes that plagued this action, Your Honor ordered the parties to file a letter setting forth deposition dates of all parties in this action. (ECF 94.) On February 27, 2026, the parties filed a letter with the Court providing Your Honor setting forth dates for all depositions. (ECF 97.) Jersey agreed to produce Mr. Saadia for a deposition on March 10, 2026. (Ibid.) The day prior to Mr. Saadia's scheduled deposition, Defendants filed a letter with the Court wherein he unilaterally decided that Mr. Saadia's deposition would be rescheduled on specious grounds.[1] (ECF 98.) Defendants did not advise Jersey that it was cancelling Mr. Saadia's deposition prior to filing its March 9, 2026 letter with the Court.

---

[1] The purported reason provided by Defendants was that document production remained lacking. Defendants unsuccessfully sought a conference to address these purported deficiencies. (ECF 102.) Following this denial, Defendants have not addressed these purported deficiencies with Jersey in any meaningfully way.

Honorable Justin T. Quinn, U.S.M.J.
June 23, 2026
Page 2

The dates for all depositions, including Mr. Saadia's were ordered by the Court. Defendants had no right to deviate from this Court ordered schedule unilaterally and without any advance notice. Both the undersigned and Mr. Saadia were required to expend time and resources to prepare for a deposition and clear their calendars for this deposition only for Defendants to decide at the eleventh-hour to cancel.

As far as the balance of Defendants' application, Jersey objects to any discovery extension. This action has been pending for several years and Defendants have had ample time to obtain whatever discovery it desired. All parties that Defendants subpoenaed have been identified and known for more than one year.[2] Defendants' dithering does not constitute good cause to extend discovery in this action.

Finally, there is an outstanding application by Jersey to conference Defendants' discovery deficiencies, which was filed on May 15, 2026, and opposed on May 20, 2026. (ECF 111 and 112.) Jersey appreciates that Your Honor has already expended significant time on discovery issues in this action and has a busy calendar but did not want this issue to fall by the wayside.

Thank you for your attention to this matter.

Respectfully submitted,

Jonathan A. Ozarow

cc:    Counsel of Record (via PACER)

---

[2] Defendants have not complied with FRCP 45 in connection with its belated subpoenas.

{00135186 - 1}