# EXHIBIT 3

**FOX ROTHSCHILD LLP**
**Formed in the Commonwealth of Pennsylvania**
By:     R. James Kravitz, Esq
          Brittany M. Barbet, Esq.
212 Carnegie Center, Suite 400
Princeton, NJ 08540
Telephone: 609-896-3600
Email: RKravitz@FoxRothschild.com
          BBarbet@FoxRothschild.com
*Attorneys for PPREF/TP North Brunswick Industrial LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| PPREF/TP NORTH BRUNSWICK INDUSTRIAL LLC, as assignee of 1735 JERSEY AVE LLC, <br><br> Plaintiff, <br><br> v. <br><br> LUXE LIVING DESIGN, LLC, <br><br> Defendant. | Civil Action No.: 3:24-cv-06175-MAS-JTQ |
| 1735 JERSEY AVE LLC, and PPREF/TP NORTH BRUNSWICK INDUSTRIAL LLC, as assignee of 1735 JERSEY AVE LLC <br><br> Plaintiffs, <br><br> v. <br><br> LUXE LIVING DESIGN, LLC and CHAIM S. TREITEL, <br><br> Defendants | Civil Action No.: 3:24-cv-06168-MAS-JTQ |

**PLAINTIFF PPREF/TP NORTH BRUNSWICK INDUSTRIAL LLC, AS ASSIGNEE OF 1735 JERSEY AVE LLC'S FED. R. CIV. P. 26(A) INITIAL DISCLOSURES**

Plaintiff PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC ("Plaintiff"), by and through its counsel, Fox Rothschild LLP, submits the following Initial Disclosures pursuant to the Federal Rules of Civil Procedure 26(a).

## PRELIMINARY STATEMENTS

These disclosures are being submitted in good faith and are intended to be complete and accurate to the best of Plaintiff's knowledge at this time. Plaintiff reserves the right to amend these disclosures in the future to identify additional witnesses, documents, and information that may later become known to Plaintiff or may later become relevant to the issues raised in this action. Plaintiff reserves the right to supplement and amend these disclosures as discovery is ongoing.

Plaintiff has not completed its investigation of the facts relating to this action and have not completed discovery or preparation for trial. These disclosures are without prejudice to Plaintiff, and the Plaintiff expressly reserves the right to supplement, clarify, or amend these disclosures should it discover additional information at any time prior to trial. Plaintiff also expressly reserves the right to rely on any facts, documents, or other evidence that may develop or come to Plaintiff's attention subsequent to the filing of these disclosures.

By making these disclosures, Plaintiff does not waive any objections they may assert as to the discoverability, relevance, or admissibility of any documents or tangible things or the testimony, competency, or both of any witnesses. Furthermore, Plaintiff expressly reserves the right to assert any applicable privilege or protection over documents, tangible things, and other materials or proffered testimony or to designate as confidential any information that may constitute trade secrets or proprietary business information.

**INITIAL DISCLOSURES**

**I.      Persons Likely to Possess Discoverable Information – Fed. R. Civ. P. 26(a)(1)(A)(i)**

The following individuals and entities are currently believed to be likely to have discoverable information, including but not limited to Plaintiff's claims, Defendants' defenses, Defendants' material breaches of the lease and guaranty; Defendants failure to pay rent and other charges, that Plaintiff may use to support its claims and/or defenses.

**A.      Plaintiff's Witnesses:**

1.      PPREF/TP North Brunswick Industrial LLC ("PPREF"), as assignee of 1735 Jersey Ave LLC ("1735 Jersey"), and its agents and representatives.

2.      Billy Strassman. Mr. Strassman has knowledge of the amounts owed since the lease was assigned to PPREF, the condition of the property, and Luxe Living Design LLC's ("Luxe") failure to comply with its obligations under the lease.

**B.      1735 Jersey Ave LLC's Witnesses:**

1.      1735 Jersey and its agents and representatives.

2.      Joseph Saadia, Subi Hamra, Sugeidy Paulino. These individuals have knowledge of the amounts owed under the lease prior to the lease being assigned to PPREF. They also have knowledge of the conditions of the leasehold premises, condition of the roof and repairs to the roof, and the purported lockout.

**C.      Luxe Living Design LLC and Chaim S. Treitel's Witnesses:**

1.      Luxe Living Design LLC ("Luxe") and its agents and representatives.

2.  Chaim S. Treitel. Mr. Treitel has knowledge of the conditions of the property, Luxe's failure to comply with obligations under the lease, Mr. Treitel's failure to comply with the guaranty, the alleged lockout, and Luxe's failure to pay rent and other charges.

3.  Sherzod Turdiev. Mr. Turdiev has knowledge of the conditions of the property, Luxe's failure to comply with obligations under the lease, the alleged lockout, and Luxe's failure to pay rent and other charges.

**D.  Non-Parties**

1.  ES Signature Event Rent LLC and its agents and representatives. ES Signature is Luxe's affiliate entity and also owned and/or managed by Mr. Treitel. ES Signature was a subtenant and rented a warehouse located in Brooklyn, NY. Mr. Treitel conducted Luxe's business through ES Signature. ES Signature has knowledge regarding its obligations and breaches of the Brooklyn lease.

2.  LMEG Wireless LLC and its agents and representatives. LMEG was the tenant on the Brooklyn property. LMEG have knowledge of Mr. Treitel's breaches of the Brooklyn lease, the judgment entered against ES Signature, and ES Signature's possession of the Brooklyn property.

3.  42nd Street Corp. & Cozine Ave LLC and their agents and representatives. 42 Street and Cozine are the landlord of the Brooklyn property. This landlord has knowledge of Mr. Treitel's breaches of the Brooklyn lease, the judgment entered against ES Signature, and ES Signature's possession of the Brooklyn property.

4

4.      Luxe's customers that it claims received discounts due to the alleged lockout.

5.      Luxe's bank, which has knowledge of the rent payments it made to the owner of the property where the affiliate operated a warehouse.

**II.      Documents – Fed. R. Civ. P. 26(a)(1)(A)(ii)**

The following is a description of documents, electronically stored information, and tangible things in Plaintiff's possession, custody, or control that may be used to support its claims and defenses:

1.      Assignment and Assumption of Lease, by and between 1735 Jersey and PPREF, dated March 24, 2025;

2.      Warehouse Lease, by and between 1735 Jersey and Luxe, dated October 2023;

3.      Documents regarding rent and CAM charges.

4.      Statements of account and other accounting records regarding Luxe's obligations under the lease

**III.      Computation of Damages – Fed. R. Civ. P. 26(a)(1)(A)(iii)**

Detailed computations of damages have already been provided and which include rent and CAM charges that Defendants have failed to pay, along with attorneys' fees.

**IV.      Insurance Agreements – Fed. R. Civ. P. 26(a)(1)(A)(iv)**

None.

**V.      Experts – Fed. R. Civ. P. 26(a)(2)(A)**

Plaintiff will identify experts, if any, and their reports in accordance with the Amended Pretrial Scheduling Order that the Court is expected to issue in the next several weeks.

Plaintiff reserves the right to amend and supplement its Initial Disclosures as discovery is ongoing.

**FOX ROTHSCHILD LLP**
*Attorneys for PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC*

Dated: August 19, 2025                    By:    *s/ R. James Kravitz*
                                                 R. James Kravitz

## CERTIFICATION OF SERVICE

I hereby affirm that on this 19th day of August 2025, a true and accurate copy of PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC's Rule 26 Initial Disclosures were served via email on all counsel of record.

Dated: August 19, 2025

_s/ R. James Kravitz_
R. James Kravitz