# EXHIBIT 2

Aaron Twersky, Esq.
Ilana Neufeld, Esq.
**Twersky PLLC**
747 Third Avenue, 32nd Floor
New York, New York 10017
(212) 425-0149
atwersky@twerskylaw.com
ineufeld@twerskylaw.com

*Attorney for Defendants/Counterclaim Plaintiffs*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

-------------------------------------------------------------------------------x

1735 JERSEY AVE LLC and PPREF/TP NORTH
BRUNSWICK INDUSTRIAL LLC, as assignee of
1735 JERSEY AVE LLC,

                        Plaintiffs/Counterclaim Defendants,

                -against-                                  Docket No.:
                                                      3:24-cv-06168

LUXE LIVING DESIGN, LLC
and CHAIM S. TREITEL,

                        Defendants/Counterclaim Plaintiffs.

-------------------------------------------------------------------------------x

### DEFENDANTS' OBJECTIONS & RESPONSES TO
### PLAINTIFF'S POST DEPOSITION DOCUMENT DEMANDS

      Defendants Luxe Living Design, LLC and Chaim S. Treitel ("Defendants"), by and

through their counsel of record, hereby object and respond to Plaintiff PPREF/ TP North

Brunswick Industrial LLC ("Plaintiff/ PPREF") Post Deposition Document Demands, dated May

4, 2026 ("Demands"), as follows:

### GENERAL OBJECTIONS

      The following general responses and objections are incorporated into each specific

response made below as if set forth therein:

1.      Defendants' responses to the Demands herein do not constitute an admission that the

1

documents or information disclosed are relevant or admissible in this case, and Defendants expressly reserve all objections they may have as to the admissibility, competency, relevancy, privilege, or propriety of the documents sought in Plaintiff's Demands.

2. Defendants are conducting a reasonable search for documents and information responsive to Plaintiff's Demands that may be relevant to the issues raised in this lawsuit. Defendants' responses to the Demands herein are based on documents and information presently known to Defendants and their attorneys. Defendants reserve the right to supplement or amend these responses, to make additions, deletions, or substitutions, based on new or additional documents and information, at any time prior to trial.

3. Defendants' responses to the Demands herein should be read in conjunction with, and shall be deemed supplemented by, responsive information set forth in documents produced by Defendants and deposition testimony given by Defendants' witnesses in this case.

4. Defendants object to Plaintiff's Demands herein to the extent they demand documents or information that are protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the deliberative process and self-critical analysis privileges, the law enforcement privilege, and/or any other applicable privilege or protection, and Defendants will not disclose such documents or information. Inadvertent production of any document or information that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery shall not constitute a waiver of any such privilege or protection, and such document or information shall be returned to the undersigned attorney along with any copies made thereof, immediately

2

upon discovery by either party.

5. Defendants object to these Demands to the extent they purport to impose requirements that exceed the proper purpose and scope of discovery as set forth in the Federal Rules of Civil Procedure.

6. Defendants object to these Demands to the extent they are vague, ambiguous, confusing, overly broad, unduly burdensome, unreasonably cumulative or duplicative, argumentative, asserted in bad faith or for an improper purpose, assume facts that are inaccurate or lack foundation in the record, mischaracterize Defendants' position, seek the production of documents or information that are neither relevant to a claim or defense nor reasonably calculated to lead to the discovery of admissible evidence, and/or require Defendants to provide an opinion of law or about the application of law to fact.

7. Defendants object to each of these Demands on the ground that they do not identify the item or category of items sought with reasonable particularity.

8. Defendants object to each of these Demands to the extent that they seek documents that are not material and necessary in the prosecution or defense of this action.

9. Defendants object to each of these Demands to the extent that they are vague, ambiguous and/or unclear.

10. Defendants object to each of these Demands to the extent that they are overly broad, burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the party's resources and the importance of issues at stake in the litigation.

11. Defendants object to each of these Demands to the extent that they seek documents that contain information that is recognized as confidential by law and/or would be deemed an

3

unwarranted invasion of Defendants' privacy or the privacy of third parties.

12.     Defendants object to each of these Demands to the extent that they assume facts not yet proven.

13.     These General Objections apply to and form a part of the Response to each and every specific Demand set forth below.  The response to an individual Demand is not a waiver of these General Objections.

**SPECIFIC OBJECTIONS & RESPONSES TO
PLAINTIFF'S POST DEPOSITION DOCUMENT DEMANDS**

Subject to and without waiving any of the foregoing general objections, Defendants object and respond to Plaintiff's Post Deposition Document Demands as follows:

**DEMAND NO. 1:**

All inventory reports from Luxe Living's software inventory programs, including but not limited to Rentopian and Inflatable Office, concerning Luxe Living and ES Signature Event Rent's transfer of inventory and other materials from the Brooklyn Warehouse to the New Jersey Warehouse.  These documents are responsive to PPREF Request Nos. 13, 17, and 26.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome.  Moreover, all inventory reports from Luxe Living's software inventory programs which were in use during the relevant time period have already been produced.

**DEMAND NO. 2:**

All of Luxe Living's bills of lading or other Documents concerning the transportation of Luxe Living's inventory from the Brooklyn Warehouse to the New Jersey Warehouse. These documents are responsive to PPREF Request Nos. 13, 17, and 26.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad and unduly burdensome.  Nevertheless, subject to and without waiving the General Objections set forth above, Defendants are not in possession of any documents responsive to this request.

**DEMAND NO. 3:**

All Documents and Communications concerning the materials and/or inventory that were moved from the Brooklyn Warehouses to the New Jersey Warehouse from December 2023 to June 2024.  These documents are responsive to PPREF Request Nos. 13, 17, and 26.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad, unduly burdensome and may violate the attorney-client privilege and the attorney work-product doctrine.  Moreover, documents responsive to this request have already been produced.

**DEMAND NO. 4:**

All Documents concerning the profit margins on Luxe Living's orders and the profit margins on the orders that Defendants contend were lost from the lock out.  These documents are responsive to PPREF Request No. 7.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and requests confidential and sensitive information which is not relevant to the claims in this matter.  If and when liability is determined,

5

documents such as these may be relevant as to a damages calculation, but without further explanation as to why this is necessary, they will not be produced now.

**DEMAND NO. 5:**

Documents concerning contracts and/or rental agreements between Luxe Living and its Customers that Defendants claim were affected by the lockout, including but not limited to the customers listed in Defendants' spreadsheet.  These documents are responsive to PPREF Request No. 7.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and requests confidential and sensitive information which is not relevant to the claims in this matter.  If and when liability is determined, documents such as these may be relevant as to a damages calculation, but without further explanation as to why this is necessary, they will not be produced now.

**DEMAND NO. 6:**

An unredacted copy of Luxe Living Rental Invoices.

**RESPONSE:**

Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and requests confidential and sensitive information which is not relevant to the claims in this matter.  If and when liability is determined, documents such as these may be relevant as to a damages calculation, but without further explanation as to why this is necessary, they will not be produced now.

6

**DEMAND NO. 7:**

Documents and Communications between Luxe Living and its representatives and Luxe Living's insurance agent concerning the Lease and insurance policies for the New Jersey Warehouse. These documents are responsive to 1735 Jersey Ave's Request Nos. 16, 17, 18, 20, 22, 30, 31, 32, 33, 34, and 35.

> **RESPONSE:**
>
> Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and requests confidential and sensitive information which is not relevant to the claims in this matter. Without further explanation as to why this is necessary, they will not be produced now. Moreover, 1735 Jersey Ave had no right or need to seek this information.

**DEMAND NO. 8:**

All Insurance Policies, Certificates of Insurances, Binders, and Renewals for the New Jersey Warehouse. These documents are responsive to 1735 Jersey Ave's Request Nos. 16, 17, 18, 20, 22, 30, 31, 32, 33, 34, and 35.

> **RESPONSE:**
>
> Defendants object to this Demand to the extent that it is vague, ambiguous, confusing, overly broad, unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence and requests confidential and sensitive information which is not relevant to the claims in this matter. Nevertheless, subject to and without waiving the General Objections set forth above, responsive documents are attached.

**DEMAND NO. 9:**

Chaim Treitel's father's address and contact information.  This should have been provided in the

Defendants' Initial Disclosures and responses to Interrogatories.

    **RESPONSE:**

    Joe Treitel, 143 N Formosa Avenue, Los Angeles, CA 90036

**DEMAND NO. 10:**

All Documents and Communications received in response to Defendants' Subpoenas to Charles

Fern of Cushman & Wakefield, Roofing Team Inc. d/b/a Roofing Repair Team, and Thomas S.

Belardo Roofing LLC.

    **RESPONSE:**

    *See* spreadsheet attached and the link below:

    https://www.dropbox.com/scl/fo/qf66wykdyiiym93fias29/AAVY3I_iQZFSRFVxafkMv

    Uw?rlkey=7k97s30oc0eega1prf9han10l&dl=0

Dated:  New York, New York
       May 21, 2026

                         **TWERSKY PLLC**

By:                           
                         Aaron Twersky, Esq.
                         Ilana Neufeld, Esq.
                         747 Third Avenue, 32nd Floor
                         New York, New York 10017
                         (212) 425-0149
                         atwersky@twerskylaw.com
                         ineufeld@twerskylaw.com

                         *Attorneys for Defendants*
                         *Luxe Living Design, LLC*
                         *and Chaim S. Treitel*