**CLARK GULDIN**
Attorneys At Law
20 Church Street
Montclair, New Jersey 07042
973.707.5346
*Attorneys for Plaintiff*
*1735 Jersey Ave LLC*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| 1735 JERSEY AVE LLC and PPREF/TP NORTH BRUNSWICK INDUSTRIAL LLC as assignee of 1735 JERSEY AVE LLC, <br><br> Plaintiff, <br> v. <br><br> LUXE LIVING DESIGN, LLC and CHAIM TREITEL, <br><br> Defendant. | **HON. MICHAEL A. SHIPP, U.S.D.J.,** **HON. JUSTIN T. QUINN, U.S.M.J.** <br><br> **CIVIL ACTION NO. 3:24-cv-06168 (MAS) (JTQ)** <br><br> **DECLARATION OF JONATHAN A. OZAROW, ESQ.** |

I, Jonathan A. Ozarow, Esq., hereby certify under penalties of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am a member of Clark Guldin Attorneys at Law, attorneys for Plaintiff, 1735 Jersey Ave LLC ("Jersey").  I submit this declaration based upon my personal knowledge and in support of an order on behalf of my firm for leave to withdraw as counsel of record pursuant to Local Civil Rule 102.1.

2.      I am personally and actively involved in the representation of Jersey in the above-caption action and have communicated with a representative of Jersey regarding this action since its commencement and have been principally responsible for doing so.

3.      This action arises out of a dispute originating between Jersey and Defendants concerning a certain lease and guaranty for certain premises located at 1735 Jersey Avenue, North Brunswick, New Jersey (the "Building").

4.      In early 2025, the Building was sold to Plaintiff PPREF/TP North Brunswick Industrial LLC ("PPREF").  As part of this transaction, Jersey assigned its affirmative claims in this action to PPREF, though Jersey remained in this action solely for purposes of defending against Defendants' counterclaims.  (ECF 62.)

5.      As set forth more fully in Jersey's July 27, 2026 letter (the "July 27 Letter"), I am advised that all proceeds from the sale of the Building were used to satisfy outstanding obligations of Jersey to Valley National Bank ("Valley") for which the Building served as security.  (ECF 124.)

6.      While I cannot, for ethical reasons, place the substance of attorney/client communications on the record, I can represent to the Court that it is my understanding that Jersey does not want this firm to represent it in this action for similar reasons set forth in the July 27 Letter.

7.      During that same conversation, I advised Jersey that I would be filing this motion seeking leave of the Court for this firm to withdraw as counsel.

Pursuant to 28 U.S.C. § 1746, I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated:  July 31, 2026                                        _____
                                                                              Jonathan A. Ozarow

-2-