TWERSKY PLLC

August 25, 2026

**<u>Via ECF</u>**

Hon. Justin T. Quinn, U.S.M.J.
District of New Jersey
402 E State Street
Trenton, New Jersey 08609

Re: ***1735 Jersey Ave LLC and PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC v. Luxe Living Design, LLC et al.***
**Case No. 3:24-cv-06168**

***PPREF/TP North Brunswick Industrial LLC, as assignee of 1735 Jersey Ave LLC v. Luxe Living Design, LLC***
**Case No. 3:24-cv-06175**

Dear Magistrate Judge Quinn,

I am an attorney with the law firm of Twersky PLLC, counsel for Defendants Luxe Living Design, LLC and Chaim Treitel ("Defendants") in the captioned matter. Please accept this letter in lieu of a more formal brief, in opposition to Plaintiff/Counter-Claim Defendant 1735 Jersey Avenue LLC's ("1735 Jersey Ave") Motion to Withdraw as Counsel, filed in Case No. 3:24-cv-06168 (D.E. 126) ("Motion"). As will be shown below, the Motion must be denied.

On July 27, 2026, 1735 Jersey Ave filed its letter, objecting to the appointment of a special master in this case (D.E. 124). Specifically, in that letter 1735 Jersey Ave stated that it is insolvent, is unable to pay its ongoing legal expenses and that this Motion would be forthcoming. *See* Letter, D.E. 124. On July 31, 2026, 1735 Jersey Ave filed the Motion, and stated that when 1735 Jersey Ave sold the property located at 1735 Jersey Avenue, New Brunswick, New Jersey ("Property") to Plaintiff PPREF/TP North Brunswick Industrial LLC ("PPREF"), it assigned its affirmative claims to PPREF and that 1735 Jersey Ave is now only present in the action only to defend against Defendants' counter-claims. *See* D.E. 126-1. 1735 Jersey Ave also stated that the Motion was filed, and counsel wishes to withdraw, "for similar reasons set forth in the July 27 Letter (D.E. 124)," therefore implying that another reason for the Motion is because 1735 Jersey Ave is insolvent. *See* D.E. 126-1. However, the Motion must be denied and counsel cannot be allowed to withdraw.

The Motion was brought pursuant to Local Rule 102.1, which states that, "unless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court. *See*

Local Rule 102.1. "Whether to permit an attorney to withdraw is within the discretion of a court." *Mazariegos v. Monmouth Cty. Corr. Inst*., 2017 U.S. Dist. LEXIS 211786, at *5 (D.N.J. Dec. 27, 2017) (internal quotations and citations omitted); *see also Cuadra v. Univision Communs*., *Inc*., 2012 U.S. Dist. LEXIS 48431, at *14 (D.N.J. Apr. 4, 2012).

In deciding whether to allow counsel to withdraw, courts must consider four factors: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Shah v. Am. Airlines, Inc.*, 2021 WL 10717107, at *2 (D.N.J. Dec. 6, 2021), aff'd, 2022 WL 2341580 (D.N.J. June 29, 2022), citing *Rusinow v. Kamara*, 920 F.Supp. 69, 71 (D.N.J. 1996). Further, "other considerations must sometimes take precedence, such as maintaining fairness to litigants and preserving a court's resources and efficiency." *Haines v. Liggett Grp., Inc*., 814 F. Supp. 414, 423 (D.N.J. 1993). As will be shown below, under the four *Shah* factors, the Motion must be denied. Even if that were not the case, the Motion must still be denied and no withdrawal can be allowed, because doing so would be unfair to Defendants and PPREF and it would waste this Court's resources and efficiency. Therefore, withdrawal is not appropriate and the Motion must be denied in its entirety.

It is clear that after analyzing the four *Shah* factors, the Motion must be denied and counsel cannot be allowed to withdraw. The Motion itself does not even specify exactly why counsel is seeking to withdraw, which is the first factor and consideration. Rather, the Motion only alludes to the fact that the reason for the Motion is because 1735 Jersey Ave is insolvent and cannot keep up with its legal fees. ***However, this does not seem credible at all***. 1735 Jersey Ave recently sold the Property to PPREF for approximately ***75 Million Dollars***. While the Motion claims that the proceeds of the sale were used to satisfy obligations to Valley National Bank, this seems incredulous, as the sale price was extremely high. Additionally, it does not seem credible that up until now, 1735 Jersey Ave has been able to keep up with paying its legal fees, but now all of a sudden, at this late stage of litigation, it is unable to due to its insolvency. Therefore, this consideration must weigh in favor of denying the Motion.

Next, the second consideration is the prejudice withdrawal will cause to the other litigants. Here, if the Court allows counsel for 1735 Jersey Ave to withdraw, prejudice will certainly be felt by Defendants and PPREF. This case was brought in May of 2024, by 1735 Jersey Ave and its current counsel. Because this matter has been ongoing for over two years, and 1735 Jersey Ave's current counsel, who is now seeking to withdraw, knows the most about the facts and legal issues present, withdrawal cannot be permitted at this late stage. *See Cuadra v. Univision Communs., Inc., C.A.*, *supra*, 2012 WL 1150833, at *9 (where the court denied a motion to withdraw as counsel, in part because the case was ongoing for three years and the counsel was "uniquely aware of the facts, documents, and legal issues). So too here, counsel for 17375 Jersey Ave knows all of the facts and details of the case and it would be prejudicial to all the parties if 1735 Jersey Ave's counsel is allowed to withdraw now. This factor also weighs in favor of denying the Motion and not allowing counsel to withdraw.

Additionally, under the third and fourth considerations, the Motion must be denied. Allowing counsel to withdraw from this case will both cause harm to the administration of justice and delay resolution of this case. This case has been proceeding for over two years, and there has been significant progress in this case. Much of the discovery and depositions needed have already occurred, with only a few small items still pending before the Court. The next step will be the filing of motions for summary judgment and then proceeding to trial. Granting the Motion and allowing counsel to withdraw at this late stage would significantly delay the resolution of this matter. It would take new counsel significant time to catch up and learn the facts and history of this case. Therefore, because all of the *Shah* factors indicate that counsel should not be allowed to withdraw, this Motion must be denied.

Lastly, the Motion must also be denied because "other considerations must sometimes take precedence, such as maintaining fairness to litigants and preserving a court's resources and efficiency." *Haines v. Liggett Grp., Inc*., *supra* 814 F. Supp. at 423. Here, it would be terribly unfair to Defendants if counsel for 1735 Jersey Ave was allowed to withdraw at this point in the case, as the parties have been litigating for over two years. It would take any new counsel a lot of time to get up to speed on the matter, which would delay the matter. Moreover, because 1735 Jersey Ave is claiming to be insolvent now, it may not even be able to hire new counsel at all, which could indefinitely delay this matter. This would also waste the Court's resources and lacks efficiency. Accordingly, under both *Shah v. Am. Airlines, Inc.* and *Haines v. Liggett Grp., Inc*., withdrawal is not appropriate in this case and 1735 Jersey Ave's Motion must be denied.

Thank you in advance for Your Honor's consideration.

Respectfully yours,

Aaron Twersky, Esq.